Eric Grant (Bar No. 151064)
Attorney at Law
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833
Facsimile: (916) 691-3261
E-Mail: grant@eric-grant.com

James J. Banks (Bar No. 119525)
Banks & Watson
Hall of Justice Building
813 6th Street, Suite 400
Sacramento, California 95814
Telephone: (916) 325-1000
Facsimile: (916) 325-1004
E-Mail: jbanks@bw-firm.com

Counsel for Plaintiff ERIC GRANT

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GRANT, | No. |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K KALAMA, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate; JOHN DOE; and JANE DOE, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff ERIC GRANT ("Plaintiff") hereby alleges as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between a citizen of California (Plaintiff) and citizens of Hawaii (all Defendants).

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

## VENUE

2. Venue lies in this Court pursuant to 28 U.S.C. § 1391(a)(2), as jurisdiction of this action is founded solely on diversity of citizenship and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

3. For purposes of Local Rule 3-120(d), this action arises in Sacramento County and is therefore properly commenced in Sacramento.

## PARTIES

4. Plaintiff Eric Grant is a citizen of California and a resident of Sacramento County.

5. Defendant Kamehameha Schools/Bernice Pauahi Bishop Estate ("KSBE") is a perpetual, charitable trust estate established and existing under Hawaii law and a citizen of Hawaii.

6. Defendants J. Douglas Ing, Nainoa Thompson, Diane J. Plotts, Robert K.U. Kihune, and Corbett A.K. Kalama are the trustees of KSBE ("Trustees") and citizens of Hawaii.

7. Collectively, the Trustees set policy for KSBE and have responsibility for oversight of KSBE. With respect to the matters described herein, the Trustees were at all times acting within the scope of their authority as officers of KSBE and in furtherance of the interests of KSBE. The Trustees are sued only in their capacity as trustees of KSBE.

8. Defendants John Doe and Jane Doe ("the Does") are citizens of Hawaii. Although their true identities are known to Plaintiff, the Does are sued under fictitious names for reasons explained herein.

## GENERAL AVERMENTS

9. Plaintiff, a member of the State Bar of California, represented the Does in a federal civil rights lawsuit against KSBE. That lawsuit, filed in June of 2003 in the United States District Court for the District of Hawaii, was styled *John Doe, a minor, by his mother and next friend, Jane Doe. v. Kamehameha Schools/Bernice Pauahi Bishop Estate, et al.*, No. 1:03-cv-00316-ACK-LEK ("the Underlying Litigation").

10. With the acquiescence of KSBE and of the district court, the Does were designated "John Doe" and "Jane Doe" because the Underlying Litigation was controversial and involved a danger of invasion of privacy, retaliation, and physical or mental harm to the Does.

11. While the Underlying Litigation was pending in the district court, KSBE was represented by California counsel working from California; that counsel alone argued for KSBE at the one and only hearing in the district court, which took place on November 17, 2003.

12. The district court ruled in favor of KSBE and dismissed the Does' action with prejudice. The Does (still represented by Plaintiff) then appealed to United States Court of Appeals for the Ninth Circuit in San Francisco, so that the Underlying Litigation was pending in that court from December 30, 2003 through December 5, 2006. In that appeal, KSBE was again represented by California counsel working from California; that counsel alone argued for KSBE at the en banc oral argument in San Francisco on June 20, 2006.

13. The Ninth Circuit likewise ruled in favor of KSBE and affirmed the district court's dismissal of the Does' action. The Does (still represented by Plaintiff) then filed a petition for certiorari in the Supreme Court of the United States. In that phase of the litigation, KSBE was again represented by California counsel working from California; that counsel was designated "counsel of record" for KSBE on the brief in opposition to the Does' petition.

14. While the Does' petition was under consideration by the Supreme Court, the Does and KSBE engaged in settlement negotiations. These negotiations were conducted in California, including a face-to-face meeting, exclusively by Plaintiff and KSBE's California counsel working from California.

15. On May 11, 2007, the Does and KSBE concluded a written settlement agreement. The agreement was executed by John Doe and Jane Doe and by the Trustees and Chief Executive Officer of KSBE. On a separate page titled "Approval as to Form," Plaintiff and KSBE's California counsel working from California executed a provision that stated: "On behalf of our respective clients, we approve the foregoing Settlement Agreement and General Release as to form."

16. The essence of the settlement was an exchange by which the Does received monetary compensation from KSBE for dismissing their pending petition for certiorari. Consequently, on May 11, 2007, Plaintiff and KSBE's California counsel working from California executed and filed in the Supreme Court an "Agreed Stipulation to Dismiss," pursuant to which the Clerk of the Supreme Court entered an order dismissing the Does' petition.

17. Thereafter, KSBE discharged its financial obligation under the settlement by making payments to Plaintiff at his bank in Sacramento County. The logistics of such payments were co-ordinated by Plaintiff and KSBE's California counsel working from California.

18. The Doe-KSBE settlement agreement contained a confidentiality provision, under which the parties agreed to keep confidential the amount and other terms of the settlement.

19. The Does refused to pay Plaintiff for his representation of them in the Underlying Litigation. Plaintiff accordingly filed a complaint against the Does in this Court. Before any proceedings took place in that action, Plaintiff and the Does settled their dispute, and that action was voluntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).

20. Among other provisions, the settlement agreement between Plaintiff and the Does effected a mutual release of all potential claims arising from Plaintiff's representation of the Does in the Underlying Litigation.

21. That settlement agreement also provided that "venue for any legal proceeding commenced to adjudicate any dispute arising hereunder shall be the United States District Court for the Eastern District of California if that court then has subject matter jurisdiction of the dispute."

22. Finally, that settlement agreement imposed on Plaintiff the obligation to seek a declaratory judgment against John Goemans—a member of the Hawaii Bar and Plaintiff's putative co-counsel for the Does in the Underlying Litigation—regarding Goemans' entitlement (if any) to a portion of the attorney's fees paid by the Does to Plaintiff.

23. Pursuant to that obligation, Plaintiff on September 11, 2007 instituted against John Goemans (who was then, and is now, a citizen and resident of California) an action for declaratory relief in the Superior Court of California, County of Sacramento. That action, styled *Eric Grant v. John Goemans*, No. 07AS04172, remains pending.

24. In the course of his litigation with Goemans, Plaintiff became aware that Goemans was making threats to disclose the amount and other terms of the settlement between the Does and KSBE, in violation both of his duty of confidentiality as the Does' former lawyer and of his independent contractual obligations to the Does. Plaintiff thereafter sought, and on February 5, 2008 obtained, from the Sacramento Superior Court a temporary protective order that enjoined Goemans

4

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

from "[d]isclosing, except as set forth in the written Settlement Agreement, any of the terms of the settlement reached in the Underlying Litigation."

25. Plaintiff served the protective order on Goemans via Goemans' California counsel located in Los Angeles. Plaintiff is informed and believes, and on such basis alleges, that from his office in Los Angeles, such counsel read the text of the order to Goemans over the telephone.

26. On or about February 7, 2008, Goemans spoke by telephone with several representatives of Honolulu newspapers and television stations. In those conversations, he disclosed what he represented to be the amount and other terms of the settlement between the Does and KSBE, in direct violation of the protective order issued by the Sacramento Superior Court. The disclosures were widely reported in the Honolulu media.

27. On March 24, 2008, KSBE and its Trustees through counsel asserted that the disclosures constituted breaches of the Doe-KSBE settlement agreement for which *Plaintiff* (among others) was responsible, and they threatened to sue *Plaintiff* (among others) for damages resulting from those breaches.

28. On that same day, Plaintiff's counsel left a voicemail message for KSBE's Washington, D.C. counsel asking for clarification of KSBE's threatened actions. That message was not returned.

29. On March 25, 2008, Plaintiff personally contacted KSBE's California counsel and requested assurances that KSBE and its Trustees did not truly intend to sue Plaintiff as threatened. Although such counsel acknowledged receiving Plaintiff's request, such counsel has not otherwise responded to Plaintiff.

30. On both March 24 and March 25, 2008, the Does through counsel also threatened to sue Plaintiff, asserting that Plaintiff was responsible in whole or in part for any breaches of the Doe-KSBE settlement agreement resulting from Goemans' disclosures, such that Plaintiff has an obligation under the Grant-Doe settlement agreement or otherwise to defend and/or indemnify the Does against any action brought against them by KSBE or its Trustees, and that Plaintiff is otherwise liable to the Does in contract or in tort.

///

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

**CLAIM FOR RELIEF**

(Declaratory Relief—28 U.S.C. § 2201)

31. Plaintiff incorporates by reference and reavers each averment made in Paragraphs 1-30 above.

32. An actual and substantial controversy exists between Plaintiff on the one hand and KSBE and the Trustees on the other hand as to their respective legal rights and duties. KSBE and the Trustees contend that Plaintiff is liable to them in whole or in part for alleged breaches of the Doe-KSBE settlement agreement by Plaintiff or by other persons. Plaintiff contends that he is *not* liable to KSBE or the Trustees under that agreement or under any other applicable legal principle, whether in contract or in tort or on any other basis whatsoever.

33. An actual and substantial controversy exists between Plaintiff and the Does as to their respective legal rights and duties. The Does contend that Plaintiff is responsible in whole or in part for alleged breaches of the Doe-KSBE settlement agreement and for alleged disclosures of confidential information by Goemans, such that Plaintiff has a duty to defend and/or indemnify the Does against any action brought against them by KSBE or its Trustees and that Plaintiff is otherwise liable to the Does in contract or in tort. Plaintiff contends that, by virtue of the Grant-Doe settlement agreement and other applicable legal principles, he has *no* such duty and that he is *not* liable to the Does in contract or in tort or on any other basis whatsoever.

34. Therefore, declaratory relief under 28 U.S.C. § 2201(a) is appropriate.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

(a) for a declaration that Plaintiff is not liable in any manner to any Defendant in contract or in tort or on any other basis whatsoever—whether for money damages or any other kind of relief—with respect to, pertaining to, or arising from any alleged breach of the Doe-KSBE settlement agreement by any person, or for any alleged disclosures of confidential information by John Goemans, or for any related matter;

(b) for all reasonable costs, expenses, attorneys' fees incurred as a result of this action (from Defendants John Doe and Jane Doe only);

(c) for costs of suit herein; and

(d) for such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial of all issues triable of right by a jury.

Dated: March 28, 2008.

          Respectfully submitted,

          /s/ Eric Grant
          ERIC GRANT

          Counsel for Plaintiff ERIC GRANT