| | |
|---|---|
| 1 | JERRY H. STEIN (State Bar No. 78309)<br>LEVIN & STEIN |
| 2 | 28494 Westinghouse Place, Suite 201<br>Valencia, California 91355 |
| 3 | Telephone: (310) 207-4663<br>Facsimile: (310) 207-2803 |
| 4 | Email: jstein@lscslaw.com |
| 5 | KEN T. KUNIYUKI<br>KUNIYUKI & CHANG |
| 6 | Suite 2660, Pauahi Tower<br>1003 Bishop Street |
| 7 | Honolulu, HI 96813-3429<br>Telephone: (808) 524-4111 |
| 8 | Facsimile: (808) 521-2389<br>Email: ken@law-hawaii.com |
| 9 | |
| 10 | Attorneys for Defendants and Counter-Claimants<br>JOHN DOE and JANE DOE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC GRANT, | ) | CASE NO.:08-00672 FCD-KSM |
| Plaintiff, | ) | **ANSWER TO COMPLAINT FOR DECLARATORY RELIEF** |
| v. | ) | |
| KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K KALAMA, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate; JOHN DOE; and JANE DOE, | ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) | |

JOHN DOE ND JANE DOE (collectively the "Does"), for themselves and themselves alone answer the Complaint for Declaratory Relief (the "Complaint") as follows:

**ANSWER TO FIRST CLAIM FOR RELIEF**

1. The Does admit the allegations of Paragraphs 1 through 19, inclusive of the Complaint.

2. Answering Paragraph 20 of the Complaint, the Does allege that the terms of the written settlement agreement between themselves and Plaintiff Eric Grant ("Grant") is the best evidence of the parties' agreement. Except as alleged herein, the Does deny generally and specifically each and every

1

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

allegation of Paragraph 20 of the Complaint.

  3. The Does admit the allegations of Paragraphs 21 through 27, inclusive of the Complaint.

  4. The Does have no information or belief sufficient to anser the allegation of Paragraph 28 of the Complaint and on that basis deny generally and specifically each and every allegation of Paragraph 28 of the Complaint.

  5. The Does have no information or belief sufficient to anser the allegation of Paragraph 29 of the Complaint and on that basis deny generally and specifically each and every allegation of Paragraph 29 of the Complaint.

  6. The Does admit the allegations of Paragraphs 30 through 34, inclusive of the Complaint.

## AFFIRMATIVE DEFENSES

  7. The Does allege that they are not liable to Defendants KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE (the "Estate") for any disclosures made by John Goemans of the terms of the settlement agreement between the Does and the Estate. The Does allege further that any disclosures made by John Goemans of the terms of the settlement between the Does and the Estate do not constitute a breach of that Agreement. However, regardless of whether there has been an actual breach of the terms of the settlement agreement between the Does and the Estate, based upon the allegations of the Complaint, pursuant to the terms of the settlement agreement between the Does and Grant, Grant has an obligation to pay for the first $100,000 of the defense of the Estate's claims against the Does.

  WHEREFORE, the DOES pray for judgment as follows:

  1. For a Declaration that the Does did not breach the terms of the settlement agreement between the Does and the Estate;

  2. For a Declaration that if the Does did breach the terms of the settlement agreement between the Does and the Estate, Grant has a duty to defend and indemnify the Does if the breach resulted in whole, or in part, from Grant's conduct;

  3. For a Declaration that even if the Does did not breach the terms of the settlement agreement between the Does and the Estate, pursuant to the terms of the settlement agreement between the Does and Grant, Grant has an obligation to pay for the first $100,000 of the defense of the Estate's claims against the

Does.

4. For all reasonable costs, expenses, attorneys' fees incurred as a result of this action (from Grant only);

5. For costs of suit herein; and

6 For such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), the Does hereby demands a jury trial of all issues triable of right by a jury.

DATED: April 1, 2008        LEVIN & STEIN

By: /s/ Jerry H. Stein
    JERRY H. STEIN
    Attorneys for Defendants and Counter-Claimants
    JOHN DOE and JANE DOE