| | |
|---|---|
| 1 | JERRY H. STEIN (State Bar No. 78309)<br>LEVIN & STEIN |
| 2 | 28494 Westinghouse Place, Suite 201<br>Valencia, California 91355 |
| 3 | Telephone: (310) 207-4663<br>Facsimile: (310) 207-2803 |
| 4 | Email: jstein@lscslaw.com |
| 5 | KEN T. KUNIYUKI<br>KUNIYUKI & CHANG |
| 6 | Suite 2660, Pauahi Tower<br>1003 Bishop Street |
| 7 | Honolulu, HI 96813-3429<br>Telephone: (808) 524-4111 |
| 8 | Facsimile: (808) 521-2389<br>Email: ken@law-hawaii.com |

Attorneys for Defendants and Counter-Claimants JOHN DOE and JANE DOE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GRANT,<br><br>　　　　Plaintiff,<br>　　v.<br>KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K KALAMA, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate; JOHN DOE; and JANE DOE,<br><br>　　　　Defendants. | CASE NO.:08-00672 FCD-KSM<br><br>JOHN AND JANE DOE'S CROSS-CLAIM FOR TEMPORARY RESTRAINING ORDER; PRELIMINARY INJUNCTION; AND PERMANENT INJUNCTION; AND FOR DECLARATORY RELIEF; AND COUNTER-CLAIM FOR INDEMNITY<br><br>**DEMAND FOR JURY TRIAL** |
| JOHN DOE; and JANE DOE,<br><br>　　　　Cross and Counter-Claimants<br>　　v.<br>KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K KALAMA, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate; and ERIC GRANT,<br><br>　　　　Cross and Counter-Defendants | |

**JURISDICTION AND VENUE**

1. Pursuant to 28 U.S.C § 1367, this Court has supplemental jurisdiction over John Doe and Jane Doe's(collectively the "Does") cross-claims against Kamehameha Schools/Bernice Pauahi Bishop Estate; J. Douglas Ing, Nainoa Thompson, Diane J. Plotts, Robert K.u. Kihune, and Corbett A.k Kalama, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate cross-claims.

2. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has subject matter jurisdiction over the Does counter-claim against Eric Grant ("Grant') as the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between a citizen of California (Grant ) and citizens of Hawaii (the Does).

3. For the reasons set forth in the Complaint, venue lies in this Court and the action was properly commenced in Sacramento.

**FIRST CLAIM FOR RELIEF**

(Cross-Claim For Injunctive Relief Against Kamehameha Schools/Bernice Pauahi Bishop Estate; J. Douglas Ing, Nainoa Thompson, Diane J. Plotts, Robert K.u. Kihune, and Corbett A.k Kalama, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate)

4. This action is brought by John Doe and Jane Doe who were the plaintiffs+- in certain litigation styled, *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate et al.*, Case No. 03-00316, previously venued in the United States District Court for the District of Hawaii (the "Underlying Litigation"). In the Underlying Litigation the Does sought a declaration from this Court that the Estate's self-described preference for student applicants of native Hawaiian ancestry constituted discrimination on the basis of race in violation of federal civil rights statutes. The litigation was extremely controversial and involved the danger of invasion of privacy, retaliation and physical or mental harm to such a degree that the Federal District Court, the Ninth Circuit Court of Appeal and the United States Supreme Court permitted the Does to litigate their case against the Estate using fictitious names. The controversy and threat to the Does continue and therefore the Does are again denominated in this action by such fictitious names. The Does are, and at all times herein mentioned were, citizens of the State of Hawaii.

5. Cross-Defendants The Estate Of Bernice Pauahi Bishop and the Kamehameha Schools (collectively the "Estate") are, and at all times herein mentioned were, citizens of the State of Hawaii. They were the defendants in the Underlying Litigation.

6. Defendants J. Douglas Ing, Nainoa Thompson, Diane J. Plotts, Robert K.U. Kihune, and Corbett A.K. Kalama are the trustees of the Estate ("Trustees") and citizens of Hawaii. Collectively, the Trustees set policy for the Estate and have responsibility for oversight of the Estate. With respect to the matters described herein, the Trustees were at all times acting within the scope of their authority as officers of the Estate and in furtherance of the interests of the Estate. The Trustees are sued only in their capacity as trustees of the Estate.

7. On or about May 11, 2007, the parties in the Underlying Litigation entered into a written settlement agreement (the "Agreement") pursuant to which the Estate made a substantial monetary payment to the Does in exchange for the Does dismissing the Underlying Litigation. The Agreement between the Does and the Estate contained a confidentiality provision which provided:

> "As part of the consideration for this Settlement Agreement and General Release, no signatory or Bishop Releasee or Doe Releasee (including counsel) will disclose, provide, furnish or deliver, or permit to be disclosed, provided, furnished or delivered,
>
> (a) all or any part of this Settlement Agreement and General Release or any copy hereof or any information relating to the amount or any term or provision hereof, or any communication, negotiation or document relating to any of the foregoing, or
>
> (b) **the true names of, addresses of, or any other information identifying John Doe or Jane Doe or their family (whether individually or collectively)**
>
> to any person or entity, including, but not limited to, any publisher, reporter, or other agent or representative of any newspaper, magazine, journal, periodical, radio, television, or other media, except pursuant to a court order compelling it to do so, when necessary to obtain tax, accounting, legal or other professional advice, when necessary to comply with any applicable state or Federal disclosure or other regulatory requirements, or when necessary to effectuate the purposes and benefits of this Settlement Agreement and General Release. **These confidentiality requirements are a material term of this Settlement Agreement and General Release. In addition to any other rights or remedies, this provision shall be enforceable by injunctive or other equitable relief**. Provided, however, that no signatory shall be liable in money damages for a breach of this provision unless such signatory or their counsel shall have personally made such disclosure; and that such damages shall not, in the event of a breach by counsel, exceed $2,000,000.00 (Two Million Dollars even)." [Emphasis Added]

8.      John Goemans ("Goemans") Goemans is an attorney who once represented the Does in the Underlying Litigation.  On or about February 5, 2008, in an action pending in the California Superior Court for the County of Sacramento entitled "*Eric Grant v. John Goemans et al.*" Case No.: 07AS04172, a Temporary Protective Order was issued by the Court prohibiting Goemans from disclosing any information relating to the settlement between the Does and the Estate.

9.      Despite this Order, Goemans subsequently disclosed the monetary terms of the settlement to the Honolulu Advertiser.  On February 8, 2008, the Honolulu Advertiser printed an article setting forth the monetary terms of the settlement.

10.     The only references to the Does' "counsel" in the Agreement are to Eric Grant.  Thus, in a Declaration attached to the Agreement, Grant states that he is the Does' counsel of record.  In addition, the "Approval as to Form" portion of the Agreement, which is executed by Grant, refers to Grant as "counsel for the Does.."  There is no mention of Goemans in the Agreement and no definition of the term "counsel" that would make the Does liable for any breach of the confidentiality provision by their former counsel Goemans.

11.     As set forth above, because the Underlying Litigation was extremely controversial and involved the danger of invasion of privacy, retaliation and physical or mental harm to the Does, the Courts in the Underlying Litigation permitted the Does to litigate their case against the Estate using fictitious names.  The fact that the monetary terms of the settlement have been disclosed has only heightened the risk to the Does.  There have been 1551 comments posted by readers to the Honolulu Advertiser's February 8, 2008 article disclosing the terms of the settlement case.  Many of the posts are extremely critical of the Does.  Some include threats of violence against the Does.  Examples of the negative comments and threats posted to the Honolulu Advertiser's February 8, 2008 article include:

> "Seriously...Lawyers like Grant should be killed off...what a slime ball he his...and the "John Doe" hiding behind...grrr...makes my non Hawaiian blood boil....greedy SOB's they all are...**If I catch these people alone just for a few minutes ...i guarantee i would break every bone and make this bastards suffer.**..."  [Emphasis Added]

> "I cannot believe that these people have the nerve to go there!!! Kamehameha Schools was formed well before we became a state! So I feel that has nothing to do with the constitution that the United states has forced upon us! Im scared for the boy. **His stupid parents were the**

>       **greedy ones and now the boy will have to pay. Now he is probably
>       going to get beat up. I know people who attend Kamehameha**, who
>       want to kick this boys **** I pray he'll be spared that humiliation. Thanks
>       for listening." [Emphasis Added]

>       "I believe someone should go out there to review the California court
>       records to find out who this John and Jane Doe is. Why hide behind the
>       scenes and be ashamed of what they did to the Hawaiian children that may
>       be stripped of their benefits. They need to stand up and face those that they
>       are robbing.".

12. The Does fear for their safety if their identities are disclosed. If their identities are disclosed they anticipate that they will have to go into hiding in order to avoid undue harassment and potential physical violence.

13. On March 24, 2008, one of the Does' attorneys, Ken T. Kuniyuki, was informed by one of the Estate's attorneys, David Schulmeister ("Schulmeister") of the Cades Schutte law, that: (1) The Estate's position was that Goemans' disclosure of the monetary terms of the settlement constituted a breach of the confidentiality provision in the Agreement between the Does and the Estate; (2) That the Estate would be claiming $2 million in damages as result of this purported breach; (3) That Estate was going to shortly file a breach of contract action against the Does; (4) That upon the filing of its action the Estate was also going to seek a writ of attachment against the Does to secure its damage claim of $2 million; and (5) That because the Estate was seeking a writ of attachment against the Does, it intended to disclose the Does' identities in its Court filings.

14. According to Schulmeister, the $2 million in damages that the Estate would be seeking in its action against the Does was not based upon any actual out of pocket losses incurred by the Estate as a result of Goemans' disclosure of the monetary terms of the settlement, but rather on the Estate's position that it would have settled the case for $2 million less but for the inclusion of the confidentiality provision.

15. Unless enjoined and restrained by order of this Court, the Estate's disclosure of the Does' identities will cause the Does great and irreparable injury to their reputation in the community, as well as exposing them to irreparable harm and potential great physical and mental danger.

16. The Does have no adequate remedy at law for the injuries currently and prospectively suffered. In view of Goemans' disclosure of material terms of the Agreement, the potential harm to the

5
JOHN AND JANE DOE'S CROSS AND COUNTER-CLAIM

Does' well being in the event of disclosures of their identities has been greatly increased.

## SECOND CLAIM FOR RELIEF

(Cross-Claim for Declaratory Judgment Against Kamehameha Schools/Bernice Pauahi Bishop Estate; J. Douglas Ing, Nainoa Thompson, Diane J. Plotts, Robert K.u. Kihune, and Corbett A.k Kalama, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate )

17. The Does repeat and incorporate by this reference as though set forth at length herein each of the averments contained in paragraphs 1 through 16, inclusive.

18. An actual controversy now exists between the Does and the Estate in that the Estate claims that Goemans' disclosure of the monetary terms of the settlement constituted a breach of the confidentiality provision in the Agreement between the Does and the Estate, while the Does claim that they are not responsible for any disclosure by Goemans of the monetary terms of the settlement and are not in breach of the Agreement.

19. The Does performed all things required of them under the terms of their Agreement with the Estate.

20. The Does seek a declaration from this Court that Goemans' disclosure of the monetary terms of the settlement does not constitute a breach of the confidentiality provision in the Agreement between the Does and the Estate.

## THIRD CLAIM FOR RELIEF

(Counter-Claim Against Grant for Equitable Indemnity)

21. The Does repeat and incorporate by this reference as though set forth at length herein each of the averments contained in paragraphs 1 through 20, inclusive.

22. The Does are informed and believes, and thereon allege, that the damages, injuries, and/or losses alleged by the Estate, (which the Does deny), were, in whole or in part, the direct and proximate result of and/or attributable to the acts or omissions of Grant, whereas the Does are blameless, and any acts or omissions of the Does were strictly secondary, passive, or derivative in nature and did not proximately cause or contribute to said damages, injuries, and/or losses to any degree.

23. If the Estate recovers anything from the Does in this action, either by way of judgment, verdict, award, settlement, or otherwise, then the Does are entitled to indemnity, in whole or in part, from Grant for the amount of any sums paid to satisfy said recoveries.

24. The Does have incurred and will continue to incur costs, expenses, and attorneys' fees in defending themselves against this action, and in prosecuting their claims. Grant is also obligated to indemnify the Does, in whole or in part, for such costs, expenses, and fees.

## FOURTH CLAIM FOR RELIEF

(Counter-Claim Against Grant for Implied Indemnity)

25. The Does repeat and incorporate by this reference as though set forth at length herein each of the averments contained in paragraphs 1 through 24, inclusive.

26. When the Does and Grant made their respective contracts, as alleged in the Complaint, Grant impliedly obligated himself to perform the contractual duties required thereby in a proper manner and to discharge foreseeable damages resulting from improper performance of those duties.

27. The Does are informed and believes, and thereon allege, that the damages, injuries, and/or losses alleged by the Estate in this action, if true, were the direct and proximate result of, and/or attributable to Grants' acts or omissions in his performance and/or breach of their respective contractual duties under his contracts with the Does.

28. The Does have incurred and will continue to incur costs, expenses, and attorneys' fees in defending themselves against this action, and in prosecuting their claims. Grant is also obligated to indemnify the Does, in whole or in part, for such costs, expenses, and fees.

# FIFTH CLAIM FOR RELIEF

(Counter-Claim Against Grant for Express Indemnity)

29. The Does repeat and incorporate by this reference as though set forth at length herein each of the averments contained in paragraphs 1 through 28, inclusive.

30. The Does performed all things required of them under the terms of their agreement with Grant.

31. Regardless of whether there as been an actual breach of the terms of the settlement agreement between the Does and the Estate, based upon the allegations of the Complaint, pursuant to the terms of the settlement agreement between the Does and Grant, Grant has an obligation to pay for the first $100,000 of the defense of the Estate's claims against the Does.

WHEREFORE, the Does pray for judgment against the Estate as follows:

1. For a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining the Estate and their agents and employees from disclosing the Does' identities to ant third party or in any Court filing;

2. For a declaration from this Court that Goemans' disclosure of the monetary terms of the settlement constituted a breach of the confidentiality provision in the Agreement between the Does and the Estate;

3. For costs of suit incurred in this action; and

4. For such other and further relied as the Court deems just and proper;

WHEREFORE, the Does pray for judgment against the Grant as follows:

1. For a judicial declaration that the Does are entitled to indemnity, in whole or in part, from Grant for any sum the Does may pay to Estate;

2. For a judicial declaration that the Does are entitled to indemnity, in whole or in part, from Grant for all costs, expenses, and attorneys' fees the Does have incurred and will incur in defending themselves against claims by Estate or any other party to this action and in prosecuting this Counter and Cross-Complaint;

3. For attorneys' fees;

4. For costs of suit incurred herein; and

5. For such other and further relied as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), the Does hereby demands a jury trial of all issues triable of right by a jury.

DATED: April 1, 2008      LEVIN & STEIN

By: /s/ Jerry H. Stein
    JERRY H. STEIN
    Attorneys for Defendants and Counter-Claimants JOHN DOE and JANE DOE