| | |
|---|---|
| 1 | JERRY H. STEIN |
| | LEVIN & STEIN |
| 2 | 28494 Westinghouse Place, Suite 201 |
| | Valencia, California 91355 |
| 3 | Telephone: (310) 207-4663 |
| | Facsimile: (310) 207-2803 |
| 4 | Email: **jstein@lscslaw.com** |
| 5 | KEN T. KUNIYUKI |
| | KUNIYUKI & CHANG |
| 6 | Suite 2660, Pauahi Tower |
| | 1003 Bishop Street |
| 7 | Honolulu, HI 96813-3429 |
| | Telephone: (808) 524-5111 |
| 8 | Facsimile: (808) 521-2389 |
| | Email: **ken@law-hawaii.com** |

Attorneys for Defendants and Counter-Claimants JOHN DOE and JANE DOE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GRANT, | CASE NO.:08-00672 FCD-KSM |
| Plaintiff, | AMENDED DECLARATION OF KEN T. KUNIYUKI IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| v. | |
| KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K KALAMA, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate; JOHN DOE; and JANE DOE, | |
| Defendants. | |
| JOHN DOE; and JANE DOE, | |
| Counter-Claimants | |
| v. | |
| KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K KALAMA, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate; and ERIC GRANT, | |
| Counter-Defendants | |

1

AMENDED DECLARATION OF KEN T. KUNIYUKI

Dockets.Justia.com

I, Ken T. Kuniyuki, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts of the State of Hawaii and have applied for admission Pro Hac Vice in this Court. I am a partner in the law firm of Kuniyuki & Chang, attorneys for DOES in this action. I have personal knowledge of all facts set forth in this Declaration and if called upon to testify, I could and would testify competently thereto.

2. On February 8, 2008, the Honolulu Advertiser printed an article setting forth the monetary terms of the settlement between DOES and the Estate of Bernice Pauahi Bishop and the Kamehameha Schools (collectively the "Estate"). A true and correct copy of this article is attached as Exhibit 3 to the Declaration of Jane Doe filed concurrently herewith. The Honolulu Advertiser article specifically states that the information regarding the terms of the settlement was provided to it by John Goemans ("Goemans"), an attorney who once represented the DOES in their prior litigation with the Estate. Subsequent to the information regarding the terms of the settlement being published in the Honolulu Advertiser, I have had several telephone conversations with Goemans in which he confirmed that he was the source of the information to the Honolulu Advertiser regarding the terms of the settlement, and that he knew that he was acting against the wishes of his former clients when he disclosed the information in question to the Honolulu Advertiser.

3. Subsequent to the publication of the February 28, 2008 article in the Honolulu Advertiser, I was contacted by telephone by David Schulmeister ("Schulmeister") of the Cades Schutte law, who represented that his firm was representing the Estate. On March 24, 2008, at Schulmeister request, I met with him at his office to discuss the Estate's position vis a vis DOES. During that meeting, Schulmeister told me, in substance, that: (1) The Estate's position was that Goemans' disclosure of the monetary terms of the settlement constituted a breach of the confidentiality provision in the settlement agreement between DOES and the Estate; (2) That the Estate would be claiming $2 million in damages as result of this purported breach; (3) That unless DOES and/or Eric Grant agreed to deposit $2 million with the Court as security for the Estate's claim against DOES, the Estate would shortly file a breach of contract action against DOES; (4) That upon the filing of its action the Estate was also going to seek a writ of attachment against DOES to secure its damage claim of $2 million; and (5) That because the Estate was

seeking a writ of attachment against DOES, it intended to disclose the DOES' identities in its Court filings.

4. According to Schulmeister, the $2 million in damages that the Estate would be seeking in its action against DOES was not based upon any actual out of pocket losses incurred by the Estate as a result of Goemans' disclosure of the monetary terms of the settlement, but rather on the Estate's position that it would have settled the case for $2 million less but for the inclusion of the confidentiality provision.

5. On April 2, 2008, I attempted to contact David Schulmeister, attorney for Bishop Estate to inform him that the Does will be filing an ex parte motion for TRO in federal court in California. His voice mail, however, indicated that Mr. Schulmeister is out of the office and would not be returning until Monday, April 7, 2008. I then called and left a message with Mr. Schulmeister's secretary asking her to have any attorney in the firm of Cades Schutte who represents the estate to call me so I can relay this message.

6. Kelly LaPorte an attorney at the Cades firm called me back on the afternoon of April 2, 2008. I informed him that Eric Grant has filed the declaratory relief action in Federal Court in California against the Estate and Does and that the Does in response are filing an ex parte temporary restraining order as preventing the estate from revealing their names. Mr LaPorte asked me to e-mail him a copy of the underlying Complaint and I did so.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 3, 2008.

_____
Ken T. Kuniyuki