1  JERRY H. STEIN
   LEVIN & STEIN
2  28494 Westinghouse Place, Suite 201
   Valencia, California 91355
3  Telephone: (310) 207-4663
   Facsimile: (310) 207-2803
4  Email: jstein@lscslaw.com

5  KEN T. KUNIYUKI
   KUNIYUKI & CHANG
6  Suite 2660, Pauahi Tower
   1003 Bishop Street
7  Honolulu, HI 96813-3429
   Telephone: (808) 524-5111
8  Facsimile: (808) 521-2389
   Email: ken@law-hawaii.com
9
   Attorneys for Defendants and Counter-Claimants JOHN DOE and JANE DOE
10
                      UNITED STATES DISTRICT COURT
11
                       EASTERN DISTRICT OF CALIFORNIA
12
   ERIC GRANT,                          )  CASE NO.:08-00672 FCD-KSM
13                                       )
              Plaintiff,                 )  SUPPLEMENTAL DECLARATION OF KEN
14        v.                             )  T. KUNIYUKI IN SUPPORT OF JOHN AND
   KAMEHAMEHA SCHOOLS/BERNICE            )  JANE DOE'S MOTION FOR PRELIMINARY
15 PAUAHI BISHOP ESTATE; J. DOUGLAS ING, )  INJUNCTION
   NAINOA THOMPSON, DIANE J. PLOTTS,     )
16 ROBERT K.U. KIHUNE, and CORBETT A.K   )
   KALAMA, in their capacities as Trustees of the )
17 Kamehameha Schools/ Bernice Pauahi Bishop )
   Estate; JOHN DOE; and JANE DOE,       )
18                                       )
              Defendants.                )
19                                       )
   JOHN DOE; and JANE DOE,               )
20                                       )
              Counter-Claimants          )
21                                       )
         v.                              )
22                                       )
   KAMEHAMEHA SCHOOLS/BERNICE            )
23 PAUAHI BISHOP ESTATE; J. DOUGLAS ING, )
   NAINOA THOMPSON, DIANE J. PLOTTS,     )
24 ROBERT K.U. KIHUNE, and CORBETT A.K   )
   KALAMA, in their capacities as Trustees of the )
25 Kamehameha Schools/ Bernice Pauahi Bishop )
   Estate; and ERIC GRANT,               )
26                                       )
              Counter-Defendants         )
27 _____ )

28

                                    1
   _____
            SUPPLEMENTAL DECLARATION OF KEN T. KUNIYUKI

I, Ken T. Kuniyuki, declare as follows:

1.     I am one of the present attorneys for John and Jane Doe in the underlying action and make this declaration based upon personal knowledge.

2.     I have reviewed the declaration of David Schulmeister dated April 10, 2008 in this case, and I disagree with his assertions in the following specific aspects.

3.     I did meet with David Schulmeister on March 24, 2008 at his request at his office. At that meeting, one of the first things that Mr. Schulmeister told him that the estate believed that they had a fiduciary duty to try to recover damages from the Does. He further stated that pursuant to that effort, that unless the Does deposit the sum of $2 million in an escrow or trust account, then the Estate would proceed with a lawsuit against the Does in an attempt to attach or garnish said funds prejudgment. Mr. Schulmeister's specifically stated that in order to obtain such prejudgment attachment or garnishment that the Estate would disclose the Does identity in such a motion.

4.     During our conversation on March 24, 2008, I further explained to Mr. Schulmeister that it was Goemans' position that he was not the Does' attorney at the time of the settlement, that Goemans was not bound by the confidentiality agreement. Goemans' further position was that the Estate could not keep confidential the settlement amount since they were a tax exempt organization; and that Goemans had obtained the settlement agreement, not from the Does, but from Eric Grant or his counsel. Upon leaving the meeting, it was Mr. Schulmeister that once again reiterated that either the Does and/or Mr. Grant should place the $2 million in some sort of escrow or trust account. I did talk once again with Mr. Schulmeister on March 28, 2008 at which time I reported to him that neither the Does nor Mr. Grant were interested in placing $2 million or any such some in an escrow account. I further told him that I did not think that it was necessary to disclose the name of the Does prior to obtaining a court order for such attachment or garnishment, and that under the prevailing Hawaii law that since the $2 million was not a liquidated damages clause, he would not be able to obtain a prejudgment garnishment in that or any other amount. He responded by saying "well at least that's a response" and told me that he would be traveling the following week.

5.     Prior to Mr. Schulmeister's declaration of April 10, 2008, neither he nor his office ever

SUPPLEMENTAL DECLARATION OF KEN T. KUNIYUKI

denied that they were contemplating bringing an action on the Does in their true names to recover their alleged damages in correspondence to me.

6.     In conversations that I have had with Goemans he told me that he has spoken with Estate's attorneys and explained his position with respect to disclosure of the settlement to them. According to Goemans his explanation of what he told the Estate was consistent with I told the Estate was Goemans' position.

7.     Based upon my review of the file and my discussions with Goemans it is my understanding that in July of 2007, the settlement agreement was transmitted from Banks's California counsel to Goemans's California counsel and then from Goemans's California counsel to Goemans while Goemans was residing in California.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 14, 2008.

_____
Ken T. Kuniyuki

SUPPLEMENTAL DECLARATION OF KEN T. KUNIYUKI