1 Eric Grant (Bar No. 151064)
  Attorney at Law
2 8001 Folsom Boulevard, Suite 100
  Sacramento, California 95826
3 Telephone: (916) 388-0833
  Facsimile:  (916) 691-3261
4 E-Mail:    grant@eric-grant.com

5 James J. Banks (Bar No. 119525)
  Banks & Watson
6 Hall of Justice Building
  813 6th Street, Suite 400
7 Sacramento, California 95814
  Telephone: (916) 325-1000
8 Facsimile:  (916) 325-1004
  E-Mail:    jbanks@bw-firm.com

9
  Counsel for Plaintiff and
10 Counter-Defendant ERIC GRANT

11

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

12                    UNITED STATES DISTRICT COURT

13                   EASTERN DISTRICT OF CALIFORNIA

14 ERIC GRANT,                          ) No. 2:08-cv-00672-FCD-KJM
                                        )
15           Plaintiff,                  )
                                        ) **PLAINTIFF AND COUNTER-DEFENDANT**
16      v.                              ) **ERIC GRANT'S REPLY TO KSBE**
                                        ) **DEFENDANTS' OPPOSITION TO**
17 KAMEHAMEHA SCHOOLS/BERNICE          ) **DOE DEFENDANTS' MOTION FOR**
   PAUAHI BISHOP ESTATE; J. DOUGLAS    ) **PRELIMINARY INJUNCTION**
18 ING, NAINOA THOMPSON, DIANE J.      )
   PLOTTS, ROBERT K.U. KIHUNE, and     )
19 CORBETT A.K KALAMA, in their        )
   capacities as Trustees of the Kamehameha )
20 Schools/Bernice Pauahi Bishop Estate; ) Hearing Date: April 17, 2008
   JOHN DOE; and JANE DOE,             ) Time:         4:00 p.m.
21                                      ) Courtroom:    2
             Defendants.                ) Judge:        Hon. Frank C. Damrell, Jr.
22 _____   )
                                        )
23 JOHN DOE and JANE DOE,              )
                                        )
24           Counter-Claimants,         )
                                        )
25      v.                              )
                                        )
26 KAMEHAMEHA SCHOOLS/BERNICE          )
   PAUAHI BISHOP ESTATE, et al.,       )
27                                      )
             Counter-Defendants.        )
28 _____   )

Plaintiff's Reply to KSBE Defendants' Opposition to Doe Defendants' Motion for Preliminary Injunction

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF RELEVANT FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   I.   The Pending Motion Does Not Call for a Definitive Decision on the
      Personal Jurisdiction Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

   II.  In Any Event, this Court Does Indeed Have Personal Jurisdiction over
       KSBE as to Grant's Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        A.     KSBE Consummated the Doe-KSBE Settlement in California
              and Took Deliberate Action Within this State . . . . . . . . . . . . . . . . . . . . . . . . . 6

        B.     The Controversy Between Grant and KSBE Arises out of, and
              Relates to, KSBE's California-Related Activities . . . . . . . . . . . . . . . . . . . . . . . 8

        C.     Exercising Jurisdiction over KSBE in this Litigation Would
              Be Reasonable . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

Plaintiff's Reply to KSBE Defendants' Opposition to Doe Defendants' Motion for Preliminary Injunction

**TABLE OF AUTHORITIES**

**Page**

**Cases**

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

4  *Brunson v. Kalil & Co.*,
   404 F. Supp. 2d 221 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

5  *Burger King Corp. v. Rudzewicz*,
6  471 U.S. 462 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

7  *Burgert v. Lokelani Bernice Pauahi Bishop Trust*,
   200 F.3d 661 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
8

   *CE Distribution, LLC v. New Sensor Corp.*,
9  380 F.3d 1107 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 9-10

10 *Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-8
11

   *Helicopteros Nacionales de Colombia, S.A. v. Hall*,
12 466 U.S. 408 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

13 *Mattel, Inc. v. Greiner & Hausser GmbH*,
   354 F.3d 857 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
14

   *Menken v. Emm*,
15 503 F.3d 1050 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

16 *Minnesota Mining & Manufacturing Co. v. Nippon Carbide Industries Co.*,
   63 F.3d 694 (8th Cir. 1995), *cert. denied*, 516 U.S. 1184 (1996) . . . . . . . . . . . . . . . 7-8
17

   *Orchid Biosciences, Inc. v. St. Louis University*,
18 198 F.R.D. 670 (C.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

19 *Ranchers Cattlemen Action Legal Fund United Stockgrowers of America
   v. U.S. Department of Agriculture*, 499 F.3d 1108 (9th Cir. 2007) . . . . . . . . . . . . . . . . 3
20

   *Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of
21 Pennsylvania, Inc.*, 49 F. Supp. 2d 709 (D.N.J. 1999) . . . . . . . . . . . . . . . . . . . . . . . 7-8

22 *Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8-9
23

   *Sydow v. Acheson & Co.*,
24 81 F. Supp. 2d 758 (S.D. Tex. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

25 *University of Texas v. Camenisch*,
   451 U.S. 390 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
26

**Statute**

28 42 U.S.C. § 1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

**INTRODUCTION**

Plaintiff and Counter-Defendant Eric Grant ("Grant") brought this action against KSBE[1] and against John and Jane Doe ("the Does"), seeking a declaration that he is not liable in any manner to any of those parties for an alleged breach of a settlement agreement between the Does and KSBE resulting from alleged disclosures of confidential information by non-party John Goemans. The Does have asserted cross-claims against KSBE (doc. 13, filed Apr. 3, 2008) and have moved for a preliminary injunction against KSBE (doc. 15, filed Apr. 3, 2008). KSBE has filed an opposition to the Does' motion ("KSBE Opp.," doc. 28, filed Apr. 14, 2008). Among other points, that opposition contends that "there is no reasonable probability of personal jurisdiction over [KSBE] because it lacks minimum contacts with California." KSBE Opp. 8:1-2 (capitalization altered).

Although Grant takes no position on the Does' motion for preliminary injunction, he files this reply to KSBE's opposition in order to address its arguments concerning personal jurisdiction. As explained below, the pending motion does not call for a definitive decision on the issue of personal jurisdiction; however, it seems beyond peradventure that this Court has personal jurisdiction over KSBE as to Grant's claim.

**STATEMENT OF RELEVANT FACTS**

KSBE is a "charitable testamentary trust established [in 1884] by the last direct descendent of King Kamehameha I, Princess Bernice Pauahi Bishop, who left her property in trust for a school dedicated to the education and upbringing of Native Hawaiians." *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). By its own description, KSBE is "the largest private landowner in the state of Hawaii." Declaration of Eric Grant ("Grant Decl.") ¶ 19, at 3 (attached hereto). By KSBE's own report, "the fair value of [its] total endowment grew by $1.39 billion during fiscal year 2007, increasing the overall endowment fair value to $9.06 billion as of year end." *Id.* ¶ 20, at 3.

///

---

[1] "KSBE" here stands for Defendant and Counter-Defendant Kamehameha Schools/Bernice Pauahi Bishop Estate, along with Defendants and Counter-Defendants J. Douglas Ing, Nainoa Thompson, Diane J. Plotts, Robert K.U. Kihune, and Corbett A.K. Kalama, in their capacities as Trustees of the Kamehameha Schools/Bernice Pauahi Bishop Estate.

Plaintiff's Reply to KSBE Defendants' Opposition to Doe Defendants' Motion for Preliminary Injunction

Grant represented the Does in a federal civil rights lawsuit against KSBE, which lawsuit attacked KSBE's "Hawaiians only" admissions policy at its K-12 schools as discrimination on the basis of race in violation of 42 U.S.C. § 1981. That lawsuit was filed in June of 2003 in the United States District Court for the District of Hawaii; it was styled *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, et al.*, No. 1:03-cv-00316-ACK-LEK ("the Underlying Litigation"). Grant Decl. ¶ 5, at 1. While the Underlying Litigation was pending in the district court, KSBE was represented by California counsel working from California, namely, Kathleen M. Sullivan, then dean of Stanford Law School; she alone argued for KSBE at the one and only hearing before the district court on November 17, 2003. *See id.* ¶ 6, at 1.

After the district court ruled in favor of KSBE and dismissed the Does' action with prejudice, Grant appealed on the Does' behalf to the Ninth Circuit in San Francisco, and the Underlying Litigation was pending in that court from December 30, 2003 through December 5, 2006. Grant Decl. ¶ 7, at 1. In that appeal, KSBE was again represented by California counsel working from California, again Ms. Sullivan; she alone argued for KSBE at the panel oral argument on November 4, 2004 (in which the Does prevailed) and the en banc oral argument on June 20, 2006 in San Francisco. *See id.* ¶ 8, at 2. After the 15-judge en banc court ruled 8-7 in favor of KSBE and affirmed the district court's dismissal of the Does' action, Grant filed on the Does' behalf a petition for certiorari in the U.S. Supreme Court. *See id.* ¶ 9, at 2. In that phase of the litigation, KSBE was again represented by California counsel working from California, again Ms. Sullivan and the law firm Quinn Emanuel Urquhart Oliver & Hedges, LLP in Redwood Shores, California; Ms. Sullivan was designated "Counsel of Record" (i.e., lead counsel) for KSBE on its brief in opposition to the Does' petition. *See id.* ¶ 10, at 2.

While the Does' petition was under consideration by the Supreme Court, Ms. Sullivan on May 3, 2007 contacted Grant at his office in Sacramento County and proposed to continue settlement negotiations. *See* Grant Decl. ¶ 11, at 2. On May 8, 2007, Ms. Sullivan and Grant met at a restaurant in Pleasanton, California, where they conducted settlement negotiations over a lengthy lunch. *See id.* Over the course of the following three days, Ms. Sullivan and Grant continued to negotiate by telephone and electronic mail from their respective offices in California; they spoke

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

1  approximately a dozen times and exchanged at least thirty e-mail messages in that period. *See id.*

2  ¶ 12, at 2. On May 11, 2007, the parties' negotiations consummated in a written settlement agree-

3  ment. *See id.* ¶ 13, at 2. On a separate page of the agreement entitled "Approval as to Form," Ms.

4  Sullivan and Grant executed a provision stating: "On behalf of our respective clients, we approve

5  the foregoing Settlement Agreement and General Release as to form." *Id.* At KSBE's specific de-

6  mand, Grant executed a separate declaration confirming that the signatures of both "John Doe" and

7  "Jane Doe" were genuine; these executions were accomplished from counsel's respective offices

8  in California. *See id.*

9       The essence of the settlement was an exchange by which the Does received monetary com-

10  pensation from KSBE for dismissing their pending petition for certiorari. To effect that dismissal,

11  Grant initiated (and Ms. Sullivan joined) a telephone call to the Clerk of the U.S. Supreme Court.

12  *See* Grant Decl. ¶ 14, at 2. Based on the Clerk's instructions, Ms. Sullivan and Grant executed an

13  "Agreed Stipulation to Dismiss" the petition, which Grant filed with the Clerk by facsimile; based

14  on the stipulation, the Clerk entered an order dismissing the Does' petition. *See id.* Subsequently,

15  KSBE discharged its financial obligation under the settlement agreement by making payments to

16  Grant's client trust account at Grant's bank in Sacramento; the logistics of such payments were co-

17  ordinated by Ms. Sullivan and Grant. *See id.* ¶ 15, at 3.

18                                   **ARGUMENT**

19

20  **I.    The Pending Motion Does Not Call for a Definitive Decision on the
         Personal Jurisdiction Issue**

21       KSBE concedes that the pending motion "does not require the Court to decide definitively

22  whether it has [personal] jurisdiction, nor does [KSBE] ask the Court to do so." KSBE Opp. 8 n.3.

23  This concession is well-taken in light of the well-established principle that a court's "ruling on [a]

24  motion for a preliminary injunction leaves open the final determination of the merits of the case."

25  *Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Department of*

26  *Agriculture*, 499 F.3d 1108, 1114 (9th Cir. 2007) (internal quotation marks omitted). Therefore, a

27  party "is not required to prove his case in full at a preliminary-injunction hearing, and the findings

28  of fact and conclusions of law made by a court granting a preliminary injunction are not binding

Plaintiff's Reply to KSBE Defendants' Opposition to Doe Defendants' Motion for Preliminary Injunction

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

1  at trial on the merits." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (citation omit-

2  ted).  In this context, the "merits" include the issue of personal jurisdiction.  *See, e.g., Mattel, Inc.*

3  *v. Greiner & Hausser GmbH*, 354 F.3d 857, 866 (9th Cir. 2003) (opining that "at this stage of the

4  case [i.e., the preliminary injunction stage], we do not decide whether Mattel will ultimately pre-

5  vail, but only whether it has presented a prima facie case for personal jurisdiction").

6         KSBE has stated that it "will file a noticed motion to dismiss the complaint and cross-claim

7  shortly."  KSBE Opp. 8 n.3.  That motion will provide the appropriate opportunity for the Court to

8  determine "definitively" whether it has personal jurisdiction over KSBE as to Grant's claim.

9
**II.     In Any Event, this Court Does Indeed Have Personal Jurisdiction**
10 **over KSBE as to Grant's Claim**

11        KSBE asserts that Grant has "contrived" this action against it, KSBE Opp. 1:15, and that,

12 "[a]s a matter of law, . . . Grant and the Does cannot establish a reasonable probability of specific

13 jurisdiction over [KSBE]," *id.* at 2:6-16.  These assertions are preposterous:  to the contrary, the in-

14 disputable facts establish that KSBE has deliberately engaged in sufficient activities in California

15 to render the exercise of personal jurisdiction both just and reasonable.

16        When a defendant challenges a district court's personal jurisdiction, the plaintiff "bears the

17 burden of demonstrating that jurisdiction is appropriate."  *Schwarzenegger v. Fred Martin Motor*

18 *Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Unless and until an evidentiary hearing is held on the jur-

19 isdictional dispute, a "plaintiff need only make a prima facie showing of jurisdictional facts"; that

20 is, courts "only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie

21 showing of personal jurisdiction."  *Id.*  Crucially, any "[c]onflicts between parties over statements

22 contained in affidavits must be resolved in the *plaintiff's* favor."  *Id.* (emphasis added).

23        This brings us to the substance of the governing standard:

24        Where, as here, there is no applicable federal statute governing personal jurisdiction,
         the district court applies the law of the state in which the district court sits.  Because
25        California's long-arm jurisdictional statute is coextensive with federal due process
         requirements, the jurisdictional analyses under state law and federal due process are
26        the same.  For a court to exercise personal jurisdiction over a nonresident defendant,
         that defendant must have at least "minimum contacts" with the relevant forum such
27        that the exercise of jurisdiction does not offend traditional notions of fair play and
         substantial justice.
28

4

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

1  *Id.* at 800-01 (citations omitted).

2      Minimum contacts are typically analyzed under the two headings of "general jurisdiction"

3  and "specific jurisdiction."  Regarding general jurisdiction, a defendant's contacts with the forum

4  must be of a "continuous and systematic" nature.  *Helicopteros Nacionales de Colombia, S.A. v.*

5  *Hall*, 466 U.S. 408, 416 (1984).  KSBE's arguments on this point address no more than the "con-

6  tacts alleged in the complaint."  KSBE Opp. 9:16.  That is, despite being "regularly represent[ed]"

7  by California real estate lawyers, Grant Decl. ¶ 23, at 4, KSBE does not even address how much of

8  its $9.1 billion in assets are invested in California.  Moreover, despite having retained at least two

9  other California law firms before the present litigation, *see id.* ¶¶ 17-18, at 3, KSBE does not even

10 address whether it conducts other business in California.[2]  In these circumstances, general jurisdic-

11 tion cannot be ruled out before Grant has a reasonable opportunity to conduct discovery regarding

12 the jurisdictional issues.  *See, e.g., Orchid Biosciences, Inc. v. St. Louis University*, 198 F.R.D. 670,

13 674 (C.D. Cal. 2001) ("Plaintiff should be allowed [to] explore the quality, quantity and nature of

14 all of Defendant's contacts with this forum and draw its own conclusions and proffer its own arg-

15 uments as to whether Defendant should be subject to personal jurisdiction in this Court.").

16     But even without any discovery, it is readily apparent that this Court has specific jurisdic-

17 tion over KSBE.  The Ninth Circuit has set out a three-pronged test for such jurisdiction:

18         (1) The non-resident defendant must purposefully direct his activities or con-
       summate some transaction with the forum or resident thereof; or perform some act
19     by which he purposefully avails himself of the privilege of conducting activities in
       the forum, thereby invoking the benefits and protections of its laws;

20
          (2) the claim must be one which arises out of or relates to the defendant's
21     forum-related activities; and

22         (3) the exercise of jurisdiction must comport with fair play and substantial
       justice, i.e. it must be reasonable.

23

24 *///*

25 
─────────────────
[2] KSBE asserts that it does not "solicit students from California."  KSBE Opp. 9:9-20.  A cursory
26 search of KSBE's website discloses that the Ke Aliʻi Pauahi Foundation—whose directors are "the
   five sitting trustees of [KSBE]"—offered the "Kamehameha Schools Alumni Association-Northern
27 California Scholarship" to provide scholarship assistance to "students whose permanent residence
   is in Northern California (State of California addresses north of and including the city of San Luis
28 Obispo) and are of Hawaiian ancestry."  Grant Decl. ¶¶ 26-27, at 5.

Plaintiff's Reply to KSBE Defendants' Opposition to Doe Defendants' Motion for Preliminary Injunction

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

1 *Id.* at 802. The plaintiff "bears the burden of satisfying the first two prongs of the test"; if he does,

2 "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdic-

3 tion would not be reasonable." *Id.* We consider the three prongs in turn.

4

5
### A. KSBE Consummated the Doe-KSBE Settlement in California and Took Deliberate Action Within this State

6 Just last year, the Ninth Circuit opined that "in contract cases, we typically inquire whether

7 a defendant 'purposefully avails itself of the privilege of conducting activities' or 'consummates a

8 transaction' in the forum, focusing on activities such as delivering goods or executing a contract."

9 *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). Moreover, in an action alleging breach of

10 contract, "the 'purposeful availment' requirement is satisfied if the defendant has taken deliberate

11 action within the forum state." *CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1113

12 (9th Cir. 2004). In the present action, KSBE consummated a transaction in California and other-

13 wise took deliberate action within this state.

14 KSBE's California counsel working from California contacted Grant at his office in Sacra-

15 mento County and proposed to resume settlement negotiations on behalf of their respective clients.

16 *See* Grant Decl. ¶ 11, at 2. The two lawyers met face-to-face in Northern California, *see id.*, after

17 which they engaged in three days of intensive negotiations by telephone and electronic mail from

18 their respective offices in California. *See id.* ¶ 12, at 2. The negotiations consummated in the Doe-

19 KSBE settlement agreement on May 11, 2007. *See id.* ¶ 13, at 2. Both Grant and KSBE's counsel

20 executed a provision by which they approved the agreement "as to form" on behalf of their respec-

21 tive clients; at KSBE's specific demand, Grant executed a separate declaration confirming that the

22 signatures of "John Doe" and "Jane Doe" were genuine. *See id.* All of these executions occurred

23 in California, *see id.*, as KSBE had to have known they would.

24 The Doe-KSBE settlement agreement was also performed in California. KSBE bargained

25 for a dismissal of the Does' pending petition for certiorari. *See* Grant Decl. ¶ 14, at 2. That dis-

26 missal was put in motion by a telephone call, initiated by Grant and joined by KSBE's California

27 counsel working from California, to the Clerk of the Supreme Court; it was substantially complete

28 when both counsel executed in California an "Agreed Stipulation to Dismiss" the petition; and it

6

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

1   was finally accomplished (as far the parties' own actions) by Grant's facsimile filing of that stipu-

2   lation with the Clerk. *See id.* For their part, the Does bargained for monetary compensation from

3   KSBE. *See id.* That bargain was performed when KSBE subsequently made payments to Grant's

4   client trust account at his bank in Sacramento. *See id.* ¶ 15, at 3.

5       Finally, it is fair to say that the Doe-KSBE settlement agreement "relate[d] to" litigation in

6   California. *Doe v. Unocal Corp.*, 248 F.3d 915, 924 (9th Cir. 2001). To be sure, the Underlying

7   Litigation *began* in Hawaii, but it moved on to California, pending nearly three years in the Ninth

8   Circuit in San Francisco, where Grant and KSBE's California counsel argued before the en banc

9   court on June 20, 2006. *See* Grant Decl. ¶¶ 7-8 at 1. Moreover, preserving the *Ninth Circuit*'s

10  favorable judgment was KSBE's principal object in settling the litigation, as the KSBE's trustees

11  themselves emphasized in announcing the settlement: "This means that the Circuit Court ruling

12  stands . . . . The ruling from the 9th Circuit Court is a pono one for Kamehameha Schools and for

13  kanaka maoli." *Id.* ¶ 21, at 4.

14      The federal courts have routinely sustained the exercise of personal jurisdiction in similar

15  circumstances. In *Minnesota Mining & Manufacturing Co. v. Nippon Carbide Industries Co.*, 63

16  F.3d 694 (8th Cir. 1995), *cert. denied*, 516 U.S. 1184 (1996), the parties "entered into extensive

17  negotiations to discuss a way to settle the[ir] dispute." *Id.* at 697. "Part of those negotiations took

18  place in Minnesota," and the parties eventually "came to an agreement, which was finally executed

19  in Minnesota." *Id.* On these facts, the court of appeals found that the defendant "came voluntarily

20  to Minnesota with the business purpose of terminating on-going litigation"; in other words, "the

21  defendant's activities in Minnesota were directed toward the consummation of the contract in dis-

22  pute." *Id.* at 697, 698. Given these findings, the court concluded that the defendant had minimum

23  contacts with the forum state: "By coming into the State of Minnesota and by negotiating a con-

24  tract which could be enforced under the laws of Minnesota, [the defendant] purposefully availed

25  itself of the laws of the State." *Id.* at 698; *see also, e.g., Sydow v. Acheson & Co.*, 81 F. Supp. 2d

26  758, 767 (S.D. Tex. 2000) (concluding that "because the alleged contracts envisioned Texas per-

27  formance, . . . Defendants availed themselves of the privilege of conducting business in Texas and

28  invoked the protections of Texas law"); *Rodin Properties-Shore Mall, N.V. v. Cushman & Wake-*

7

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

1    *field of Pennsylvania, Inc.*, 49 F. Supp. 2d 709, 718 (D.N.J. 1999) ("By hiring local counsel, Reid

2    purposefully availed itself of the privilege of conducting activities in New Jersey and invoked the

3    benefits and protections of New Jersey law.").[3]

4        As the Ninth Circuit has explained, the "requirement of purposeful availment 'ensures that

5    a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenu-

6    ated contacts or of the unilateral activity of another party of a third person." *Doe v. Unocal Corp.*,

7    248 F.3d at 924 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). As set out

8    above, KSBE had contacts with California—consisting of KSBE's own deliberate actions—that

9    far exceed such threshold. The first prong of specific jurisdiction is satisfied.

10

11         **B.**       **The Controversy Between Grant and KSBE Arises out of, and
Relates to, KSBE's California-Related Activities**

12        Next, a plaintiff must show that his claim "arises out of or relates to the defendant's forum-

13    related activities." *Fred Martin Motor Co.*, 374 F.3d at 802. The Ninth Circuit has said that "[t]o

14    determine whether a claim arises out of forum-related activities, courts apply a 'but for' test," that

15    is, asking whether Grant's "claims would have arisen but for [KSBE's] contacts with California."

16    *Doe v. Unocal Corp.*, 248 F.3d at 924. In the present case, that question is trivial: but for consum-

17    mating the Doe-KSBE settlement agreement in California, KSBE would not be threatening to sue

18    Grant for an alleged breach of that agreement, and Grant would not be seeking a declaratory judg-

19    ment in response to such threat.

20        KSBE disputes this obvious truth, asserting that the "causes of action here also do not arise

21    out of [KSBE's] having negotiated the settlement of the previous suit in California and wired the

22

---

23 [3] KSBE argues that "contacts with Grant cannot create the contacts needed for personal jurisdiction
because those contacts were *compelled* when the Does sued [KSBE] and retained Grant." KSBE
Opp. 12:23-25 (emphasis added). But KSBE was not "compelled" to initiate settlement negotia-

24 tions at all, and it certainly was not compelled to conduct them wholly in California using its own
California lawyer to consummate a contract that was to be performed wholly in this state as well.

25 Thus, while it may be that mere "settlement negotiations with plaintiff's lawyer in forum" do not
support specific jurisdiction, *id.* at 13:8 (citing *Brunson v. Kalil & Co.*, 404 F. Supp. 2d 221, 234

26 (D.D.C. 2005)), *Minnesota Mining* made clear that the calculus changes "[o]nce the parties resolve
their dispute, and embody that resolution in a contract with each other, and that contract is executed

27 in [the forum]." 63 F.3d at 698. In that event, the defendant "has made a contract in that forum"
and thus "has purposefully availed itself of the privilege of conducting activities within the forum."

28 *Id.* (distinguishing cases that "involved negotiations which did not result in a completed contract").

---

8

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

1    money to the Does' California counsel, Grant"; rather, "[t]hey arise out of Goemans' disclosure of

2    a confidential settlement term and Kamehameha Schools' response in Hawaii to that disclosure."

3    KSBE Opp. 12:12-14. This is a massive non sequitur: although it was Goemans' disclosure that

4    precipitated the present dispute among the parties, the basis of KSBE's putative claims against the

5    Does and Grant is that there has been an "*actual* breach of the Settlement Agreement" for which

6    the latter are legally responsible. *Id.* at 3:28-4:1. Such a claim for breach of contract—and a con-

7    comitant claim seeking a declaration that there is no liability for breach of contract—necessarily

8    "arises out of" *the contract itself*. As described above, the relevant contract here was the result of

9    KSBE's California-related activities. The second prong of specific jurisdiction is also satisfied.

10

            **C.**        **Exercising Jurisdiction over KSBE in this Litigation Would**
11                     **Be Reasonable**

12    Grant having satisfied the first two prongs, "the burden then shifts to [KSBE] to 'present

13    a compelling case' that the exercise of jurisdiction would not be reasonable." *Fred Martin Motor*

14    *Co.*, 374 F.3d at 802. KSBE cannot present that compelling case. Consider the seven factors that

15    the Ninth Circuit has identified as relevant to the reasonableness analysis:

16       (1) the extent of the defendants' purposeful interjection into the forum state's affairs;
        (2) the burden on the defendant of defending in the forum; (3) the extent of conflict
17       with the sovereignty of the defendants' state; (4) the forum state's interest in adjudi-
        cating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the
18       importance of the forum to the plaintiff's interest in convenient and effective relief;
        and (7) the existence of an alternative forum.

19

20    *CE Distribution*, 380 F.3d at 1112. As set out below, a majority of these factors weigh in favor of

21    the exercise of jurisdiction.

22      •   Factor (1) is at best neutral for KSBE: Although KSBE purposefully interjected itself into
        California in connection with the Underlying Litigation and its settlement, we do not yet
23         know whether KSBE otherwise has extensive contacts with the state.

24      •   Factor (2) weighs in favor of exercising jurisdiction: As an entity that has $9.1 billion in
        assets, *see* Grant Decl. ¶ 20, at 3, and that was already represented by no fewer than three
25         California law firms *before* this action was filed, *see id.* ¶¶ 17-18, at 3; *id.* ¶¶ 22-23, at 4,
        KSBE will suffer little burden in defending itself here.

26

27      •   Factor (3) likewise weighs in favor of exercising jurisdiction: Because this dispute arose
        out of litigation in the *federal* courts involving a *federal* claim, the sovereignty of the State
        of Hawaii is not implicated.

28

Plaintiff's Reply to KSBE Defendants' Opposition to Doe Defendants' Motion for Preliminary Injunction

- Factor (4) as well: California "has a substantial interest in adjudicating the dispute of one of its residents who alleges injury due to the tortious conduct of another." *CE Distribution*, 380 F.3d at 1112. The tortious conduct here is KSBE's legally and factually groundless threat to sue Grant for breach of the Doe-KSBE settlement agreement.

- Factor (5) as well: The controversy can most efficiently be resolved here. Key witnesses —certainly Grant and apparently KSBE's California counsel and John Goemans—are all residents of California. *See* Grant Decl. ¶ 3, at 1; *id.* ¶¶ 24-25, at 4. The Does have agreed to this forum. *See* Answer to Complaint for Declaratory Relief ¶ 1, at 1:24 (doc. 12, filed Apr. 3, 2008) (admitting, *inter alia*, that venue is proper in this Court).

- Factor (6) favors jurisdiction here: Grant is a solo practitioner who resides and practices law in Sacramento County, and he is a member of the Bar of this Court. *See* Grant Decl. ¶¶ 2-3, at 1. Litigating this dispute in Hawaii state court, where he is not admitted to practice and must therefore hire counsel, would be inconvenient and expensive.

- Factor (7) alone weighs against exercising jurisdiction: Hawaii is an alternative forum, if an inconvenient one for Grant.

Accordingly, KSBE cannot present a case, let alone *a compelling* case, that the exercise of jurisdiction over it would not be reasonable. For that reason, and because the first two prongs of specific jurisdiction are satisfied as well, this Court has specific personal jurisdiction over KSBE as to Grant's claim.

## CONCLUSION

At its core, this litigation concerns a settlement agreement that was negotiated over a period of days in California by California attorneys and that concerned litigation which had been pending in California for a number of years. The settlement agreement was performed in California, and it likely will be interpreted according to California law. It is therefore beyond peradventure that this Court may exercise specific jurisdiction to adjudicate KSBE's claim that Mr. Grant (and the Does) have breached a provision of that agreement. At a minimum, Mr. Grant (and the Does) have made a prima facie showing of personal jurisdiction sufficient to overcome KSBE's jurisdictional arguments at this stage of the litigation.

Dated: April 15, 2008.

Respectfully submitted,

/s/ Eric Grant
ERIC GRANT

Counsel for Plaintiff and
Counter-Defendant ERIC GRANT

Plaintiff's Reply to KSBE Defendants' Opposition to Doe Defendants' Motion for Preliminary Injunction