JERRY H. STEIN (State Bar No. 78309)
LEVIN & STEIN
28494 Westinghouse Place, Suite 201
Valencia, California 91355
Telephone: (310) 207-4663
Facsimile: (310) 207-2803
Email: jstein@lscslaw.com

KEN T. KUNIYUKI
KUNIYUKI & CHANG
Suite 2660, Pauahi Tower
1003 Bishop Street
Honolulu, HI 96813-3429
Telephone: (808) 524-4111
Facsimile: (808) 521-2389
Email: ken@law-hawaii.com

Attorneys for Defendants and Counter-Claimants JOHN DOE and JANE DOE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GRANT, <br><br> Plaintiff, <br> v. <br> KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K KALAMA, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate; JOHN DOE; and JANE DOE, <br><br> Defendants. <br><br> JOHN DOE; and JANE DOE, <br><br> Counter-Claimants <br> v. <br> KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K KALAMA, in their capacities as Trustees of the Kamehameha Schools/ Bernice Pauahi Bishop Estate; and ERIC GRANT, <br><br> Counter-Defendants | CASE NO.:08-00672 FCD-KSM <br><br> [Proposed] ORDER GRANTING PRELIMINARY INJUNCTION |

The Court having considered John and Jane Doe's (the "Does") Cross-claim for Temporary Restraining Order; Preliminary Injunction; and Permanent Injunction; and for Declaratory Relief; the Does' application for a temporary restraining order and order to show cause; and the accompanying memorandum of points and authorities in support of the application and declarations of Jane Doe and Ken T. Kuniyuki; the Opposition filed by cross- defendants Kamehameha Schools/Bernice Pauahi Bishop Estate; J. Douglas Ing, Nainoa Thompson, Diane J. Plotts, Robert K.U. Kihune, and Corbett A.K. Kalama (collectively the "Estate"), including the Declarations of Colleen Wong and David Schulmeister; the Reply Briefs filed by the Does and Eric Grant, including all supporting declarations; and the argument of counsel at the hearing on April 17, 2008, it appears to the Court that the case is a proper case for the granting of a preliminary injunction based upon the following:

(1) It appears reasonably probable that the Does will be able to establish that personal jurisdiction exists over the Estate, and that subject matter exists over the Does' claims against the Estate; and

(2) The Does' moving papers raise serious questions with respect to the merits, and the balance of hardships tips sharply in favor of the Does given the fact that they have demonstrated the possibility that they may be subject to harassment and/or physical injury if their identities are disclosed.

IT IS HEREBY ORDERED that pending completion of the trial in this matter the Estate their officers, agents, employees, attorneys and representatives are hereby enjoined and restrained from directly or indirectly disclosing the identities of the Does unless and until otherwise permitted by this Court in order to effectuate a writ of attachment or other order issued by this Court.

IT IS HEREBY ORDERED that the Does are not required to post a bond as provided by Local Rule 65.1-151.

IT IS HEREBY ORDERED that any pleading, exhibit or other document filed with the Court that refers to the actual identities of the Does be filed under seal in this matter.

This Order is issued on April 17, 2008 at     p.m.

_____
FRANK C. DAMRELL, JR.,
UNITED STATES DISTRICT JUDGE