| | |
|---|---|
| 1 | Eric Grant (Bar No. 151064) |
|   | Attorney at Law |
| 2 | 8001 Folsom Boulevard, Suite 100 |
|   | Sacramento, California 95826 |
| 3 | Telephone: (916) 388-0833 |
|   | Facsimile: (916) 691-3261 |
| 4 | E-Mail: grant@eric-grant.com |
| 5 | James J. Banks (Bar No. 119525) |
|   | Banks & Watson |
| 6 | Hall of Justice Building |
|   | 813 6th Street, Suite 400 |
| 7 | Sacramento, California 95814 |
|   | Telephone: (916) 325-1000 |
| 8 | Facsimile: (916) 325-1004 |
|   | E-Mail: jbanks@bw-firm.com |
| 9 | |
|   | Counsel for Plaintiff and |
| 10 | Counter-Defendant ERIC GRANT |

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC GRANT, | ) | No. 2:08-cv-00672-FCD-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF AND COUNTER-DEFENDANT** |
| v. | ) | **ERIC GRANT'S ANSWER TO COUNTER-** |
| | ) | **CLAIMS OF DEFENDANTS JOHN DOE** |
| KAMEHAMEHA SCHOOLS/BERNICE | ) | **AND JANE DOE** |
| PAUAHI BISHOP ESTATE; J. DOUGLAS | ) | |
| ING, NAINOA THOMPSON, DIANE J. | ) | **DEMAND FOR JURY TRIAL** |
| PLOTTS, ROBERT K.U. KIHUNE, and | ) | |
| CORBETT A.K KALAMA, in their | ) | |
| capacities as Trustees of the Kamehameha | ) | |
| Schools/Bernice Pauahi Bishop Estate; | ) | |
| JOHN DOE; and JANE DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| JOHN DOE and JANE DOE, | ) | |
| | ) | |
| Counter-Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KAMEHAMEHA SCHOOLS/BERNICE | ) | |
| PAUAHI BISHOP ESTATE, et al., | ) | |
| | ) | |
| Counter-Defendants. | ) | |
| | ) | |

Plaintiff Eric Grant's Answer to Counter-Claims of Defendants John Doe and Jane Doe

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

In response to the complaint filed by Plaintiff and Counter-Defendant Eric Grant ("Grant"), Defendants John Doe and Jane Doe ("the Does") have asserted counter-claims against Grant together with their cross-claims against other Defendants ("Doe Counter-Claim," doc. 13, filed Apr. 3, 2008). Grant hereby answers those counter-claims as follows:

**JURISDICTION AND VENUE**

1. Grant admits the allegations in Paragraphs 1-3 of the Doe Counter-Claim.

**ANSWER TO THIRD CLAIM FOR RELIEF**

(Counter-Claim Against Grant for Equitable Indemnity)

2. Grant admits the allegations in Paragraphs 4-6 (as incorporated by Paragraph 21) of the Doe Counter-Claim.

3. Grant admits the allegations in the first sentence of Paragraph 7 (as incorporated by Paragraph 21) of the Doe Counter-Claim. With respect to the remaining allegations in that paragraph, Grant responds that the document speaks for itself.

4. Grant admits the allegations in Paragraph 8 (as incorporated by Paragraph 21) of the Doe Counter-Claim.

5. Grant admits the allegations in Paragraph 9 (as incorporated by Paragraph 21) of the Doe Counter-Claim only insofar as they allege that John Goemans disclosed (and the *Honolulu Advertiser* printed) what Goemans *alleged* to be the terms of the settlement. Otherwise, Grant denies the allegations in that paragraph.

6. With respect to the allegations in Paragraph 10 (as incorporated by Paragraph 21) of the Doe Counter-Claim, Grant responds that the document speaks for itself.

7. Grant admits the allegations in the first sentence of Paragraph 11 (as incorporated by Paragraph 21) of the Doe Counter-Claim. Grant is without sufficient information or belief to admit or deny the remaining allegations in that paragraph and on that basis denies such allegations.

8. Grant is without sufficient information or belief to admit or deny the allegations in Paragraphs 12-20 (as incorporated by Paragraph 21) of the Doe Counter-Claim and on that basis denies such allegations.

9. Grant denies the allegations in Paragraphs 22-24 of the Doe Counter-Claim.

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

## ANSWER TO FOURTH CLAIM FOR RELIEF

(Counter-Claim Against Grant for Implied Indemnity)

10. Grant incorporates by reference his answers and responses in Paragraphs 1-9 above as though fully set forth herein.

11. Grant denies the allegations in Paragraphs 26-28 of the Doe Counter-Claim.

## ANSWER TO FIFTH CLAIM FOR RELIEF

(Counter-Claim Against Grant for Express Indemnity)

12. Grant incorporates by reference his answers and responses in Paragraphs 1-11 above as though fully set forth herein.

13. Grant denies the allegations in Paragraphs 30-31 of the Doe Counter-Claim.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

14. As a separate affirmative defense, Grant alleges that the Doe Counter-Claim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

15. As a separate affirmative defense, Grant is informed and believes, and on such basis alleges, that the Does' injuries, losses, or damages (if any) were aggravated by the Does' failure to use reasonable diligence to mitigate the same, which failure to mitigate bars the Does' recovery to the extent that such injuries, losses, or damages could have been mitigated.

## THIRD AFFIRMATIVE DEFENSE

(Negligence)

16. As a separate affirmative defense, Grant alleges that the Does (or third parties unnamed in the Doe Counter-Claim) were guilty of negligence or other acts or omissions in the matters in controversy, which conduct proximately caused or contributed to the Does' injuries, losses, or damages (if any), and Grant requests that the Court determine and allocate the percentage of negligence attributable to the Does and third parties.

///

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

17. As a separate affirmative defense, Grant alleges that the Does are estopped by their own conduct from asserting any breach of contract (whether express or implied) by Grant and have themselves breached the terms and conditions of the alleged contract(s).

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

18. As a separate affirmative defense, Grant alleges that the Does' counter-claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

(Impossibility or Impracticability)

19. As a separate affirmative defense, Grant alleges that it was impossible or impracticable for him to prevent the harm to the Does alleged in their counter-claims.

## SEVENTH AFFIRMATIVE DEFENSE

(Uncertainty)

20. As a separate affirmative defense, Grant alleges that the claims alleged in the Doe Counter-Claim fail for uncertainty, as it cannot be ascertained from the face of that pleading what actions or omissions by Grant are the basis of the Does' claims.

## ADDITIONAL AFFIRMATIVE DEFENSES

21. Grant alleges that he has insufficient knowledge or information on which to form a belief as to whether he may have additional affirmative defenses. Grant reserves the right to assert additional affirmative defenses as discovery indicates they are appropriate.

## PRAYER FOR RELIEF

Wherefore, Grant prays for judgment on the Does' counter-claims as follows:

(a) for a declaration that the Does are not entitled to any kind of indemnity (equitable, implied, or express) from Grant either (1) for any sum the Does may pay to Kamehameha Schools/ Bernice Pauahi Bishop Estate, or (2) for any costs, expenses, or attorneys' fees the Does have incurred or will incur in this or any other action;

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

(b) for all reasonable costs, expenses, and attorneys' fees incurred as a result of defending against the Does' counter-claims;

(c) for costs of suit herein; and

(d) for such other and further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial of all issues triable of right by a jury.

Dated: April 23, 2008.

Respectfully submitted,

/s/ Eric Grant
ERIC GRANT

Counsel for Plaintiff and
Counter-Defendant ERIC GRANT