| | |
|---|---|
| 1 | Bingham McCutchen LLP |
|   | CHARLENE S. SHIMADA (SBN 91407) |
| 2 | JOHN D. PERNICK (SBN 155468) |
|   | ROBERT BRUNDAGE (SBN 159890) |
| 3 | charlene.shimada@bingham.com |
|   | john.pernick@bingham.com |
| 4 | robert.brundage@bingham.com |
|   | Three Embarcadero Center |
| 5 | San Francisco, CA  94111-4067 |
|   | Telephone:  415.393.2000 |
| 6 | Facsimile:  415.393.2286 |
| 7 | Alston Hunt Floyd & Ing |
|   | PAUL ALSTON (Admitted Pro Hac Vice) |
| 8 | CLYDE J. WADSWORTH (SBN 118928) |
|   | palston@ahfi.com |
| 9 | cwadsworth@ahfi.com |
|   | 18th Floor American Savings Bank Tower |
| 10 | 1001 Bishop Street |
|   | Honolulu, HI  96813 |
| 11 | Telephone:  808.524-1800 |
|   | Facsimile:  808-524-4591 |
| 12 | |
|   | Attorneys for Defendants and Crossclaim |
| 13 | Defendants KAMEHAMEHA |
|   | SCHOOLS/BERNICE PAUAHI BISHOP |
| 14 | ESTATE; J. DOUGLAS ING, NAINOA |
|   | THOMPSON, DIANE J. PLOTTS, ROBERT K.U. |
| 15 | KIHUNE, and CORBETT A.K. KALAMA, in their |
|   | capacities as Trustees of the Kamehameha |
| 16 | Schools/Bernice Pauahi Bishop Estate |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 19 | ERIC GRANT, | No. 08-00672 FCD-KJM |
| 20 | Plaintiff,<br>v. | JOINT STATUS REPORT |
| 21 | KAMEHAMEHA SCHOOLS/BERNICE | |
| 22 | PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, | |
| 23 | ROBERT K.U. KIHUNE, and CORBETT A.K. KALAMA, in their capacities as Trustees of the | |
| 24 | Kamehameha Schools/Bernice Pauahi Bishop Estate; JOHN DOE; and JANE DOE, | |
| 25 | Defendants. | |
| 26 | And Related Counterclaims and Cross-Claims | |

676,541 / 8384-4

KAMEHAMEHA SCHOOLS DEFENDANTS' REPORT OF MEETING OF THE PARTIES
CASE NO.08-00672 FCD-KJM

**JOINT STATUS REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and this Court's Order Requiring Joint Status Report, the parties submit the following:

1. **Meeting.** A telephone conference was held on April 24, 2008 between counsel for Plaintiff and Counter-Defendant Eric Grant ("Grant") (James J. Banks); for Defendants, Counterclaimants and Crossclaimants John Doe and Jane Doe ("Does") (Jerry Stein and Ken Kuniyuki); and for Defendant Kamehameha Schools/Bishop Estate and its trustees ("KS") (Charlene Shimada, Robert Brundage, John Pernick, Paul Alston, Louise Ing, and Clyde Wadsworth). Plaintiff Eric Grant was also present.

2. **Brief Summary of Claims and Legal Theories Under Which Recovery is Sought or Liability is Denied.**

Plaintiff and Counter-Defendant Eric Grant brought this action against KS and against John and Jane Does (the "Does"), seeking a declaration that he is not liable in any manner to any of those parties for an alleged breach of a settlement agreement between the Does and KS resulting from alleged disclosures of confidential information by non-party John Goemans. The Does have asserted cross-claims seeking injunctive and declaratory relief against KS. The Does have also cross-complained against Grant seeking equitable and contractual indemnity.

3. **Status of Service.** The parties have agreed to accept service pursuant to Rule 4(d) or have agreed to waive service.

4. **Possible Joinder of Additional Parties.** None.

5. **Contemplated Amendments to the Pleadings.** None.

6. **Statutory Basis for Jurisdiction and Venue.** Jurisdiction: 28 U.S.C. § 1332(a)(1). Venue: 28 U.S.C. § 1391(a)(2); Eastern District Local Rule 3.120(d). The parties understand that KS intends to bring motions (A) to dismiss based, in part, on its claim that this

Court lacks personal and subject matter jurisdiction and (B) to transfer venue.

7. **Anticipated Discovery and Scheduling.**

   a. **Phased discovery.** Inasmuch as KS plans to bring the above motions, the parties agreed, subject to court approval, to postpone initial disclosures relating to the underlying claims and to focus on expedited discovery relating to the jurisdictional and venue issues. As part of the expedited discovery effort, the parties will exchange informal discovery requests. KS' counsel asked Grant and the Does' counsel to produce any settlement agreement and assignment of claims or other assets between the Does and Grant. Grant's counsel inquired whether KS would dispute KS attorney Kathleen Sullivan's location (California) at the time the settlement agreement between the Does and KS was negotiated and signed. The parties agreed to exchange additional informal requests for admission in the form of letters, listing the facts relating to jurisdiction and venue which each side believes to be true in order to determine the facts that can be agreed on and those for which discovery will be needed. The parties should endeavor to exchange these letters the week of May 12, 2008. The parties agreed to respond promptly to each other so that a decision can be made on the necessity for more formal discovery. In addition, the Does and Grant reserve the right to take depositions of the person or persons most knowledgeable about, and/or to seek documents, relating to (i) establishing general jurisdiction in California over KS or (ii) transferring venue from California to Hawai`i. KS reserves the right to take depositions of the person or persons most knowledgeable about the issues, and/or to seek documents, relating to (i) establishing lack of jurisdiction and (ii) transferring venue from California to Hawai`i.

   b. **Discovery Plan.** Pending resolution in this Court of the motions KS will file by June 9, 2008, the parties agreed to limit discovery to jurisdictional and venue

issues. The parties will attempt to resolve discovery disputes among themselves before bringing any disputes before the Court. The parties reserve the right to request and stipulate to appropriate departures from discovery limitations as the case proceeds. This report is without waiver of any party's right to seek further discovery or object to discovery propounded by an opposing party. However, to the extent that KS moves to dismiss on grounds other than lack of jurisdiction, the parties reserve the right to conduct additional discovery as they deem necessary in the exercise of their good faith opinion in order to support or oppose KS' motion, as the case may be.

      **c.** **Discovery Subjects.** As indicated above and subject to the exception in subparagraph (b) above, the parties agreed that discovery subjects should be limited at this initial phase to discovering facts relevant to whether the federal court of the Eastern District of California has personal jurisdiction over KS and subject matter jurisdiction over all claims, and is a permissible or appropriate venue for this action.

      **d**. **Limits on Discovery.** The parties see no reason at this time to adjust the limits on interrogatories, depositions, and other discovery set forth in the Federal Rules of Civil Procedure. The parties agreed to cooperate to the extent possible in conducting the initial phase of discovery expeditiously and informally. It is premature to discuss a discovery cutoff date.

**8.** **Contemplated Dispositive Motions and Proposed Date By Which All Non-Discovery Motions Shall be Heard.** June 9, 2008 is the agreed upon deadline for KS to respond to Grant's complaint and the Does' Cross-claim. KS anticipates filing a motion to dismiss based, in part, on lack of jurisdiction, and any other responsive motions on or before that date. Until the jurisdictional motion is filed and decided, it is premature to address contemplated dispositive motions and a non-discovery motions deadline.

**9. Proposed Dates for Final Pretrial Conference.** Until KS' contemplated jurisdictional motion is filed and decided, it is premature to address this issue.

**10. Proposed Date for Trial, Estimate of Trial Days, Demand for Jury Trial.** Until KS' contemplated jurisdictional motion is filed and decided, it is premature to address the trial issues. Eric Grant and the Does have each filed jury demands.

**11. Appropriateness of Special Procedures**. None at this time.

**12. Proposed Modification of Standard Pretrial Procedures**. There should be a phased discovery and motions process, with limited jurisdictional discovery and motions being pursued. The outcome of the jurisdictional motion will determine the timing and scope of substantive discovery, motions and trial.

**13. Related Cases**. None.

**14. Prospects for Settlement**. The parties are still gathering information needed to assess prospects for settlement.

**15. Any Other Matters**.

    **a. Preservation of evidence.** The parties agreed that evidence, including documents and emails relevant to the underlying claims, jurisdiction and venue issues, should be preserved by the parties and their counsel. Counsel shall so instruct their respective clients.

    **b. Stipulated Protective Order.** Counsel for the parties agreed to enter into a stipulated protective order to protect the confidentiality of sensitive or personal documents and information produced in this case. The parties will exchange proposed forms of stipulated protective orders.

| | | |
|---|---|---|
| 1 | DATED: May 14, 2008 | BINGHAM MCCUTCHEN LLP |
| 2 | | ALSTON HUNT FLOYD & ING |
| 3 | | |
| 4 | | |
| 5 | | By: /s/ Charlene Shimada |
| | | Charlene Shimada |
| 6 | | Attorneys for Defendants and Crossclaim Defendants |
| 7 | | KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. |
| 8 | | PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K. KALAMA, in their capacities |
| 9 | | as Trustees of the Kamehameha Schools/Bernice Pauahi Bishop Estate |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | DATED: May 13, 2008 | ERIC GRANT |
| 14 | | BANKS & WATSON |
| 15 | | |
| 16 | | By: /s/ James J. Banks |
| | | James J. Banks |
| 17 | | Attorneys for Plaintiff and Counter-Defendant ERIC GRANT |
| 18 | | |
| 19 | | |
| 20 | DATED: May 14, 2008 | LEVIN & STEIN |
| | | KUNIYUKI & CHANG |
| 21 | | |
| 22 | | |
| 23 | | By: /s/ Jerry H. Stein |
| | | Jerry H. Stein |
| 24 | | Attorneys for Defendants, Counterclaimants and Crossclaimants |
| | | JOHN DOE and JANE DOE |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

676,541 / 8384-4

6