| | |
|---|---|
| ERIC GRANT (Bar No. 151064)<br>Attorney at Law<br>8001 Folsom Boulevard, Suite 100<br>Sacramento, CA 96826<br>Telephone: (916) 388-0833<br>Facsimile: (916) 691-3261<br>E-Mail: grant@eric-grant.com<br><br>JAMES J. BANKS (Bar No. 119525)<br>BANKS & WATSON<br>Hall of Justice Building<br>813 6th Street, Suite 400<br>Sacramento, CA 95814-2403<br>Telephone: (916) 325-1000<br>Facsimile: (916) 325-1004<br>E-Mail: jbanks@bw-firm.com<br><br>Attorneys for Plaintiff and Counter-Defendant<br>ERIC GRANT | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GRANT,<br><br>          Plaintiff,<br><br>   v.<br><br>KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K. KALAMA, in their capacities as Trustees of the Kamehameha Schools/Bernice Pauahi Bishop Estate; JOHN DOE; and JANE DOE,<br><br>          Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO. 2:08-cv-00672-FCD-KJM<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER- Case No. 2:08-cv-00672-FCD-KJM

Plaintiff and Counter-Defendant ERIC GRANT ("Grant"), Defendants and Cross-Defendants KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K. KALAMA, in their capacities as Trustees of the Kamehameha Schools/Bernice Pauahi Bishop Estate (collectively herein, "KSBE"), and Defendants and Counterclaimants JOHN DOE and JANE DOE (collectively herein, the "Does"), by and through their counsel of record, hereby stipulate and agree that discovery or disclosure in this case of private, privileged, proprietary and confidential information shall be had on the following terms and conditions:

1. **DEFINITIONS.**

   1.1 As used herein, the term "confidential information" means: (a) any information or documents concerning which the designating party has a good faith basis to believe that comprise of or contain information for which any applicable law affords protection from disclosure or provides for limited disclosure; (b) information not in the public domain relating to a party's financial information, tax information, financial value, financial transactions, business affairs, sensitive personal information; the amount and location of assets, liabilities, income, expenses and net worth of any party and/or any party's affiliates, partners, co- venturers, co-owners, lenders, agents, attorneys, trustees, and family members; and (c) the identity of John Doe and Jane Doe.

   1.2 The term "Confidential - Attorneys' Eyes Only" means any confidential information or confidential document that a party or a nonparty has a good faith belief is of such a high confidential and/or proprietary nature that the risk of improper use arising from disclosure to another party clearly outweighs the right of that party to review items produced in this action, and embodies information of the kind whose confidentiality is properly protected under Rule 26(c) of the Federal Rules of Civil Procedure.

   1.3 As used herein, the terms "document" or "documents" shall include, without limitation, all original, recorded or graphic matters or copies thereof, including all "writings" as defined in Rule 1001(1) of the Federal Rules of Evidence, whether written, recorded, computer stored or computer-retrievable information, whether produced or created by

1

1 a party or another person, and whether produced pursuant to a subpoena, by agreement, or
2 otherwise.
3     **1.4** As used herein, the terms "Court" and "Court personnel" shall include the
4 judicial reference and the judicial reference's support staff.
5     **1.5.** The term "confidential document" means any document containing, in
6 whole or in part, any confidential information or any summary thereof.
7     **2. DESIGNATION OF CONFIDENTIAL INFORMATION.**
8     **2.1** This Stipulation and Order applies to all discovery responses and other
9 materials containing confidential information disclosed or utilized in this action that are
10 designated by a party or a third party as confidential information under this Stipulation and
11 Order, as defined below, whether such disclosure is by order of the Court, in response to
12 questions in a deposition, written interrogatories, requests for the production of documents and
13 other tangible things, requests for admission, or any other formal or informal discovery
14 undertaken in this action.
15     **2.2** Any party or third party may protect information it believes constitutes
16 confidential information by designating such information as CONFIDENTIAL or
17 CONFIDENTIAL-ATTORNEYS' EYES ONLY prior to or at the time of disclosure. Such
18 designation shall be accomplished by placing the appropriate designation on every page of each
19 document so designated or by any other reasonable methods. In the case of confidential
20 information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, etc.),
21 the appropriate designation shall be affixed to the outside of the medium or its container so as to
22 clearly give notice of the designation. Such designation is deemed to apply to the document
23 itself and to the confidential information contained therein.
24     **2.3** Confidential information designated CONFIDENTIAL or
25 CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be used only for the purposes of this
26 litigation and may not be used by any party to which or whom that information is produced or
27 disclosed for research, development, sales, marketing, business or competitive purposes, or any
28 other purpose.

**2.4** The parties and third parties shall use reasonable care and good faith to avoid designating any materials as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY that are not entitled to such designation or that are generally available to the public.

**3. DISCLOSURE OF DESIGNATED CONFIDENTIAL OR CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION.**

**3.1** All designated information shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person except as provided in this Stipulation and Order.

**3.2** While the disclosure of designated information under this Order to persons not authorized by this Order could, by definition, be prejudicial to the privacy, business, or operations of the designating party or third party, the appropriate confidential designations should not be overused.

**3.3** Information designated as CONFIDENTIAL and any copies thereof, and information obtained from inspecting such CONFIDENTIAL information and notes made therefrom, shall not be used by any person for any purpose other than the litigation of this action, except with prior written consent of counsel for the party that produced such designated CONFIDENTIAL information or with the prior Order of the Court. Designated CONFIDENTIAL information and any copies thereof and notes made therefrom, shall be disclosed only to qualified persons (as defined in paragraphs 3.3.1 – 3.3.7, below), who shall be bound by the terms of this Stipulation and Order. Access to designated CONFIDENTIAL information is limited to:

    **3.3.1** The Court and Court personnel;

    **3.3.2** Counsel for the parties;

    **3.3.3** Pursuant to paragraphs 4, 4.1, 4.2, 5 and 5.1, deponents and counsel for deponents at their depositions;

    **3.3.4** Non-technical and clerical staff employed by counsel for the respective parties in connection with the preparation for and the trial of this action;

  **3.3.5** Independent personnel retained or consulted by counsel for the parties to furnish technical or other expert services or advice or to give expert testimony;

  **3.3.6** The parties, officers of and employees of a party, where needed for the preparation for and trial of this action;

  **3.3.7** Private investigators employed by counsel for the parties for the purpose of searching for, collecting and reporting data to assist counsel and/or the independent personnel described above in paragraph 3.3.5 in discovery or trial.

 **3.4** No designated CONFIDENTIAL information received by any party in this lawsuit may be revealed or disclosed to any person or entity not described in Section 3.3, including but not limited to members of the press.

 **3.5** Information designated as CONFIDENTIAL-ATTORNEYS' EYES ONLY and any copies thereof, and information obtained from inspecting such CONFIDENTIAL-ATTORNEYS' EYES ONLY information and notes made therefrom, shall not be used by any person for any purpose other than the litigation of this action, except with prior written consent of Counsel for the Party that produced such designated CONFIDENTIAL-ATTORNEYS' EYES ONLY information or with the prior Order of the Court. Designated CONFIDENTIAL-ATTORNEYS' EYES ONLY information and any copies thereof and notes made therefrom, shall be disclosed only to qualified persons (as defined in paragraphs 3.5.1 – 3.5.5, below), who shall be bound by the terms of this Stipulation and Order. Access to designated CONFIDENTIAL-ATTORNEYS' EYES ONLY information is limited to:

  **3.5.1** The Court and Court personnel;

  **3.5.2** Outside counsel of record for the parties;

  **3.5.3** Pursuant to paragraphs 4, 4.1, 4.2, 5 and 5.1 deponents and outside counsel of record for deponents at their depositions;

  **3.5.4** Non-technical and clerical staff employed by outside counsel of record for the respective parties in connection with the preparation for and the trial of this action.

  **3.5.5** Independent personnel retained or consulted by counsel for the parties to furnish technical or other expert services or advice or to give expert testimony.

4

**STIPULATED PROTECTIVE ORDER- Case No. 2:08-cv-00672-FCD-KJM**

**3.6** No designated CONFIDENTIAL-ATTORNEYS' EYES ONLY information received by any party in this lawsuit may be revealed or disclosed to any person or entity not described in Section 3.5, including but not limited to members of the press.

**3.7** Each (a) outside vendor used as support personnel for counsel of record, and (b) consultant or expert authorized pursuant to this Order, shall, prior to being given access to designated information, acknowledge in writing his or her familiarity with the terms of this Stipulation and Order and execute a declaration in the form specified in Exhibit A, attached hereto.

**3.8** Nothing herein shall prohibit a party, or its counsel, from disclosing a document that contains confidential information to the person whom the document identifies as an author, addressee, or recipient of such document.

**3.9** Nothing herein shall prohibit a party from redacting what that party claims is privileged client information contained in a document. The parties reserve their respective rights and arguments as to whether, or to what extent, any other party to this action is entitled to review such information. Any disputes as to whether the redaction was appropriate are to be resolved by the Court.

**4. DEPOSITIONS.**

With respect to depositions, the following shall apply with regard to CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information of documents:

**4.1** With respect to the examination of witnesses upon oral deposition, before designated confidential information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY the deposition reporter and/or videotape operator shall be informed of this Stipulation and Order by the party or third party seeking to invoke its protection, and will be required to agree to be bound by its terms in accordance with Paragraph 3.7. Any party may, in good faith, designate as CONFIDENTIAL any such portions of any deposition testimony deemed to contain CONFIDENTIAL INFORMATION by advising

5

the court reporter and counsel of record at the beginning and ending of the testimony containing CONFIDENTIAL INFORMATION, either orally at the deposition or in writing within thirty (30) days of receipt of the deposition transcript.  The reporter shall mark the face of the transcript to designate the beginning and ending of the CONFIDENTIAL INFORMATION portions thereof and if appropriate, a separate original transcript containing the CONFIDENTIAL INFORMATION clearly marked on each page as CONFIDENTIAL INFORMATION.  Copies of the transcript for counsels' use may contain the CONFIDENTIAL INFORMATION testimony and other testimony in a single volume.  Any additional out-of-pocket costs caused by the CONFIDENTIAL INFORAMTION designation shall be borne by the designating party.  The party designating a portion of a deposition transcript as containing CONFIDENTIAL INFORMATION shall have the burden of its designation if said designation is challenged by the receiving party.  If a receiving party objects to the designation, it shall notify the designating party within thirty (30) days of receipt of the transcript designated as containing CONFIDENTIAL INFORMATION of its objection and the grounds on which it objects to the designation.  Counsel for the parties shall then take appropriate steps to prevent such separate transcript or videotape designated pursuant to this Stipulation and Order from being disclosed to any person, except as provided herein.

**4.2** If designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information is to be discussed or disclosed in a deposition, any party or third party claiming such confidentiality may exclude from the room any person who is not entitled to receive such confidential information during that portion of the deposition in which the confidential information is actually discussed or disclosed.

**5. POTENTIAL WITNESSES AND DEPONENTS BOUND BY THIS ORDER.**

**5.1.** Each potential witness and each deponent to whom any party proposes to disclose designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information at a deposition, trial, or other proceeding shall be given a copy of this Stipulation and Order and informed of its contents before disclosure occurs.  If the witness/deponent expressly agrees (in writing or on the record at a deposition) to by bound hereby, the party may

disclose the information. If the witness/deponent refuses, then no disclosure may occur unless and until a further order is entered requiring the witness/deponent to be bound by the obligations of confidentiality and non disclosure as set forth in this Stipulation and Order, and in particular by Paragraphs 2.3, 3.1 *et seq.*, and 9.4. A party shall require all of his/her/its agents and employees who are witnesses or deponents to agree to be bound hereby.

### 6. FILING OR LODGING UNDER SEAL.

**6.1** If any party seeks to file or lodge with the Court any documents (including deposition transcripts or videotapes) that contain information designated confidential by another party, then the party who intends to file or lodge such documents shall exercise all reasonable effort to give all other parties five (5) court days (and in no event less than two (2) court days) notice of such intent, prior to filing. The notice shall be by telephone and in writing, and it shall specifically identify the documents intended to be filed.

**6.2** The parties shall meet and confer to determine whether redacted versions of documents may be filed.

**6.3** The burden of obtaining an order from the Court sealing a court record will be on the party claiming confidentiality.

### 7. CHALLENGING A DESIGNATION.

**7.1** In the event that outside counsel of record for any party at any time believes that designated information should not be so designated, or that a different designation should be employed, such counsel shall so notify the designating party in writing. Outside counsel of record for the complaining and designating parties then shall meet and confer in good faith concerning such disputed confidential information within fourteen (14) days of receipt of the notice. If agreement is not reached within those fourteen (14) days, the complaining party may file a motion requesting that the Court order the removal of the designating party's designation or order a different designation. In such a proceeding, the designating party bears the burden of showing good cause with respect to any challenged designation. The designated confidential information shall be subject to and protected by this Stipulation and Order under the designation assigned by the designating party until the Court has ruled on any such motion. If

7

**STIPULATED PROTECTIVE ORDER- Case No. 2:08-cv-00672-FCD-KJM**

1 any party takes a writ or appeal from the Court's ruling on any such motion, that party may apply
2 for a stay pending determination of the writ or appeal.
3     **7.2** No party shall be obliged to challenge the propriety of a designation, and a
4 failure to do so shall not preclude a subsequent attack on the propriety of such designation.
5     **8. INADVERTENT DISCLOSURE OF MATERIALS.**
6     **8.1** Neither the inadvertent production of work product or privileged materials
7 nor the inadvertent failure to designate information under this Stipulation and Order prior to or at
8 the time of disclosure shall operate as a waiver of a party's right to designate such information
9 under this Order so long as such party, within a reasonable time after the party learns of the
10 inadvertent disclosure, takes steps to seek return of the materials and/or correct the failure
11 properly to designate such information.
12     **8.2** In the event that confidential information is designated as confidential
13 after disclosure, the receiving party shall employ reasonable efforts to ensure that all
14 inadvertently disclosed information is subsequently treated as required pursuant to the terms of
15 this Stipulation and Order. In the event that privileged documents and/or work product is to be
16 returned, the returning party(ies) shall return or destroy all such material and refrain from using
17 or referring thereto except in any proceeding challenging either (a) the inadvertence of the
18 production, or (b) the validity of the claim of privilege. In those circumstances, copies of the
19 disputed material may be submitted by either party to the Court for *in camera* review pending
20 further order of the Court.
21     **9. MISCELLANEOUS.**
22     **9.1** Documents designated CONFIDENTIAL or CONFIDENTIAL-
23 ATTORNEYS' EYES ONLY shall be maintained in the custody of outside counsel of record for
24 the parties except that: (a) any court reporter who transcribes testimony given in this action may
25 maintain any such designated documents for the purpose of rendering his or her normal
26 transcribing services; and (b) partial or complete copies of such documents may be retained by
27 consultants entitled to see such documents under the terms of this Stipulation and Order to the
28 extent necessary for their study, analysis, and preparation of the case. A person with custody of

documents designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY shall maintain them in a manner that limits access to those documents to only those persons entitled under this Order to access them.

**9.2** Unless counsel agree otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision of the Court, all copies of any documents, other than attorney work product, containing designated information produced by a party or third party shall be destroyed or returned to the party or third party producing such documents or writings. Notwithstanding the foregoing, outside counsel of record shall be permitted to retain a file copy of all pre trial, trial, and post trial materials, depositions and deposition exhibits, and document databases.

**9.3** The provisions of this Stipulation and Order apply to all proceedings in this action, including all appeals and proceedings upon remand.

**9.4** A designation pursuant to this Stipulation and Order shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention confidential information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until the parties to this action stipulate that designated information can be disclosed.

**9.5** By entering into this Order, no party waives any objections it might have to the production of any documents, or other form of information, covered by this Order, except that neither party shall refuse to produce documents or respond to any discovery request of the other party based on the assertion that the request seeks CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY information. Nothing in this Order shall preclude the parties from arguing that the Court and/or any appointed Referee can or should review any document or other materials in camera.

**9.6** No party to this action, by entering into this Stipulation and Order, by designating certain information under this Order, or by acquiescing in any other party's or third-party's such designation, shall be deemed to have admitted anything relative to the confidential

1 | status and/or trade secret status of the such information.

     **9.7** Unless (a) it is determined that the Court has no jurisdiction over this lawsuit and another lawsuit is filed in some other court which enters an order similar to this Stipulation and Order, or (b) the Court determines to transfer this lawsuit to another United States District Court, the Court retains jurisdiction even after termination of this action to enforce this Stipulation and Order and to make such deletions from or amendments, modifications, and additions to the Stipulation and Order as the Court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Stipulation and Order or seeking further protection against disclosure or use of claimed confidential information. In the event of transfer to or the filing of a subsequent action in another Court, all enforcement authority over the matters addressed in this Stipulation and Order will rest in the successor court.

DATED: May 30, 2008                         BANKS & WATSON

                                                By:     /s/ James J. Banks
                                                        JAMES J. BANKS
                                                        Attorneys for Plaintiff and Counter-Defendant ERIC GRANT

DATED: May 30, 2008                         BINGHAM McCUTCHEN LLP

                                                        ALSTON HUNT FLOYD & ING

                                                  By:     /s/ Charlene S. Shimada
                                                        CHARLENE S. SHIMADA
                                                        Attorneys for Defendants and Cross-Defendants KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K. KALAMA, in their capacities as Trustees of the Kamehameha Schools/Bernice Pauahi Bishop Estate

| | | |
|---|---|---|
| DATED: May 30, 2008 | | LEVIN & STEIN |
| | | KUNIYUKI & CHANG |
| | By: | /s/ Jerry H. Stein |
| | | JERRY H. STEIN |
| | | Attorneys for Defendants and Counterclaimants JOHN DOE and JANE DOE |

## **ORDER**

On reading and filing the stipulation of the parties hereto and good cause appearing therefor:

IT IS HEREBY ORDERED that the parties' Stipulated Protective Order is GRANTED.

Dated: _____

HON. FRANK C. DAMRELL


**STIPULATED PROTECTIVE ORDER- Case No. 2:08-cv-00672-FCD-KJM**

**ATTACHMENT "A"**

**NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am familiar with the terms of the Stipulated Protective Order ("Order") entered in *Eric Grant v. Kamehameha Schools/Bernice Pauahi Bishop Estate, et al.*, United States District Court for the Eastern District of California Case No. 2:08-cv-00672-FCD-KJM ("Action"), and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further order of the Court. I will not disclose to any individuals, other than those specifically authorized by this Order or by the Court, any information designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the Order ("Information") which is disclosed to me; will not copy, use or disclose any information designated as "CONFIDENTIAL" OR "CONFIDENTIAL-ATTORNEYS' EYES ONLY" except for the purpose of the Action and/or any rights of any of the parties under state or federal law. As a condition to access by me to information designated by a party as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY ("Information"), I subject myself to the jurisdiction of the United States District Court for the Eastern District of California and the jurisdiction of any successor court with jurisdiction over the Action (or any other action in which the information is disclosed) in connection with any alleged breach by me of the Order.

Signature _____

Printed Name _____

Date _____