Alston Hunt Floyd & Ing
PAUL ALSTON (Admitted Pro Hac Vice)
LOUISE K. Y. ING (Admitted Pro Hac Vice)
CLYDE J. WADSWORTH (SBN 118928)
palston@ahfi.com
ling@ahfi.com
cwadsworth@ahfi.com
18th Floor, American Savings Bank Tower
1001 Bishop Street
Honolulu, HI 96813
Telephone: (808) 524-1800
Facsimile: (808) 524-4591

Bingham McCutchen LLP
CHARLENE S. SHIMADA (SBN 91407)
JOHN D. PERNICK (SBN 155468)
ROBERT BRUNDAGE (SBN 159890)
charlene.shimada@bingham.com
john.pernick@bingham.com
robert.brundage@bingham.com
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286

Attorneys for Defendants and Cross-claim Defendants KAMEHAMEHA SCHOOLS/ BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K. KALAMA, in their capacities as Trustees of the Estate of Bernice Pauahi Bishop

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GRANT,<br><br>    Plaintiff,<br><br>    v.<br><br>KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K. KALAMA, in their capacities as Trustees of the Estate of Bernice Pauahi Bishop; JOHN DOE; and JANE DOE,<br><br>    Defendants.<br><br>And Related Counterclaims and Cross-Claims | No. 08-00672 FCD-KJM<br><br>KAMEHAMEHA SCHOOLS DEFENDANTS AND CROSS-CLAIM DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FILED JULY 9, 2008<br><br>Date:      October 31, 2008<br>Time:      10:00 a.m.<br>Courtroom: 2<br>Before: Hon. Frank C. Damrell, Jr. |

687,170 / 8384-4

KAMEHAMEHA SCHOOLS DEFENDANTS AND CROSS-CLAIM DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF MOTION TO DISMISS FILED JULY 9, 2008
CASE NO.08-00672 FCD-KJM

## I. INTRODUCTION

Defendants / Cross Claim Defendants Kamehameha Schools / Bernice Pauahi Bishop Estate and its Trustees (collectively the "Kamehameha Schools Defendants") file this supplemental memorandum in further support of their Motion to Dismiss, filed July 9, 2008.[1] On August 6, 2008 – after the Motion to Dismiss was filed – the Kamehameha Schools Defendants filed a state court complaint in Hawai`i for damages and other relief against Defendants / Cross Claimants John Doe and Jane Doe (collectively "the Does") arising out of the same breach of the same settlement agreement at issue in this federal declaratory relief action. The filing of a state lawsuit dealing with the same subject matter as this action provides another reason for this Court to exercise its discretion to decline to hear this declaratory relief action, as argued in pages 22-24 of the Kamehameha Schools Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-89, 115 S. Ct. 2137, 2143 (1995) (district court has discretion, even absent extraordinary circumstances, to stay or dismiss an action seeking declaratory judgment where a state court action dealing with the same subject matter is pending).

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff Eric Grant ("Grant") filed his Complaint in this action against the Kamehameha Schools Defendants and John Doe and Jane Doe on March 28, 2008. The Complaint seeks only declaratory relief under 28 U.S.C. § 2201. *See* Compl. at ¶¶ 31-34. Specifically, Grant seeks a declaration that he is not liable to the Kamehameha Schools Defendants for breach of the confidentiality provisions in the settlement agreement that resolved *Doe, et al. v. Kamehameha Schools / Bernice Pauahi Bishop Estate*, Civ. No. 1:03-cv-00316-ACK-LEK ("Settlement Agreement"). In support of his request for declaratory relief, Grant alleges that the Kamehameha Schools Defendants through their counsel threatened to sue him and others for breach of the Settlement Agreement. *See* Compl. at ¶ 27.

On August 6, 2008, the Kamehameha Schools Defendants filed a lawsuit in the Circuit

---

[1] Counsel for the other parties in this action have agreed to the filing of this Supplemental Memorandum.

687,170 / 8384-4

Court for the Third Circuit of the State of Hawai`i against the Does for breach of the Settlement Agreement, *Thompson, et al. v. Doe, et al.*, Civ. No. 08-1-0253. *See* attached Exhibit "25." The Complaint in *Thompson* alleges the same breach of the Settlement Agreement's confidentiality provisions that is the basis of the Complaint in this declaratory relief action. The Kamehameha Schools Defendants raise three claims in *Thompson* against the Does: (1) breach of contract; (2) unjust enrichment; and (3) intentional / reckless misrepresentation.

**III.    ARGUMENT**

### A.    This Court Has Discretion to Stay or Dismiss a Declaratory Relief Action Where Another Action Addressing the Same Subject Matter is Pending.

This Court has broad discretion to decline relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 115 S. Ct. 2137, 2143 (1995). In *Wilton*, the Supreme Court addressed the "exceptional circumstances" test for federal court abstention when there is a pending state court case dealing with the same subject matter that was established in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S. Ct. 1236 (1976). The *Wilton* court held that the "exceptional circumstances" test did not apply to a district court's decision to decline to grant declaratory relief. Noting the "unique and substantial discretion" granted to the federal courts by the Declaratory Judgment Act, the Court affirmed that "a district court is authorized, in the sound exercise of its discretion, to stay or dismiss an action seeking a declaratory judgment." *Wilton*, 515 U.S. at 286-88; 115 S. Ct. at 2142-44.

If a party objects to the exercise of the court's discretionary jurisdiction under the Declaratory Judgment Act, the district court must weigh the following factors: "(1) avoid[ing] needless determination of state law issues,...(2) discourag[ing] litigants from filing declaratory actions as a means of forum shopping, and (3) avoid[ing] duplicative litigation." *Government Employees Insurance Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (*en banc*) (numbering added). A parallel state proceeding is not required for a court to exercise its discretion to stay or dismiss a declaratory judgment action: the existence of such a proceeding, however, is an additional factor in favor of abstention. *Id.* As set forth below, all these factors weigh heavily in

favor of a dismissal or stay of the declaratory relief action here in favor of the state court action.

**B.      This Court Should Exercise its Discretion in Favor of Staying or Dismissing This Declaratory Judgment Action.**

**1.      Avoiding Needless Determination of State Law Issues**

The Complaint in this action raises only issues of state law. As the Does conceded in their Ex Parte Motion for Temporary Restraining Order ("TRO Motion"), filed on April 3, 2008, the Settlement Agreement is governed by Hawai`i law. *See* TRO Motion, at 12, n. 4 (*citing Standard Mgmt., Inc. v. Kekona*, 99 Hawai`i 125, 134 (App. 2001) in support of their argument that they did not intend to include Goemans in the definition of "counsel" in the Settlement Agreement). Hawai`i law also controls whether the Kamehameha Schools Defendants' alleged threat to file attachment proceedings was baseless because that remedy is not available in a breach of contract dispute. *See* TRO Motion at pp. 11-12.

Other than procedural issues (such as the Kamehameha Schools Defendants' challenge to personal jurisdiction), state law issues predominate in this action. This factor weighs in favor of abstention. *See Phoenix Assurance PLC v. Marimed Foundation for Island Health Care Training*, 125 F. Supp. 2d 1214, 1221-22 (D. Haw. 2000) ("the likelihood that state issues will predominate" supports abstention).

**2.      Discouraging Forum Shopping**

Grant, by his own admission, filed this preemptive declaratory relief action as a means of forum shopping. His complaint is predicated on the Kamehameha Schools Defendants' alleged threat to file a lawsuit against him and others for breach of the Settlement Agreement. *See* Compl. at ¶ 27. Although, as set forth in more detail in the Kamehameha Schools Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss, the dispute over the Settlement Agreement has almost no connection to this district, Grant chose to file here, apparently in search of a more convenient forum.[2]

---

[2] In the settlement agreement that arose from the first lawsuit Grant filed against the Does, Grant placed himself essentially in the role of the Does' insurer, by committing to provide funds to indemnify and defend them against certain claims relating to breach of the underlying settlement agreement. There are no restrictions on where Grant was obligated to perform those obligations, and the Does will not lose the benefit of their bargain if Grant is obligated to fund the Does'

The fact that Grant won the race to the courthouse is entitled to no weight in determining whether this Court should abstain. *Wilton* itself involved a federal declaratory relief action that was filed over one month *before* the parallel state action. *See Wilton*, 515 U.S. at 280, 115 S. Ct. at 2139. *See also Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir. 2002) ("the fact that Hartford won the race to the courthouse by several days does not place it in a preferred position"); *Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872, 875 (8th Cir. 2000) (district court abused its discretion by maintaining jurisdiction over federal declaratory relief action that duplicated state proceeding, even though federal action was filed *six months* before state court proceeding raising the same coverage issues). Even though Grant filed first, this action is precisely the sort of "reactive" declaratory judgment action disfavored by *Dizol* and other Ninth Circuit precedent. *See Dizol*, 133 F.3d at 1225 ("federal courts should generally decline to entertain reactive declaratory relief actions"); *Continental Casualty Co. v. Robsac Industries*, 947 F.2d 1367, 1372-73 (9th Cir. 1991), *over'd in part on other grounds by Dizol*, 133 F.3d at 127 (for purposes of forum shopping analysis, the federal declaratory relief action is "reactive" – whether it is filed before or after the state court action – if the federal plaintiff "hoped to preempt any state court proceeding").

### 3. Avoiding Duplicative Litigation

Staying or dismissing this declaratory relief action will also avoid duplicative litigation. If this action is not stayed or dismissed, this Court and the Hawai`i Circuit Court will simultaneously be asked to resolve exactly the same factual and legal issues arising from the breach of the Settlement Agreement, including whether Goemans was one of the Does' "counsel" for purposes of that agreement and who (between and among the Does, Goemans, and Grant) bears financial responsibility for the breach. There is no reason for two courts to consider the same issues at the same time. This factor also supports abstention in this case.

/

/

---

defense in Hawai`i.

#### 4. Existence of Parallel Proceedings

The fact that Grant is not yet a party to the Hawai`i Circuit Court action does not mean that the Hawai`i action is not "parallel" for purposes of the *Dizol* test. Whether proceedings are "parallel" for purposes of *Dizol* does not depend on a complete identity of parties and issues between the actions. *See Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796 (9th Cir. 1995), *over'd in part on other grounds by Dizol*, 133 F.3d at 127 (district court abused its discretion in granting declaratory relief when related state court proceedings were pending: fact that declaratory relief plaintiff was not a party to state case was not dispositive because that plaintiff could seek declaratory relief from the state court); *Phoenix Assurance PLC*, 125 F. Supp. 2d at 1222-23 (declining to grant declaratory relief post-*Dizol* even though declaratory relief plaintiff was not a party to state court action: because "there are state court proceedings with overlapping questions," "the fact that the Underwriters are not a party [to the state court proceedings] should be inconsequential").

Whether the actions are parallel depends on whether the state action and the federal declaratory judgment action arise "from the same factual circumstances." *Golden Eagle Insurance Co. v. Travelers Cos.*, 103 F.3d 750, 754-55 (9th Cir. 1996), *over'd in part on other grounds by Dizol*, 133 F.3d at 127. Here, it cannot be disputed that this declaratory relief action arises from the same factual circumstances as the Hawai`i Circuit Court action: the *Doe* settlement and the breach of confidentiality provision of the Settlement Agreement. For purposes of *Dizol*, this action and the Hawai`i Circuit Court action are parallel.[3] This also weighs in favor of abstention.

### IV. CONCLUSION

All the *Dizol* factors weigh in favor of abstention in this case. For this reason, this action should be stayed or dismissed in favor of the pending Hawai`i Circuit Court action addressing the same factual and legal issues.

---

[3] It is likely that the *Does* as defendants in the Hawai`i Circuit Court action will assert a third-party claim against Grant for indemnity. In that case, it would be even clearer that the two proceedings are parallel.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: August 29, 2008 | ALSTON HUNT FLOYD & ING |
| 3 | | BINGHAM McCUTCHEN LLP |
| 4 | | By: /s/ Paul Alston<br>    PAUL ALSTON<br>    LOUISE K. Y. ING<br>    CLYDE J. WADSWORTH |
| 5 | | |
| 6 | | Attorneys for Defendants and Cross-Claim Defendants KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K. KALAMA, in their capacities as Trustees of the Kamehameha Schools/Bernice Pauahi Bishop Estate |