

1   Eric Grant (Bar No. 151064)
    Attorney at Law
2   8001 Folsom Boulevard, Suite 100
    Sacramento, California 95826
3   Telephone:  (916) 388-0833
    Facsimile:   (916) 691-3261
4   E-Mail:      grant@eric-grant.com

5   James J. Banks (Bar No. 119525)
    Banks & Watson
6   Hall of Justice Building
    813 6th Street, Suite 400
7   Sacramento, California 95814
    Telephone:  (916) 325-1000
8   Facsimile:   (916) 325-1004
    E-Mail:      jbanks@bw-firm.com

9
    Counsel for Plaintiff and
10  Counter-Defendant ERIC GRANT

11

12              UNITED STATES DISTRICT COURT

13             EASTERN DISTRICT OF CALIFORNIA

14  ERIC GRANT,                          )  No. 2:08-cv-00672-FCD-KJM
                                         )
15          Plaintiff,                   )
                                         )
16      v.                               )  **PLAINTIFF AND COUNTER-DEFENDANT**
                                         )  **ERIC GRANT'S NOTICE OF MOTION,**
17  KAMEHAMEHA SCHOOLS/BERNICE           )  **MOTION FOR SUMMARY JUDGMENT,**
    PAUAHI BISHOP ESTATE; J. DOUGLAS     )  **AND BRIEF IN SUPPORT THEREOF**
18  ING, NAINOA THOMPSON, DIANE J.       )  **[Fed. R. Civ. P. 56(a); L.R. 56-260(a)]**
    PLOTTS, ROBERT K.U. KIHUNE, and      )
19  CORBETT A.K KALAMA, in their         )
    capacities as Trustees of the Kamehameha )
20  Schools/Bernice Pauahi Bishop Estate; )  Hearing Date:  Oct. 31, 2008
    JOHN DOE; and JANE DOE,              )  Time:          10:00 a.m.
21                                       )  Courtroom:     2
            Defendants.                  )  Judge:         Hon. Frank C. Damrell, Jr.
22  _____     )

23  JOHN DOE and JANE DOE,               )
                                         )
24          Counter-Claimants,           )
                                         )
25      v.                               )
                                         )
26  KAMEHAMEHA SCHOOLS/BERNICE           )
    PAUAHI BISHOP ESTATE, et al.,        )
27                                       )
            Counter-Defendants.          )
28  _____     )

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone:  (916) 388-0833

Dockets.Justia.com

**NOTICE OF MOTION**

TO DEFENDANTS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on October 31, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, located at 501 "I" Street, Sacramento, California, Plaintiff and Counter-Defendant Eric Grant ("Grant") will move for summary judgment as set forth below.

**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(a) and Local Rule 56-260(a), the pleadings on file, together with the declarations filed herewith, show that there is no genuine issue as to any material fact and that Grant is entitled to judgment as a matter of law. Specifically, Grant seeks a judgment

(a) against Defendant Kamehameha Schools/Bernice Pauahi Bishop Estate, along with Defendants J. Douglas Ing, Nainoa Thompson, Diane J. Plotts, Robert K.U. Kihune, and Corbett A.K. Kalama, in their capacities as Trustees of the Kamehameha Schools/Bernice Pauahi Bishop Estate (collectively, "KSBE"), declaring that Grant is not liable in any manner to KSBE in contract or in tort or on any other basis whatsoever—whether for money damages or for any other kind of relief—with respect to, pertaining to, or arising from any alleged breach of the Doe-KSBE settlement agreement by any person, or for any alleged disclosures of confidential information by John Goemans, or for any related matter; and

(b) against Defendants and Counter-Claimants John Doe and Jane Doe ("the Does")

(1) declaring, on Grant's Claim for Relief, that Grant is not liable in any manner to the Does in contract or in tort or on any other basis whatsoever—whether for money damages or for any other kind of relief—with respect to, pertaining to, or arising from any alleged breach of the Doe-KSBE settlement agreement by any person, or for any alleged disclosures of confidential information by John Goemans, or for any related matter;

(2) declaring, on the Does' Third, Fourth, and Fifth Counter-Claims for Relief, that the Does are *not* entitled to indemnity, in whole or in part, from Grant for any sum the Does may pay to KSBE; and also that the Does are *not* entitled to indemnity, in whole or in part, from

Grant for any costs, expenses, or attorney's fees the Does have incurred or will incur either (i) in defending themselves against claims by KSBE or any other party to this action, or (ii) in prosecuting their counter-claims and cross-claims; and

(3) for all reasonable costs, expenses, and attorneys' fees incurred by Grant as a result of this action.

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

MOTION FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.     Grant Is Entitled to a Declaratory Judgment Against KSBE . . . . . . . . . . . . . . . . . . . . . 2

     A.     Declaratory Relief Is Appropriate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

         1.     There Is an Actual Controversy Between Grant and KSBE . . . . . . . . . 3

         2.     The Court Should Exercise its Discretion to Award Relief . . . . . . . . . . 6

     B.     Grant Is Not Liable to KSBE for Breach of Contract . . . . . . . . . . . . . . . . . . . . . 7

         1.     Grant Had No Contractual Relationship with KSBE . . . . . . . . . . . . . . . 7

         2.     Grant Did Not Breach Any Contractual Duty to KSBE . . . . . . . . . . . . . 8

     C.     Grant Is Not Liable to KSBE in Tort . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

         1.     Intentional Torts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

         2.     Negligence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

         3.     Vicarious Liability . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

II.    Grant Is Entitled to a Declaratory Judgment Against the Does . . . . . . . . . . . . . . . . . . . 14

     A.     Declaratory Relief Is Appropriate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

     B.     Grant Is Not Liable to the Does on Any Ground Alleged by Them . . . . . . . . . 14

         1.     Equitable or Implied Indemnity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

         2.     Express Indemnity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

**Cases**

*American Motorcycle Association v. Superior Court*,
20 Cal. 3d 578 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*,
7 Cal. 4th 503 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Bay Development, Ltd. v. Superior Court*,
50 Cal. 3d 1012 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Chesebrough-Pond's, Inc. v. Faberge, Inc.*,
666 F.2d 393 (9th Cir.), *cert. denied*, 459 U.S. 967 (1982) . . . . . . . . . . . . . . . . . . . . . 4-6

*City of Huntington Beach v. City of Westminster*,
57 Cal. App. 4th 220 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Coca-Cola Bottling Co. v. Lucky Stores, Inc.*,
11 Cal. App. 4th 1372 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Dore v. Arnold Worldwide, Inc.*,
39 Cal. 4th 384 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Far West Financial Corp. v. D&S Co., Inc.*,
46 Cal. 3d 796 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Filippo Industries, Inc. v. Sun Insurance Co.*,
74 Cal. App. 4th 1429 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*GEICO v. Dizol*,
133 F.3d 1220 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
896 F.2d 1542 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

*Heritage Oaks Partners v. First American Title Ins. Co.*,
155 Cal. App. 4th 339 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Japan Gas Lighter Association v. Ronson Corp.*,
257 F. Supp. 219 (D.N.J. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Lugtu v. California Highway Patrol*,
26 Cal. 4th 703 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*,
312 U.S. 270 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Mission Insurance Co. v. Hartford Insurance Co.*,
155 Cal. App. 3d 1199 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

*Mitsui Sumitomo Insurance Co. v. Delicato Vineyards,*
    No. CIV. S-06-2891 FCD GGH (E.D. Cal. May 10, 2007) . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Munoz v. Davis,*
    141 Cal. App. 3d 420 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Nicole M. v. Sears, Roebuck & Co.,*
    76 Cal. App. 4th 1238 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Pacific Gas & Electric Co. v. Bear Stearns & Co.,*
    50 Cal. 3d 1118 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Platt v. Coldwell Banker Residential Real Estate Services,*
    217 Cal. App. 3d 1439 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ramirez v. Plough, Inc.,*
    6 Cal. 4th 539 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Rhoades v. Avon Products, Inc.,*
    504 F.3d 1151 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-6

*Robison v. Six Flags Theme Parks Inc.,*
    64 Cal. App. 4th 1294 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Seamen's Bank v. Superior Court,*
    190 Cal. App. 3d 1485 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Sharon P. v. Arman,*
    21 Cal. 4th 1181 (1999), *cert. denied*, 530 U.S. 1243 (2000) . . . . . . . . . . . . . . . . . . . 13

*Societe de Conditionnement en Aluminum v. Hunter Engineering*
    *Co., Inc.*, 655 F.2d 938 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-5, 7

*Sony Electronics, Inc. v. Guardian Media Technologies, Ltd.,*
    497 F.3d 1271 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Spokane Indian Tribe v. United States,*
    972 F.2d 1090 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Standard Pacific v. A.A. Baxter Corp.,*
    176 Cal. App. 3d 577 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

**Page**

**Statutes and Rule**

Declaratory Judgment Act, 28 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Civil Code § 1714.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal. Ins. Code § 11580 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal. Veh. Code § 17150 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Cal. R. Prof. Conduct 3-700 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**Other Authority**

6 B.E. Witkin, *Summary of California Law: Torts* (10th ed. 2005) . . . . . . . . . . . . . . . . . . . 12-14

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

Plaintiff and Counter-Defendant Eric Grant ("Grant") brought this action against KSBE[1] and against John and Jane Doe ("the Does"), seeking a declaration that he is not liable in any manner to any of those parties for an alleged breach of a settlement agreement between the Does and KSBE resulting from alleged disclosures of confidential information by non-party John Goemans. KSBE has filed a motion to dismiss and a motion to transfer venue, to which Grant will separately respond. Because the essential facts are undisputed, and because on those facts Grant is entitled to judgment against both KSBE and the Does as a matter of law, he hereby moves for summary judgment. As demonstrated below, Defendants' putative claims against Grant are legally and factually groundless, and the Court should so declare without further delay.

**STATEMENT OF FACTS[2]**

As the Court well knows from the numerous previous filings in this case, Grant served as counsel to the Does in a federal civil rights action against KSBE. That litigation began in June of 2003, when the Does filed their complaint in federal district court in Hawaii, and ended in May of 2007, when the Does and KSBE reached a settlement while their dispute was pending in the U.S. Supreme Court. The agreement memorializing the settlement, cited herein as the "Doe-KSBE Settlement Agreement," obligated KSBE to pay the Does a sum of money in exchange for a dismissal of the Does' claims against KSBE, and in particular a dismissal of the Does' pending petition for certiorari in the Supreme Court. The parties to the agreement performed those obligations without incident. *See generally* KSBE's Memorandum of Points and Authorities in Support of Motion to Dismiss ("KSBE Dismiss Mem.") 1-4 (doc. 51, filed July 9, 2008).

For present purposes, the crucial provision of the Doe-KSBE Settlement Agreement was a confidentiality provision under which (as KSBE describes it) "no signatory or releasee—'including

---

[1] "KSBE" stands for Defendant Kamehameha Schools/Bernice Pauahi Bishop Estate, along with Defendants J. Douglas Ing, Nainoa Thompson, Diane J. Plotts, Robert K.U. Kihune, and Corbett A.K. Kalama, in their capacities as Trustees of the Kamehameha Schools/Bernice Pauahi Bishop Estate.

[2] The following section is a very broad factual overview. The facts relevant to particular aspects of Grant's arguments are set out in detail, with supporting citations to the accompanying Statement of Undisputed Facts, in the appropriate sections below.

Eric Grant, Attorney at Law
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

counsel'—would disclose the Does' names or any term of the Settlement Agreement . . . specifically includ[ing] the settlement amount." *Id.* at 4:4-6. Despite this provision, the putative amount and other terms of the Doe-KSBE settlement were disclosed to the Honolulu media on February 7, 2008. All parties agree that the person who made these disclosures was John Goemans, a lawyer who at one time (the Does and KSBE dispute precisely when the relationship ended) served as the Does' counsel in the underlying civil rights litigation and who learned of the settlement's terms in that capacity. *See* Statement of Undisputed Facts ("SUF") ¶ 3, at 2 (filed concurrently herewith) (source of Goemans' knowledge); *id.* ¶ 4, at 2 (Goemans as Does' counsel); *id.* ¶ 11, at 4 (fact of Goemans' disclosure).

What the parties dispute, of course, is who is responsible for Goemans' disclosures or, to be more precise, who if anyone will have to compensate KSBE for the literally *millions* of dollars in damages it has allegedly suffered as a result of those disclosures. KSBE says that the Does and Grant are responsible; it has already sued the Does in Hawaii and is holding the threat of suit over Grant's head. The Does say that if anyone is responsible, it is Goemans and Grant; they have sued Grant in the present case. Grant says that he—as a non-party to the Doe-KSBE Settlement Agreement and as the person who took extraordinary measures to *prevent* Goemans from doing what he did—is indisputably *not* responsible regardless of who else might be; he brought this action, and brings the present motion, to obtain a judgment so declaring.

**ARGUMENT**

Grant seeks distinct though similar declaratory relief against KSBE and against the Does. As set out below, there is no genuine issue as to any material fact, and so Grant is entitled to such relief as a matter of law.

**I.   Grant Is Entitled to a Declaratory Judgment Against KSBE.**

Though KSBE has not filed its compulsory counter-claims, the essence of KSBE's putative claims against Grant is readily apparent from its pleadings: Grant is somehow legally responsible for an alleged breach of a settlement agreement to which he was *not* a party and where such breach was indisputably accomplished by another person's disclosures made in direct violation of a court order that Grant himself obtained in an attempt to prevent those disclosures. As explained below,

Eric Grant, Attorney at Law
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

1 KSBE's putative claims against Grant are legally and factually groundless, and Grant is entitled as

2 a matter of law to a judgment so declaring.

### A. Declaratory Relief Is Appropriate.

4 The Declaratory Judgment Act provides: "In a case of actual controversy within its juris-

5 diction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare

6 the rights and other legal relations of any interested party seeking such declaration, whether or not

7 further relief is or could be sought." 28 U.S.C. § 2201(a). We consider in turn whether there is an

8 "actual controversy" between Grant and KSBE and whether this Court should exercise its discre-

9 tion to "declare the rights and other legal relations" of those parties.[3]

### 1. There Is an Actual Controversy Between Grant and KSBE.

11 In one of the leading cases in the field, the Ninth Circuit observed that "[t]he 'actual con-

12 troversy' requirement of the [Declaratory Judgment] Act is the same as the 'case or controversy'

13 requirement of Article III of the United States Constitution." *Societe de Conditionnement en Al-*

14 *uminum v. Hunter Engineering Co., Inc.*, 655 F.2d 938, 942 (9th Cir. 1981) (*SCAL*). In that case,

15 moreover, the court of appeals worked to "formulat[e] a standard" for determining "whether a par-

16 ticular action is a case or controversy within the meaning of Article III." *Id.* at 943-44.

17 The Ninth Circuit began by reiterating some "familiar general principles": "Basically, the

18 question in each case is whether the facts alleged, under all the circumstances, show that there is a

19 substantial controversy, between parties having adverse legal interests, of sufficient immediacy and

20 reality to warrant the issuance of a declaratory judgment." *Id.* at 942 (quoting *Maryland Casualty*

21 *Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The court of appeals then fleshed out

22 these general principles with two specific innovations.

23 First, the Ninth Circuit acknowledged that the Declaratory Judgment Act addresses more

24 than just imminent disputes; rather, the Act "was designed to relieve potential defendants from the

25 ─────────────
[3] As stated in § 2201(a), the controversy must be "within [the] jurisdiction" of the federal courts.
26 Here, of course, the controversy is within the diversity jurisdiction of the federal courts. *See* Com-
plaint ¶ 1, at 1 (doc. 1, filed Mar. 28, 2008). In its motion to dismiss, KSBE argues that "the Court
27 lacks subject matter jurisdiction because there is not complete diversity when the parties are cor-
rectly aligned." KSBE Dismiss Mem. 7:12-13 (section heading). Grant will address this argument
28 in his opposition to KSBE's motion.

Eric Grant, Attorney at Law
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

1 Damoclean threat of impending litigation which a harassing adversary might brandish, while ini-

2 tiating suit at his leisure or never." *Id.* at 943 (quoting *Japan Gas Lighter Association v. Ronson*

3 *Corp.*, 257 F. Supp. 219, 237 (D.N.J. 1966)), *quoted in Hal Roach Studios, Inc. v. Richard Feiner*

4 *& Co., Inc.*, 896 F.2d 1542, 1556 (9th Cir. 1990), *quoted in Spokane Indian Tribe v. United States*,

5 972 F.2d 1090, 1091 (9th Cir. 1992); *accord, e.g., Sony Electronics, Inc. v. Guardian Media Tech-*

6 *nologies, Ltd.*, 497 F.3d 1271, 1284 (Fed. Cir. 2007) (acknowledging that "the Declaratory Judg-

7 ment Act was intended to fix the problem that arises when the other side does not sue"). In effect,

8 the Act "brings to the present a litigable controversy, which otherwise might only by tried in the

9 future." *SCAL*, 655 F.2d at 943.

10         Second, like KSBE in the present case, the parties in *SCAL* believed that "an actual threat

11 of litigation must be made by the [federal defendant] for a case or controversy to exist"; however,

12 the Ninth Circuit concluded that "the Constitution has a much lower threshold than this standard

13 would suggest." *Id.* at 944. In fact, the standard "is less strict than an actual threat of litigation."

14 *Id.* As the court has reaffirmed in later cases, "the requirements of the Declaratory Judgment Act

15 [are] satisfied 'if the plaintiff has a real and reasonable apprehension that he will be subject to lia-

16 bility.' " *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir.) (quoting *SCAL*,

17 655 F.2d at 944), *cert. denied*, 459 U.S. 967 (1982); *accord, e.g., Hal Roach Studios*, 896 F.2d at

18 1555; *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007). This Court has only

19 recently applied this standard: "A specific threat of imminent litigation is not necessary to show

20 that the declaratory relief plaintiff held a real and reasonable apprehension that he would be sub-

21 ject to liability." *Mitsui Sumitomo Insurance Co. v. Delicato Vineyards*, No. CIV. S-06-2891 FCD

22 GGH, slip op. at 10:16-18 (E.D. Cal. May 10, 2007).[4]

23         Subsequent decisions have clarified that in applying "reasonable apprehension" standard,

24 the Ninth Circuit has "focused upon the position and perceptions of the *plaintiff*, declining to iden-

25 tify specific acts or intentions of the defendant that would automatically constitute a threat of liti-

26 gation"; instead, a court is to examine "the acts of the defendant" generally, in order "to determine

---

27

28 [4] A copy of the quoted opinion is reproduced as Exhibit 1 to the Appendix of Non-Standard Auth-
orities filed concurrently herewith.

Plaintiff and Counter-Defendant Eric Grant's Motion for Summary Judgment

if the threat perceived by the plaintiff [is] real and reasonable." *Chesebrough-Pond's*, 666 F.2d at 396 (emphasis added), *quoted in Rhoades*, 504 F.3d at 1157. In short, the Ninth Circuit "requires a flexible approach that is oriented to the reasonable perceptions of the plaintiff." *Chesebrough-Pond's*, 666 F.2d at 396, *quoted in Hal Roach Studios*, 896 F.2d at 1556.

Applying these principles to the present case leads easily to the conclusion that there is an actual controversy between Grant and KSBE. First, even if it is true that KSBE "*presently* has no intention to sue Mr. Grant," KSBE is nonetheless expressly "reserving all of its rights and claims" against Grant. SUF ¶ 18, at 5 (emphasis added). Thus, KSBE is brandishing over Grant the very "Damoclean threat of impending litigation" that Declaratory Judgment Act was exactly "designed to relieve." *SCAL*, 655 F.2d at 943. In other words, KSBE is the very exemplar of the "harassing adversary" who coyly reserves the right to "initiat[e] suit at [its] leisure or never." *Id.* But the Act "brings to the present" KSBE's maybe-sometime/maybe-never suit against Grant—and makes it "a litigable controversy." *Id.*

Second, Grant need not show "an actual threat of litigation" by KSBE; instead, Grant need show "a much lower threshold," specifically whether he has "a real and reasonable apprehension" that he will be sued by KSBE in relation to the alleged breach of the Doe-KSBE Settlement Agreement. *Id.* Grant does indeed have such an apprehension in light of the following undisputed facts:

- Before this action was filed, KSBE's then-counsel David Schulmeister stated to the Does' counsel that although KSBE "initially . . . believed that Grant had no potential liability resulting from Goemans' disclosure to the press, and intended only to pursue it claims against the Does," KSBE subsequently determined (based on new information) that it "was going to reserve its claims against both Grant and the Does." SUF ¶ 14, at 4.

- Also before this action was filed, Grant asked KSBE's counsel Kathleen Sullivan to assure him that KSBE had *not* threatened to sue him for breach of the Settlement Agreement. Although Ms. Sullivan did acknowledge receiving Grant's message, she never provided the requested assurance. *See* SUF ¶ 15, at 5.

- Less than two weeks after this action was filed, Grant offered to dismiss KSBE in exchange for KSBE's enforceable acknowledgment that "it has no claim for breach of the settlement agreement against [Grant]"; that offer would not have required KSBE to pay any damages, attorney's fees, or costs to Grant. KSBE did not accept Grant's offer. *See* SUF ¶ 16, at 5.

- Indeed, the very next day, in an e-mail message sent to Grant's counsel, KSBE's counsel Paul Alston reiterated that although KSBE "has no present intention to sue Mr. Grant," it is "not correct to say that [KSBE] has decided it has no claims against Mr. Grant." Moreover, Alston stated that KSBE "is still in the process of evaluating its rights and claims" against Grant and others. SUF ¶ 17, at 5.

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

- In a separate message that same day, Alston assured the Does' counsel that KSBE does not "presently intend to sue your clients." SUF ¶ 18, at 5. Yet not more than four months later, KSBE did indeed sue the Does in Hawaii Circuit Court. *See* SUF ¶ 19, at 5.

- KSBE has informed this Court that it expects "the Hawaii Circuit Court will . . . be asked to resolve . . . who (between and among the Does, Goemans, *and Grant*) bears financial responsibility for the breach" of the Doe-KSBE Settlement Agreement. KSBE Supplemental Memorandum in Support of Motion to Dismiss 4:19-23 (doc. 80, filed Aug. 29, 2008) (emphasis added).

Under the Ninth Circuit's "flexible approach that is oriented to the reasonable perceptions of the plaintiff," *Chesebrough-Pond's*, 666 F.2d at 396, the foregoing facts are more than sufficient to establish a "case or controversy" between Grant and KSBE. If not actually threatening to sue Grant, KSBE has hinted that such a suit is in the works: as quoted above, the Hawaii Circuit Court "will . . . be asked" to determine whether Grant, among others, bears responsibility for the alleged breach of the Settlement Agreement. *Cf. Rhoades*, 504 F.3d at 1157 (observing that in the present context, a threat "does not have to be said in so many words" but "can be expressed in the attitude of the defendant as expressed[, for example,] in 'circumspect language in a letter' "). Moreover, the hint is all the more ominous for Grant in light of KSBE's course of conduct vis-à-vis the Does: having assured their counsel that it does not "presently intend to sue your clients," SUF ¶ 18, at 5, KSBE did indeed the Does just a few months later. Finally, the Ninth Circuit has recognized that it is highly relevant, in these circumstances, that the party in KSBE's position "has not indicated to [the plaintiff] that it will *not* institute [a future] action" against him. *Hal Roach Studios*, 896 F.2d at 1556 (emphasis in original).

Accordingly, the dispute between Grant and KSBE presents a "case or controversy" within the meaning of Article III and an "actual controversy" under the Declaratory Judgment Act.

### 2. The Court Should Exercise its Discretion to Award Relief.

As this Court has recently stated, "even when subject matter jurisdiction exists, the district court may, in the exercise of its discretion, decline to entertain the action." *Mitsui Sumitomo*, slip op. at 11:12-14 (citing *GEICO v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc)). Even so, " 'there is no presumption in favor of abstention in declaratory actions,' " and a "court's decision to abstain from entertaining such a suit must be based on more than 'whim or personal disinclination.' " *Id.* at 12:1-6 (citing *GEICO v. Dizol*, 133 F.3d at 1225).

KSBE has advanced several abstention-related arguments in Part III.C of its motion to dismiss.  *See* KSBE Dismiss Mem. 22-24; KSBE Supplemental Memorandum in Support of Motion to Dismiss 2-5 (doc. 80, filed Aug. 29, 2008).  Grant will address those arguments in his opposition to KSBE's motion.  In the present context, it is sufficient to observe that the Declaratory Judgment Act "was designed to relieve" parties like Grant of precisely what he faces here:  "the Damoclean threat of impending litigation" brandished by "a harassing adversary" like KSBE.  *SCAL*, 655 F.2d at 942.  For this reason, the Court ought to exercise its discretion to hear and resolve the merits—especially when, as demonstrated below, they are so simple.

### B.     Grant Is Not Liable to KSBE for Breach of Contract.

Putting aside for a moment possible contract-*related* theories that actually sound in tort, we consider first whether Grant is liable to KSBE for a breach of contract.  For two reasons, he most assuredly is not:  (1) Grant had no contractual relationship with KSBE; and (2) in the alternative, Grant did not breach any contractual duty to KSBE.

### 1.     Grant Had No Contractual Relationship with KSBE.

According to KSBE, the "principal issue" in this action is "whether any actionable breach of contract has occurred."  KSBE Dismiss Mem. 9:25 n.48.  That formulation masks the obvious question:  breach of *what* contract?  Fortunately, KSBE has told us plainly:  more specifically, the "principal issue . . . is whether [KSBE] has a claim for breach of *the settlement agreement in the underlying litigation* (the 'Settlement Agreement')."  *Id.* at 1:5-6 (emphasis added); *accord, e.g., id.* at 6:9-10 (alleging a "flagrant breach of the confidentiality provisions of the Settlement Agreement"); *id.* at 6:11-12 (recounting that KSBE's counsel stated that KSBE "believed the Settlement Agreement had been breached and that [KSBE] was entitled to damages"); *id.* at 8:28-9:1 (referring to KSBE's putative "claim for breach of the Settlement Agreement based upon Goemans' disclosures"); *id.* at 23:6-7 (referring also to KSBE's alleged "damages caused by the past breach of the Settlement Agreement").

It is undisputed that Grant was *not* a party to the Doe-KSBE Settlement Agreement.  Here is what KSBE itself says on this point:  "By its express terms, the Settlement Agreement was 'by and between' [1] the Does and [2] the then-current and former trustees of [KSBE]."  *Id.* at 3:16-17.

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

Plaintiff and Counter-Defendant Eric Grant's Motion for Summary Judgment

Moreover, KSBE concedes that as a mere negotiator on behalf of the Does, Grant himself "had no authority to reach a binding agreement" with KSBE; "[o]nly the clients . . . had that power." *Id.* at 3:11-12. As a non-party to the Settlement Agreement, Grant cannot possibly be liable for breaching that agreement. *See, e.g., Filippo Industries, Inc. v. Sun Insurance Co.*, 74 Cal. App. 4th 1429, 1443 (1999) ("It is clear . . . that an agent cannot be held liable for breach of a duty which flows from a contract to which he is not party."); *Mission Insurance Co. v. Hartford Insurance Co.*, 155 Cal. App. 3d 1199, 1215 (1984) ("[W]e fail to see how the contract could be enforced as to Hartford, a 'non-party' to the agreement.").

### 2. Grant Did Not Breach Any Contractual Duty to KSBE.

If, contrary to the foregoing, Grant did assume a contractual duty directly to KSBE, he in fact did not breach that duty.

*First*, what was the relevant duty? As specified by the confidentiality provision of the Settlement Agreement, it was (with certain important exceptions) the duty not to

> disclose, provide, furnish or deliver, or permit to be disclosed, provided, furnished or delivered, . . . all or any part of this Settlement Agreement and General Release or any copy hereof or any information relating to the amount or any term or provision hereof, or any communication, negotiation or document relating to any of the foregoing.

SUF ¶ 1, at 1.

*Second*, did Grant breach that duty? Certainly not. Undoubtedly, there was a disclosure of the putative amount and other terms of the Doe-KSBE settlement. As KSBE concedes, however, it was *Goemans*—not Grant—who made this disclosure: "[O]n February 7, 2008, Goemans spoke by telephone with representatives of newspapers and television stations in Hawaii. In those interviews, Goemans disclosed what he claimed to be the amount of the settlement between the Does and [KSBE]." SUF ¶ 11, at 4 (quoting KSBE Dismiss Mem. 6:3-6); *accord* SUF ¶ 13, at 4 (declaration by Grant that he "never disclosed provided or furnished or delivered to the Honolulu media any information relating to the Doe-KSBE settlement that had not already been disclosed to the public by KSBE").

If Grant himself did not make any prohibited disclosures, did Grant nevertheless "permit" Goemans to make such disclosures within the meaning of the foregoing confidentiality provision?

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

1 Again, certainly not. This is apparent if we consider the three ways in which Grant might conceiv-

2 ably be said to have "permit[ted]" Goemans' disclosures.

3      • *Grant told Goemans the amount of the (proposed) settlement payment.* This is both true

4 and irrelevant. It is undisputed that Grant provided this information to Goemans well *before* the

5 Does executed any settlement document—and thus well before any contractual duty of confiden-

6 tiality could have arisen. *See* SUF ¶ 3, at 2. Moreover, Grant reasonably believed at the time that

7 Goemans was then acting as the Does' counsel. *See* SUF ¶ 4, at 2. Accordingly, even if (contrary

8 to fact) the contractual duty of confidentiality had already arisen, Grant's disclosure to Goemans

9 would have fallen within the confidentiality provision's express exception for disclosures "to ob-

10 tain . . . legal . . . advice." SUF ¶ 1, at 1.

11      • *"[A]n attorney representing Grant breached the confidentiality clause by mailing a copy*

12 *of the agreement to Goemans last year."* So Goemans is reported to have stated. *See* Declaration

13 of Jane Doe, Exh. 3, at 3 (doc. 9-4, filed Apr. 3, 2008). But in fact, Grant's counsel did *not* mail a

14 copy of the Settlement Agreement to Goemans. *See* SUF ¶ 6, at 3. What really occurred was that

15 in June of 2007, the Does' then-counsel wrote to Grant's counsel, complained that Jane Doe "has

16 made multiple requests for this Settlement Agreement to date," and demanded that Grant's counsel

17 "provide [him] a copy of the Settlement Agreement executed by [Jane Doe]." SUF ¶ 5, at 2. As

18 the Doe's former lawyer, Grant obviously had no choice but to heed this demand.[5] Accordingly,

19 Grant's counsel did indeed send a copy of the Agreement to Jane Doe through her then-counsel. If

20 Jane Doe subsequently provided a copy to Goemans—either directly or through counsel—Grant

21 cannot fairly be charged with that action.

22      • *Although Grant did ask the Sacramento Superior Court to issue a protective order bar-*

23 *ring Goemans from disclosing any of the confidential terms of the Settlement Agreement, he only*

24 *did so "belatedly."* So KSBE charges. *See* KSBE Dismiss Mem. 5:22-24. In the first place, the

25 ─────────────────

26 [5] *See, e.g.*, Cal. R. Prof. Conduct 3-700(D)(1) ("A member whose employment has terminated shall . . . [s]ubject to any protective order or non-disclosure agreement, promptly release to the client, at the request of the client, all the client papers and property."). This duty is, of course, "[s]ubject to

27 . . . any non-disclosure agreement." There can be no reasonable argument, however, that the Settlement Agreement's non-disclosure provision precluded Jane Doe from obtaining a copy of that

28 Agreement, which she herself had executed and to which she herself was a party.

Eric Grant, Attorney at Law
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

notion that Grant somehow "permit[ted]" Goemans to make his disclosures because Grant did not affirmatively seek a protective order on what KSBE now deems a "timely" basis is ridiculous. In any event, Grant's efforts in this regard were timely, not to mention extraordinary. Goemans made his disclosures on February 7, 2008. That was nearly three weeks after Grant had filed a noticed motion in the Sacramento Superior Court for a protective order against Goemans, seeking to compel him to abide by the confidentiality provisions of the Settlement Agreement. *See* SUF ¶ 9, at 3. When Goemans in the interim made additional threats to disclose confidential information, Grant did not wait for his motion to be heard as noticed. Rather, Grant sought—and on February 5, 2008 obtained—a temporary protective order on an ex parte basis; that order expressly prohibited Goemans from "[d]isclosing, except as set forth in the written Settlement Agreement, any of the terms of the settlement reached in the [Doe-KSBE] Litigation." SUF ¶ 10, at 3. As Goemans has admitted both in and out of court, he received actual personal notice of the order that very afternoon, or two days before he made his disclosures to the Honolulu media. *See* SUF ¶ 12, at 4. Indeed, as KSBE acknowledges, Goemans spoke to the media "[d]*espite* the newly issued protective order issued by the Superior Court" as a result of Grant's efforts. KSBE Dismiss Mem. 6:3 (emphasis added).

In light of the foregoing, Grant cannot be said to have "permit[ted]" Goemans to make his disclosures within the meaning of the confidentiality provision of the Settlement Agreement. To the contrary, Grant did everything reasonably possible to *prevent* Goemans from making his disclosures. For that reason, and because Grant himself did not make any prohibited disclosure, Grant did not breach any contractual duty to KSBE. Accordingly, and because Grant had no contractual relationship with KSBE in the first place, Grant is not liable to KSBE for beach of contract.

**C.      Grant Is Not Liable to KSBE in Tort.**

Just as Grant is not liable to KSBE for a breach of contract, he is not liable to KSBE in tort either, for he committed no act or omission that could give rise to tort liability under any conceivable theory. We consider in turn intentional torts, negligence, and vicarious tort liability.

**1.      Intentional Torts.**

In general, assuming for the sake of argument that disclosure of the putative amount and other terms of the Doe-KSBE settlement was an intentional tort against KSBE, Grant obviously is

not chargeable with that tort because he did not commit it.  Nor, in particular, is Grant chargeable with civil conspiracy or intentional interference with contractual relations.

As for civil conspiracy, the California Supreme Court has explained that "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11 (1994).  As a matter of undisputed fact, Grant did not "share with [Goemans] a common plan or design" to disclose the amount and other terms of the Doe-KSBE settlement.  Instead, Grant's plan or design—which he implemented by obtaining a court order—was to *prevent* such disclosure.

As for intentional interference with contractual relations, "California recognizes a cause of action against noncontracting parties who interfere with the performance of a contract." *Id.* at 513. To prevail on this cause of action, a plaintiff must prove, among other things, the "defendant's intentional acts designed to induce a breach or disruption of the contractual relationship." *Id.* at 514 n.5 (quoting *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990)).  To repeat, however, Grant's intentional acts—most prominently his obtaining a court order prohibiting Goemans from disclosing the terms of the Doe-KSBE settlement—were designed to *prevent* a breach of the Doe-KSBE Settlement Agreement.

## 2. Negligence.

Under general negligence principles, "a person ordinarily is obligated to exercise due care in his or her own actions so as not to create an unreasonable risk of injury to others." *Lugtu v. California Highway Patrol*, 26 Cal. 4th 703, 716 (2001).  But this is not a case where any possible injuries to KSBE arose from carelessness.  That is, the disclosure of the putative amount and other terms of the Doe-KSBE settlement (which disclosure allegedly injured KSBE) did not result from, say, carelessly discussing the terms of the settlement where they might be overheard by a stranger, or by carelessly leaving a copy of the Settlement Agreement where it might be found by a stranger. Instead, the disclosure resulted from Goemans' deliberate decision to speak to the media "[d]espite the newly issued protective order issued by the Superior Court."  KSBE Dismiss Mem. 6:3.

///

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

Eric Grant, Attorney at Law
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

What was Grant's duty vis-à-vis Goemans' intentional act? The courts sometimes say that a "general duty to exercise due care includes the duty not to place another person in a situation in which the other person is exposed to an unreasonable risk of harm through the reasonably foreseeable conduct . . . of a third person." *Lugtu*, 26 Cal. 4th at 716. It is highly questionable, however, whether such duty extends so far as to impose on a person the duty to prevent another person (not the first person's agent or employee) from disclosing information that the second person rightfully learned and now possesses. But that question may be left for another day, for whatever the scope of Grant's duty, "the applicable standard of care by which the [Grant's] conduct must be measured in this context is simply that 'of a reasonably prudent person under like circumstances,' " *id.* at 721 (quoting *Ramirez v. Plough, Inc.*, 6 Cal. 4th 539, 546 (1993)), or more specifically, whether Grant "took reasonable precautions in light of the observable danger presented," *Nicole M. v. Sears, Roebuck & Co.*, 76 Cal. App. 4th 1238, 1249 (1999) (quoting *Robison v. Six Flags Theme Parks Inc.*, 64 Cal. App. 4th 1294, 1301 (1998)).

Grant satisfied this standard of care as a matter of law, because on the undisputed facts, it is readily apparent that Grant did *all he reasonably could do* to prevent Goemans from making his disclosures. As described above, Grant at his own expense sought and obtained from the Sacramento Superior Court a protective order expressly enjoining Goemans from "[d]isclosing, except as set forth in the written Settlement Agreement, any of the terms of the settlement reached in the [Doe-KSBE] Litigation." SUF ¶ 10, at 3. Even if Grant had a duty to "stop" Goemans, what else (short of physical violence) could Grant have done?

### 3. Vicarious Liability.

Because Grant is not directly liable to KSBE in tort, we are left with possible theories under which Grant might be vicariously liable for the conduct of Goemans. Witkin summarizes the law in this regard: "Tort liability of a person for the acts of others does not exist unless there is some relationship or other circumstance justifying the imposition of this liability." 6 B.E. Witkin, *Summary of California Law: Torts* § 1220, at 597 (10th ed. 2005). The qualifying relationships and circumstances may be grouped into four categories:

(a) special relationship between defendant and wrongdoer;

(b) special relationship between defendant and plaintiff;

(c) statutory liability; and

(d) dangerous instrumentality.

*See id.* at 597-98. We consider these four categories in turn.

As for a special relationship between defendant and wrongdoer, Witkin cites as examples principals and agents, employers and employees (and even independent contractors), joint venturers, charges of persons having dangerous propensities, physicians and patients, and family members. *See id.* It is apparent that Grant and Goemans had no relationship even remotely similar to those examples at the time of the latter's disclosures. Although at one time they were co-counsel, neither Grant nor Goemans on February 7, 2008 was representing the Does. In addition, the two lawyers were adversaries actively litigating a fee dispute in Sacramento Superior Court. In particular, Grant had only just obtained a temporary protective order against Goemans and was seeking a permanent protective order against him as well.

As for a special relationship between defendant and plaintiff, Witkin cites the example of a landowner and a person coming on the land. *See id.* at 598; *cf., e.g., Sharon P. v. Arman, Ltd.*, 21 Cal. 4th 1181, 1185 (1999) (affirming that "in the case of a landlord, the general duty of maintenance includes the duty to take reasonable steps to secure common areas against foreseeable criminal acts of third parties that are likely to occur in the absence of such precautionary measures"), *cert. denied*, 530 U.S. 1243 (2000). Obviously, Grant and KSBE did not have any special relationship of this kind. Moreover, there is nothing inherent in the relationship between a lawyer and the *adversary* of that lawyer's client that should impel the courts to impose an "an affirmative duty of care" by the former toward the latter. 6 Witkin, *supra*, at 598.

As for statutory liability, the examples cited by Witkin are highly specific: the liability of a parent for torts of a child, *see* Cal. Civil Code § 1714.1(a); the liability of an motor vehicle owner for the negligence of one who drives the vehicle with the owner's permission, *see* Cal. Veh. Code § 17150; and the liability of an insurance carrier for negligence of an insured driver, *see* Cal. Ins. Code § 11580(b)(2). We are confident that no statute likewise imposes vicarious liability on Grant in the present circumstances.

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

Plaintiff and Counter-Defendant Eric Grant's Motion for Summary Judgment

Eric Grant, Attorney at Law
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

Finally, the law imposes vicarious liability "[w]here the defendant entrusts a dangerous instrumentality to an improper person." 6 Witkin, *supra*, at 598. That principle is not relevant here.

For these reasons, Grant committed no intentional tort against KSBE, he did not act negligently toward KSBE, and he is not vicariously liable to KSBE for Goemans' conduct. Therefore, Grant is not liable to KSBE in tort.[6]

Because Grant also is not liable to KSBE for a breach of contract, and because declaratory relief is appropriate here, Grant is entitled to the requested declaratory judgment against KSBE.

## II. Grant Is Entitled to a Declaratory Judgment Against the Does.

In contrast to KSBE, the Does have filed compulsory counter-claims against Grant; these seek to hold Grant legally responsible for Goemans' conduct and to require Grant to defend them against KSBE's claims. Because the undisputed facts demonstrate that Grant is faultless vis-à-vis the Does and because Grant's limited contractual duty to defend is obviously inapplicable, Grant is entitled as a matter of law to a judgment so declaring.

### A. Declaratory Relief Is Appropriate.

There is doubtless an actual controversy between Grant and the Does: the Does have filed counter-claims against Grant in which they seek a declaratory judgment regarding the very same subjects as Grant seeks such judgment. *See* John and Jane Doe's Cross-Claim, Etc.; and Counter-claim for Indemnity ("Doe Counter-Claim") ¶¶ 21-28, at 6-7 (doc. 13, filed Apr. 3, 2008) (asserting three claims against Grant); *id.* at 8:18-9:1 (praying for relief against Grant). Moreover, there is no other action pending between Grant and the Does, and the Does (in contrast to KSBE) have not asked this Court to abstain.

### B. Grant Is Not Liable to the Does on Any Ground Alleged by Them.

As considered in detail below, the Does have asserted essentially two types of indemnity claims against Grant, implied and express. Neither has merit.

---

[6] In its action pending in Hawaii Circuit Court, KSBE asserts a claim against the Does sounding in tort, namely, "intentional/negligent misrepresentation." *See* Declaration of Paul Alston, Exh. 25, ¶¶ 23-28, at 6-7 (doc. 80-3, filed Aug. 29, 2008). Although "the acts and omissions of Defendants *and their lawyers*" (including Grant) are elsewhere alleged in the complaint to have constituted a breach of contract, *id.* ¶ 16, at 4 (emphasis added), KSBE's single *tort* claim does not refer to any acts or omissions by Grant.

## 1. Equitable or Implied Indemnity.

The Does purport to assert distinct claims against Grant for both "equitable indemnity" and "implied [contractual] indemnity." *See* Doe Counter-Claim ¶¶ 21-28, at 6-7. In *Bay Development, Ltd. v. Superior Court*, 50 Cal. 3d 1012, 1029 n.10 (1990), the California Supreme Court observed that "the implied contractual indemnity doctrine and the implied noncontractual equitable indemnity doctrine arose separately and were sometimes characterized as distinct categories." The court went on to recognize, however, that "the advent of the comparative indemnity doctrine" in *American Motorcycle Association v. Superior Court*, 20 Cal. 3d 578 (1978), had abolished any practical distinction between the two doctrines. *See Bay Development*, 50 Cal. 3d at 1029 n.10. As the two doctrines are now understood, "implied contractual indemnity [is] a form of equitable indemnity," such that the principle established in *American Motorcycle*—i.e., "equitable apportionment of loss based on the relative responsibility of the parties"—is "as applicable to a claim for implied contractual indemnity as it is to a claim for noncontractual equitable indemnity." *Id.* Thus, whenever "parties have not entered into an express indemnification agreement specifying that one party will bear all of the liability for a loss for which both parties may be partially responsible, the principles of *American Motorcycle* support an apportionment of the loss under comparative indemnity principles." *Id.* Accordingly, we will consider together the Does' claims for equitable indemnity and implied indemnity and apply the principles of *American Motorcycle* to resolve them.[7]

The California Supreme Court explicated those principles in *Far West Financial Corp. v. D&S Co., Inc.*, 46 Cal. 3d 796 (1988), which explained that "after *American Motorcycle*, there are not two separate equitable indemnity doctrines in California, but a single 'comparative indemnity' doctrine which permits partial indemnification on a comparative fault basis in appropriate cases." *Id.* at 808 (citation omitted). This "comparative equitable indemnity," as it is called, "includes the

---

[7] The Does' pleading bears out the understanding that implied indemnity is a form of equitable indemnity, not a distinct category. Thus, in their claim for equitable indemnity, the Does allege that KSBE's alleged injuries were "the direct and proximate result of and/or attributable to the acts or omissions of Grant" generally. Doe Counter-Claim ¶ 22, at 7:2-3. In their claim for equitable indemnity, the Does allege very similarly, if somewhat more narrowly, that KSBE's alleged injuries were "the direct and proximate result of, and/or attributable to Grants' acts or omissions in his performance and/or breach of [his] contractual duties under his contracts with the Does." *Id.* ¶ 27, at 7:20-21.

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

Plaintiff and Counter-Defendant Eric Grant's Motion for Summary Judgment

entire range of possible apportionments, from no right to any indemnity to a right of complete indemnity." *Id.* (quoting *Standard Pacific v. A.A. Baxter Corp.*, 176 Cal. App. 3d 577, 587 (1986)).

One of the circumstances in which there is "no right to any indemnity" is where there is no fault on the part of the alleged indemnitor. As the California Court of Appeal has repeatedly emphasized: "'At the heart of the doctrine [of equitable indemnity] is apportionment based on fault. At a minimum equitable indemnity "requires a determination of *fault* on the part of the alleged indemnitor . . . ."'" *Heritage Oaks Partners v. First American Title Ins. Co.*, 155 Cal. App. 4th 339, 348 (2007) (quoting *City of Huntington Beach v. City of Westminster*, 57 Cal. App. 4th 220, 225-26 (1997), in turn quoting *Coca-Cola Bottling Co. v. Lucky Stores, Inc.*, 11 Cal. App. 4th 1372, 1378 (1992)). In other words, "there can be no indemnity without liability," which is to say that "unless the prospective indemnitor and indemnitee are jointly and severally liable to the plaintiff there is no basis for indemnity." *Id.* (quoting *Munoz v. Davis*, 141 Cal. App. 3d 420, 425 (1983)). Crucially, this "no indemnity without fault" rule applies even where the prospective indemnitor and indemnitee are equally innocent: "There is no equitable basis for a total shifting of a loss from one fault-free party to another." *City of Huntington Beach*, 57 Cal. App. 4th at 222.

Applying these precepts to the present case is straightforward. There can be no indemnity in favor of the Does without liability to KSBE on Grant's part. But as demonstrated above, Grant is simply not liable to KSBE on any ground. To say the same thing, indemnity requires a determination of *fault* on Grant's part. But as demonstrated above, Grant is without fault. Thus, even if we assume that Does are fault-free parties as well, there is no equitable basis for shifting any loss from the Does to Grant. In short, this is one of those circumstances where, as a matter of law, the correct apportionment between the Does and Grant is "no right to any indemnity."[8]

---

[8] It is not logically impossible for both Grant and the Does to be fault-free with respect to the disclosures of confidential information. Under the regime of comparative equitable indemnity formulated in *American Motorcycle*, 20 Cal. 3d at 589 n.2, it "is not necessary [for] a person be a party to the action in order for the court to assess that person's proportion of fault." *Seamen's Bank v. Superior Court*, 190 Cal. App. 3d 1485, 1492-93 (1987). Rather, "the totality of 100 percent fault is to be apportioned among the plaintiff, defendant, *and nonparty tortfeasors*." *Platt v. Coldwell Banker Residential Real Estate Services*, 217 Cal. App. 3d 1439, 1446 (1990) (emphasis added). Therefore, the (obvious) fault of Goemans could be found to account for "the totality of 100 percent fault." The important point for present purposes is that exonerating Grant from liability for

(continued...)

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

Plaintiff and Counter-Defendant Eric Grant's Motion for Summary Judgment

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

## 2. Express Indemnity.

The Does also assert a limited claim against Grant for express contractual indemnity. *See* Doe Counter-Claim ¶¶ 29-31, at 8. In particular, the Does allege that "based upon the allegations of the Complaint, pursuant to the terms of the settlement agreement between the Does and Grant, Grant has an obligation to pay for the first $100,000 of the defense of [KSBE's] claims against the Does." *Id.* ¶ 31, at 8:7-9. For the reasons explained below, this claim fails as a matter of law.

In his settlement agreement with the Does, Grant undertook two continuing obligations in the nature of indemnity. The first is to "defend and indemnify the Does" in certain litigation initiated against them by *Goemans*. SUF ¶ 7, at 3. That obligation is not at issue here. The second obligation, which is the basis of the Does' claim for express indemnity, reads in full as follows:

> The Parties acknowledge that the agreement memorializing the settlement of the Underlying Litigation [i.e., the Doe-KSBE Settlement Agreement] contains a confidentiality clause. If [KSBE] (or its assignee) brings suit against the Does seeking damages or to enforce the confidentiality clause in the agreement memorializing the settlement of the Underlying Litigation, Grant will defend the Does in any such litigation, provided that, those claims are based upon a breach (or threatened breach) of the confidentiality clause *by Grant. Grant shall have no obligation to defend the Does for any other alleged breach of the confidentiality clause* (including but not limited to an alleged breach by the Does personally). Grant's obligation to defend is subject to the same $100,000 combined limit set forth in paragraph 4. The indemnity obligation set forth in this paragraph shall expire at the same time as the defense obligation in Paragraph 4.

SUF ¶ 8, at 3 (emphasis added).

As the terms of this provision make abundantly clear, the defense obligation assumed by Grant was a limited one: to defend the Does against a suit by KSBE "based upon a breach . . . of the confidentiality clause by *Grant*" (emphasis added). Indeed, the limited nature of the obligation was emphasized in the following sentence, which reiterated that Grant has *no* obligation to defend the Does against KSBE's suit for "any other alleged breach of the confidentiality clause."

KSBE has indeed brought suit against the Does seeking damages, and KSBE's claims are indeed based (at least in part) upon a breach of the confidentiality clause of the Doe-KSBE Settle-

---

[8] (...continued)
equitable indemnity does not require the Court to determine whether (or in what proportion) the Does are at fault vis-à-vis KSBE. Instead, the Court need only determine, consistent with Part I above, that Grant is faultless.

ment Agreement.  *See* Declaration of Paul Alston, Exh. 25 (doc. 80-3, filed Aug. 29, 2008) (complaint in Hawaii Circuit Court).  But those claims are assuredly not based upon an alleged breach by *Grant*.  Rather, consistent with the undisputed facts, KSBE alleges in that suit:  "On or about February 7, 2008, *Goemans* spoke by telephone with representatives of newspapers and television stations in Hawaii.  In those interviews, *Goemans* disclosed details of the Settlement Agreement, including what he claimed to be the amount of the settlement between the Does and [KSBE]."  *Id.* ¶ 10, at 3 (emphasis added).

The relevant contractual language is unambiguous:  Grant undertook a duty to defend the Does only against claims by KSBE based on *Grant*'s alleged breach of the confidentiality clause. KSBE categorically has not asserted such a claim against the Does, either in the present action or in KSBE's action in Hawaii Circuit Court.  Therefore, the Does' claim for express indemnity fails as a matter of law.  *See, e.g., Dore v. Arnold Worldwide, Inc.*, 39 Cal. 4th 384, 393 (2006) (holding that if the relevant language of a contract is not "reasonably susceptible" to a competing interpretation, "the case is over"); *id.* (holding that when the contract "contain[s] no ambiguity," there are "no triable issues of fact" precluding summary judgment).

For these reasons, Grant is not liable to the Does for indemnity, either express or implied. Consequently, because both parties have appropriately sought declaratory relief, Grant is entitled to the requested declaratory judgment against the Does.

### CONCLUSION

For all of the foregoing reasons, there is no genuine issue as to any material fact and Grant is entitled to judgment as a matter of law, specifically a declaration that Grant is not liable in any manner whatsoever to any Defendant in connection with an alleged breach of the Doe-KSBE Settlement Agreement or related matters.

Dated:  October 3, 2008.

Respectfully submitted,

/s/ Eric Grant
ERIC GRANT

Counsel for Plaintiff and
Counter-Defendant ERIC GRANT

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

Plaintiff and Counter-Defendant Eric Grant's Motion for Summary Judgment