

Eric Grant (Bar No. 151064)
Attorney at Law
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833
Facsimile: (916) 691-3261
E-Mail: grant@eric-grant.com

James J. Banks (Bar No. 119525)
Banks & Watson
Hall of Justice Building
813 6th Street, Suite 400
Sacramento, California 95814
Telephone: (916) 325-1000
Facsimile: (916) 325-1004
E-Mail: jbanks@bw-firm.com

Counsel for Plaintiff and
Counter-Defendant ERIC GRANT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC GRANT,<br><br>    Plaintiff,<br><br>  v.<br><br>KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE; J. DOUGLAS ING, NAINOA THOMPSON, DIANE J. PLOTTS, ROBERT K.U. KIHUNE, and CORBETT A.K KALAMA, in their capacities as Trustees of the Kamehameha Schools/Bernice Pauahi Bishop Estate; JOHN DOE; and JANE DOE,<br><br>    Defendants.<br><br>JOHN DOE and JANE DOE,<br><br>    Counter-Claimants,<br><br>  v.<br><br>KAMEHAMEHA SCHOOLS/BERNICE PAUAHI BISHOP ESTATE, et al.,<br><br>    Counter-Defendants. | No. 2:08-cv-00672-FCD-KJM<br><br>**PLAINTIFF AND COUNTER-DEFENDANT ERIC GRANT'S OPPOSITION TO KSBE DEFENDANTS' MOTION TO TRANSFER TO DISTRICT OF HAWAII PURSUANT TO 28 U.S.C. § 1404**<br><br>Hearing Date: Oct. 31, 2008<br>Time: 10:00 a.m.<br>Courtroom: 2<br>Judge: Hon. Frank C. Damrell, Jr. |

Plaintiff and Counter-Defendant Eric Grant's Opposition to KSBE Defendants' Motion to Transfer

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    The "Convenience of Witnesses" Does Not Favor Hawaii . . . . . . . . . . . . . . . . . . 2

    B.    The Parties' "Ability to Obtain and Present Evidence at Trial"
           Does Not Favor Hawaii . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    C.    "The Hawaii Court's Familiarity with Hawaii Law" Is Only
           Marginally Relevant; Much More Important Is this Court's
           Familiarity with California Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.    The Grant-Doe Forum Selection Clauses and the Public
           Policy of California Are "Significant" Factors Weighing
           Against Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bernhard v. Harrah's Club*,
16 Cal. 3d 313 (1976) ........................................................... 11

*Cochran v. NYP Holdings, Inc.*,
58 F. Supp. 2d 1113 (C.D. Cal. 1998) ........................................... 3

*Commodity Futures Trading Commission v. Savage*,
611 F.2d 270 (9th Cir. 1979) ................................................... 2

*Decker Coal Co. v. Commonwealth Edison Co.*,
805 F.2d 834 (9th Cir. 1986) ............................................. 2, 4, 11

*Ferens v. John Deere Co.*,
494 U.S. 516 (1990) ............................................................ 8

*Frontier Oil Corp. v. RLI Insurance Co.*,
153 Cal. App. 4th 1436 (2007) ............................................... 7-9

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947) ............................................................ 2

*Hope v. Otis Elevator Co.*,
389 F. Supp. 2d 1235 (E.D. Cal. 2005) ......................................... 3

*In re National Presto Industries, Inc.*,
347 F.3d 662 (7th Cir. 2003) ............................................... 2-3, 6

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) ............................................. 1, 10-11

*Kearney v. Salomon Smith Barney, Inc.*,
39 Cal. 4th 95 (2006) ....................................................... 9, 11

*Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*,
313 U.S. 487 (1941) ............................................................ 8

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ................................................. 11

*Stewart Organization, Inc. v. Ricoh Corp.*,
487 U.S. 22 (1988) .......................................................... 1, 10

*Stratagene v. Parsons Behle & Latimer*,
315 F. Supp. 2d 765 (D. Md. 2004) ............................................. 4

*Streber v. Hunter*,
221 F.3d 701 (5th Cir. 2000) ................................................... 4

*T.M. Hylwa, M.D., Inc. v. Palka*,
    823 F.2d 310 (9th Cir. 1987) ............................................................ 4

*Trinity Industries, Inc. v. Myers & Associates, Ltd.*,
    41 F.3d 229 (5th Cir.), *cert. denied*, 516 U.S. 807 (1995) ........................ 4

*United States v. Approximately $15,630.00 in U.S. Currency*,
    No. CIV. 07-0452 FCD KJM (E.D. Cal. June 25, 2007) ...................... 2, 6

*United States v. One Oil Painting*,
    362 F. Supp. 2d 1175 (C.D. Cal. 2005) ....................................... 2

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) .................................................... 2, 8

*Washington Mutual Bank v. Superior Court*,
    24 Cal. 4th 906 (2001) ..................................................... 9

*Young v. Coastal Island Charters*,
    No. CIV. S-05-1639 FCD GGH (E.D. Cal. Dec. 12, 2005) ................... 2-4

**Statutes and Court Rule**

28 U.S.C. § 1391 ................................................................. 10

    § 1404 ............................................................... passim

Cal. Civil Code § 1646 ........................................................ 7-8

Fed. R. Civ. P. 12 ............................................................... 10

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

## INTRODUCTION

Plaintiff and Counter-Defendant Eric Grant ("Grant") brought this action against KSBE[1] and against John and Jane Doe ("the Does"), seeking a declaration that he is not liable in any manner to any of those parties for an alleged breach of a settlement agreement between the Does and KSBE resulting from alleged disclosures of confidential information by non-party John Goemans. Having previously moved to dismiss this action entirely (doc. 50, filed July 9, 2008), KSBE now moves to transfer this action to the District of Hawaii pursuant to 28 U.S.C. § 1404 (doc. 77, filed Aug. 22, 2008). As set forth in this opposition, KSBE's motion to transfer lacks merit and should be denied.

## ARGUMENT

The basic principles governing motions to transfer are well-established: "Under § 1404(a), the district court has discretion 'to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Such a motion "requires the court to weigh multiple factors" in undertaking this consideration. *Id.* KSBE has listed some of these factors. *See* KSBE Defendants' Memorandum in Support of Motion to Transfer ("KSBE Mem.") 4:21-24 (doc. 77-2, filed Aug. 22, 2008) (quoting eight factors enumerated by *Jones*). But KSBE has pointedly omitted two factors the Ninth Circuit has expressly deemed *significant*: "[T]he presence of a forum selection clause is a 'significant factor' in [a district] court's § 1404(a) analysis. We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Jones*, 211 F.3d at 499 (footnote omitted). As discussed below, these two factors are highly relevant here.

In what framework should a district court weigh these "multiple factors"? This Court addressed that precise question last year: "The moving party has the burden of establishing that an action should be transferred. . . . Unless the balance is strongly in favor of the defendant, the plain-

---

[1] "KSBE" stands for Defendant Kamehameha Schools/Bernice Pauahi Bishop Estate, along with Defendants J. Douglas Ing, Nainoa Thompson, Diane J. Plotts, Robert K.U. Kihune, and Corbett A.K. Kalama, in their capacities as Trustees of the Kamehameha Schools/Bernice Pauahi Bishop Estate.

1

tiff's choice of forum should rarely be disturbed." *United States v. Approximately $15,630.00 in U.S. Currency*, No. CIV. 07-0452 FCD KJM, slip op. at 5:21-25 (E.D. Cal. June 25, 2007) (citing *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979), and *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).[2] Or, as the Ninth Circuit phrased the point many years ago: "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986), *quoted in Young v. Coastal Island Charters*, No. CIV. S-05-1639 FCD GGH, slip op. at 7:4-7 (E.D. Cal. Dec. 12, 2005) (ruling that "where a plaintiff's choice of forum is his place of residence, as in this case, a defendant must make a 'strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum' ").[3]

Under these precepts, KSBE has the burden of establishing that this action should be transferred away from Grant's (and the Does') choice of forum. But as set forth below, KSBE has not met that burden because KSBE has not made the requisite "strong showing" that this forum is inconvenient or (to say the same thing) that the balance of factors is "strongly in [its] favor." Thus, there is no warrant to upset or disturb Grant's choice of forum, which is his place of residence.

**A. The "Convenience of Witnesses" Does Not Favor Hawaii.**

We concur with KSBE about the importance of the convenience of witnesses. *See* KSBE Mem. 5:2-3. Indeed, this Court has opined: "As to the convenience of the witnesses, this factor is often regarded as the most important in determining whether transfer of venue is proper." *Approximately $15,630.00 in U.S. Currency*, slip op. at 7:20-22 (citing *United States v. One Oil Painting*, 362 F. Supp. 2d 1175, 1185 (C.D. Cal. 2005)). "A clear balance of inconvenience, however, must be shown; a court will not transfer venue to shift the inconvenience of one party and witnesses to the other." *Id.* at 7:23-8:1 (citing, *inter alia, Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964)). That is, "[w]hen the inconvenience [for witnesses] of the alternative venues is comparable 'the tie is awarded to the plaintiff' and there is no basis for a change of venue." *Id.* at 8:16-18 (quoting *In* 

---

[2] A copy of the quoted opinion is reproduced as Exhibit 1 to the Appendix of Unpublished Authorities filed concurrently herewith.

[3] A copy of the quoted opinion is reproduced as Exhibit 2 to the Appendix of Unpublished Authorities filed concurrently herewith.

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

Plaintiff and Counter-Defendant Eric Grant's Opposition to KSBE Defendants' Motion to Transfer

*re National Presto Industries, Inc.*, 347 F.3d 662, 665 (7th Cir. 2003)). As set forth below, KSBE has shown nothing like a "clear balance" of inconvenience.

*First*, Grant submits that this case—or at least all of the claims by or against him—can be resolved on summary judgment, that is, *without any witnesses at all*. Indeed, Grant has just filed a motion seeking summary judgment on such claims ("Grant MSJ," doc. 81, filed Oct. 3, 2008). A cursory reading of the motion reveals that the material facts relating to such claims are undisputed.

*Second*, even if witnesses might be needed to resolve this case, KSBE has failed to comply with the rule that a party moving to transfer pursuant to § 1404(a) "must demonstrate, through affidavits or declarations containing *admissible evidence*, who the key witnesses will be and what their testimony will generally include." *Young v. Coastal Island Charters*, slip op. at 8:12-15 (quoting *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998)). That is, the moving party "must demonstrate *through affidavits* that it is more convenient for witnesses to attend trial in Hawaii." *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) (also citing *Cochran*). KSBE has supplied no admissible evidence (through affidavits or otherwise) regarding what the testimony of the supposed witnesses will include. *See* KSBE Mem. 5-6.[4] KSBE's default in this regard should not be excused, for Grant put KSBE on notice that witness testimony would be an issue if KSBE filed a motion to transfer. Thus, Grant asked KSBE in discovery:

> If KSBE intends to file a motion to transfer venue pursuant to 28 U.S.C. § 1404(a) based in any manner on "the convenience of . . . witnesses,' please identify those witnesses whose convenience is the basis for the motion, together with the general subject matter of their expected testimony.

Declaration of Eric Grant ("Grant Decl.") ¶ 7, at 2 (filed concurrently herewith); *id.*, Exh. 4, at 12 (Item *t*). KSBE refused to respond on the ground, among others, that the request "seeks information that is irrelevant to this action." *Ibid.*

---

[4] With respect to potential witnesses, the declarations filed by KSBE show nothing more than that on April 7, 2008 (some seven months ago), John Goemans stated that he was in Hawaii, *see* Declaration of Louise K. Y. Ing, Exh. B, ¶ 2, at 1 (doc. 78-3, filed Aug. 22, 2008); but that KSBE has absolutely no idea of the *present* whereabouts of Goemans, *see* Declaration of Paul Alston ¶¶ 2-3, at 2 (doc. 77-3, filed Aug. 22, 2008); *accord* KSBE Mem. 5:14 (conceding that Goemans' "present whereabouts are unknown"). In any event, on September 4, 2008, Goemans was at a motel in Fort Bragg, California. *See* Declaration of James J. Banks ¶ 2, at 1 (filed concurrently herewith) *id.*, Exhs. 1-2; Declaration of Eric Grant Decl. ¶ 8, at 2 (filed concurrently herewith); *id.*, Exh. 5.

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

*Third*, if we actually consider in detail the potential witnesses in this case, it is quickly apparent that Hawaii is *not* indisputably more convenient than California. In this consideration, we start with the parties themselves and then move on to other potential witnesses:

- Plaintiff Grant: He resides in Sacramento County, i.e., in this judicial district.[5]

- Defendants John Doe and Jane Doe: If their testimony were necessary, they would prefer to testify in Sacramento rather than in Honolulu. *See* Does' Opposition to Motion to Transfer 12 n.9 (doc. 86, filed Oct. 17, 2008) ("As to the Does, although located in Hawaii they would prefer the case be litigated in California as it would be much easier for their identities to be discovered as a result of a case pending in Hawaii, as opposed to a case pending in Sacramento.")

- Defendant Kamehameha Schools/Bernice Pauahi Bishop Estate: As a non-natural person, this party will not be testifying anywhere.

- Defendants Ing, Thompson, Plotts, Kihune, and Kalama (i.e., the Estate's Trustees): These parties "are sued only in their capacity as trustees of KSBE." Complaint for Declaratory Relief ("Complaint") ¶ 7, at 2 (doc. 1, filed Mar. 28, 2008). It is difficult to conceive why the Trustees' testimony would be necessary. Certainly, KSBE has provided no reason.

- KSBE's employees (*see* KSBE Mem. 5:6): Again, it is difficult to conceive why the testimony of any such employees would be necessary. Again, KSBE has provided no reason.

- Kathleen Sullivan and Emmett Lewis (KSBE's counsel in the Underlying Litigation): So far as this action involves KSBE, it essentially concerns whether there has been (as KSBE puts it) a "blatant violation of the confidentiality provision" of the Doe-KSBE Settlement Agreement, KSBE Mem. 1:9-10, and if so, who is responsible for that violation. Central to those issues is the meaning of the identified provision. In his summary judgment motion, Grant submits that the provision speaks for itself, such that no testimony is needed. But if testimony as to the provision's meaning is needed, it will obviously come from the persons

---

[5] KSBE asserts that Grant's "residency is entitled to minimal weight." KSBE Mem. 5:14-15. This is flat wrong: as quoted above, this Court has held that "*where a plaintiff's choice of forum is his place of residence*, . . . a defendant must make a 'strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" *Young v. Coastal Island Charters*, slip op. at 7:4-7 (emphasis added) (quoting *Decker Coal*, 805 F.2d at 843). Moreover, the cases cited by KSBE in this context, *see id.* at 5:18-6:13, do not even come close to supporting this assertion. Three of the four cases addressed personal jurisdiction, not the appropriateness of a transfer pursuant to § 1404(a). *See T.M. Hylwa, M.D., Inc. v. Palka*, 823 F.2d 310, 313 (9th Cir. 1987) (holding that "the district court can constitutionally exercise personal jurisdiction over Palka pursuant to California's long-arm statute"); *Trinity Industries, Inc. v. Myers & Associates, Ltd.*, 41 F.3d 229, 230 (5th Cir.) (observing that the plaintiff "appeals the dismissal for lack of personal jurisdiction of its suit against its former attorneys" and concluding that "the requisite jurisdiction exists"), *cert. denied*, 516 U.S. 807 (1995); *Streber v. Hunter*, 221 F.3d 701, 718 (5th Cir. 2000) (addressing a defendant's "claims that the district court lacked personal jurisdiction over him").

The remaining case, *Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765 (D. Md. 2004), did indeed consider a motion to transfer. But contrary to KSBE's motion here, the district court *denied* a transfer sought by out-of-state defendants (like KSBE), concluding that "the court is well-served, in interest of justice, to *honor Plaintiff's forum choice* and retain this action." *Id.* at 772 (emphasis added). This Court should conclude likewise.

who negotiated it. As KSBE itself describes them, those negotiations "were conducted between Grant and [Kathleen] Sullivan in California and Emmett Lewis, [KSBE's] counsel in Washington D.C." KSBE Memorandum in Support of Motion to Dismiss 3:10-11 (doc. 51, filed July 9, 2008). Sullivan practices in California, Lewis in Washington, D.C. *See* Grant Decl. ¶¶ 9-10, at 3; *id.*, Exhs. 6-7.. *None of the three counsel resides in Hawaii*, so Hawaii cannot be a more convenient forum for any of them.

- John Goemans: KSBE has conceded that Goemans' "present whereabouts are unknown." Mem. 5:14. Indeed, as recently as last month, Goemans was apparently residing at a motel in Fort Bragg, California. *See supra* note 4. By definition, therefore, Hawaii cannot be a more convenient forum for him.

- David Schulmeister (KSBE's former counsel) and Ken Kuniyuki (the Does' counsel): According to KSBE, these are the "two participants in the conversation that produced the purported threat" by KSBE to sue the Does and thereby disclose the Does' identities. KSBE Mem. 5:6-7. Since that conversation, of course, KSBE has indeed sued the Does, *see* Declaration of Paul Alston, Exh. 25 (doc. 80-3, filed Aug. 29, 2008) (KSBE's complaint), and KSBE also has agreed that, pending further order of this Court, it "will not, directly or indirectly, disclose the identities of one or both of the Does," Stipulation and Order Regarding Nondisclosure ¶ 1, at 2:9-10 (doc. 43, filed Apr. 25, 2008). In this light, it would seem that the Schulmeister-Kuniyuki conversation remains relevant to very little, if anything, in this case. In any case, the Does have warranted that Mr. Kuniyuki "will appear voluntarily for trial" in this judicial district. Does' Opposition to Motion to Transfer 10:14 (doc. 86, filed Oct. 17, 2008).

- "[T]he Hawaii reporters to whom Goemans disclosed information about the settlement in violation of a confidentiality provision" (KSBE Mem. 5:8-9): The notion that any of these reporters would testify, in any venue, is fanciful. What Goemans said is reported in both newspaper stories and audio clips widely available on the Internet, many (if not most) of which are already before this Court. *See* KSBE Request for Judicial Notice, Exhs. 10, 11, 12, and 14 (docs. 61-6, 61-7, 61-8, and 61-10, filed July 9, 2008); *id.*, Exhs. 13a, 13b, 13c, 13d, and 13e (on DVD, filed July 9, 2008). Grant does not contest that Goemans made the reported disclosures, and neither do the Does. *See* Complaint ¶ 26, at 5; Doe Answer ¶ 3, at 2 (doc. 12, filed Apr. 3, 2008); Doe Cross-Claim ¶ 9, at 4 (doc. 13, Apr. 3, 2008).

- "[A]ny witnesses to any alleged threats made to or against the Does" (KSBE Mem. 6:27-28): The existence of these threats goes to the propriety of injunctive relief to enforce the provision of the Doe-KSBE settlement agreement that expressly requires KSBE to maintain the confidentiality of "the true names of, addresses of, or any other information identifying John Doe or Jane Doe or their family (whether individually or collectively)." Doe Motion for Temporary Restraining Order 6:21-22 (doc. 7, filed Apr. 3, 2008). Because the threats are posted on the website of *The Honolulu Advertiser*, *see id.* at 8:12-23, live testimony is not necessary.

To summarize, on the one hand: Grant resides here; the Does would rather testify here; the Does' counsel who might conceivably be a witness (Kuniyuki) has no objection to testifying here; and KSBE's counsel who negotiated the contract on which this case hinges (Sullivan and Lewis) work in California and Washington, D.C. On the other hand: KSBE's former counsel who might conceivably be a witness (Schulmeister) resides in Hawaii, as do various *un*named—and *un*likely—potential witnesses. On these facts, it cannot be said that KSBE has shown, or even come close

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

to showing, a "clear balance of inconvenience." *Approximately $15,630.00 in U.S. Currency*, slip op. at 7:23-24.  Even if the truth were stretched in KSBE's favor to say that respective "inconvenience of the alternative venues is comparable," that situation would invoke the rule that " 'the tie is awarded to the plaintiff' and there is no basis for a change of venue." *Id.* at 8:16-18 (quoting *In re National Presto Industries*, 347 F.3d at 665).

### B. The Parties' "Ability to Obtain and Present Evidence at Trial" Does Not Favor Hawaii.

KSBE asserts that its requested transfer to Hawaii "would greatly ease the parties' ability to obtain and present evidence at trial."  KSBE Mem. 6:14-15 (section heading).  The basis for this assertion is twofold: (1) the "vast majority of the documents relevant to this action are in Hawaii," *id.* at 6:19-20; and (2) this case "will likely involve testimony from people in Hawaii" who are not parties or their agents, *id.* at 6:26.  Regarding the latter, we have already considered these purported witnesses in detail in the previous section and will not labor the point here.

Regarding the former, KSBE does not identify any particular documents (or even any categories of documents), except to say that they are possessed by the Does, KSBE, or Goemans.  *See id.* at 6:20-21.  As for documents possessed by the Does and KSBE, they can (and doubtless will) be produced without need to resort to any court's "compulsory process power."  *Id.* at 7:1.  Indeed, the parties have already exchanged various documents without the Court's intervention.  Not surprisingly, they did so by electronic mail, rendering irrelevant the documents' original "location." *See, e.g.*, Grant Decl. ¶ 6, at 2; *id.*, Exh. 3.  Moreover, the principal relevant documents in this action are those relating to the drafting of the Doe-KSBE Settlement Agreement by attorneys Grant, Ms. Sullivan, and Mr. Lewis; obviously, such documents are located in the attorneys' respective offices in California and Washington, D.C.—not in Hawaii.

As for relevant documents possessed by Goemans, KSBE asserts that they are, "according to Goemans, in Hawaii."  KSBE Mem. 6:20.  KSBE's information in this regard is out-of-date.  It is true that as of April 22, 2008, Grant's counsel in the *Grant v. Goemans* litigation read Goemans' most recent discovery response to state that "any documents [possessed by Goemans] would be in Hawaii and in storage."  Declaration of Louise K. Y. Ing, Exh. C at 2:14 (doc. 78-4, filed Aug. 22,

2008). But on May 9, 2008, Goemans' counsel in that litigation executed a supplemental discovery response, which explained that "[a]fter a diligent search and reasonable inquiry, no documents to this request will be produced because all documents responsive to said request have either been destroyed or lost." Grant Decl. ¶ 5, at 2; *id.*, Exh. 2, at 2:17-19.

In short, the allegedly greater ease with which the parties could obtain and present relevant evidence were this action in Hawaii is illusory. This factor does not favor transfer.

### C. "The Hawaii Court's Familiarity with Hawaii Law" Is Only Marginally Relevant; Much More Important Is this Court's Familiarity with California Law.

KSBE next asserts that the "many issues in this action raising questions of Hawaii law also weigh heavily in favor of transfer." KSBE Mem. 7:5-6. On examination, however, it is apparent that most of the issues in this action—particularly the central ones—raise questions of *California* law. First of all, the entire dispute between Grant and the Does is governed by California law, as both their attorney-client engagement agreement and their settlement agreement expressly provide. *See* Grant Decl. ¶ 3, at 1 (engagement agreement); *id.*, Exh. 1, ¶ 15, at 4 (same); Grant Decl. ¶ 4, at 1 (settlement agreement).

As for the dispute between Grant and KSBE, its focus is whether Grant "is liable to [KSBE] in whole or in part for alleged breaches of the Doe-KSBE settlement agreement by [Grant] or by other persons." Complaint ¶ 32, at 6:7-8. As explained in Grant's pending motion for summary judgment, the legal questions are (1) whether Grant had any contractual relationship with KSBE; (2) if so, whether he breached any contractual duty to KSBE; and (3) whether he is otherwise liable to KSBE for an intentional tort, for negligence, or under vicarious liability. *See* Grant MSJ 7-14. KSBE does not expressly deny that these issues are governed by California law, *see* KSBE Mem. 7:23-25 (arguing that certain *other* issues "are governed by Hawaii law"), and that result is eminently reasonable.[6]

---

[6] As discussed more fully in the text below, the California Court of Appeal recently held that "Civil Code section 1646 is the choice-of-law rule that determines the law governing the *interpretation* of a contract." *Frontier Oil Corp. v. RLI Insurance Co.*, 153 Cal. App. 4th 1436, 1442-43 (2007). Section 1646 in turn provides: "A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according
(continued...)

7

Plaintiff and Counter-Defendant Eric Grant's Opposition to KSBE Defendants' Motion to Transfer

But the potentially complicated choice-of-law issues need not be resolved now. The crucial point for present purposes is that *California* choice-of-law rules will apply regardless of where this action is venued. This outcome is the result of two familiar rules: (1) in diversity cases, a federal district court "must apply the same choice-of-law rules that [the forum] state courts would apply if they were deciding the case," *Ferens v. John Deere Co.*, 494 U.S. 516, 519 (1990) (citing *Klaxon Co. v. Stentor Electric Manufacturing Co., Inc.*, 313 U.S. 487, 496 (1941)); and (2) in such cases, "following a transfer under § 1404(a) initiated by a defendant, the transferee court must follow the choice-of-law rules that prevailed in the transferor court," *id.* (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964)). Therefore, even if this action is transferred to the district court in Hawaii, that court must follow and apply California choice-of-law rules.

As to the *interpretation* of contracts, the California Court of Appeal recently adopted Civil Code § 1646 as the applicable rule, notwithstanding that the "California Supreme Court has never cited section 1646 as a choice-of-law rule," and notwithstanding that "[s]ome courts and commentators . . . have inferred or suggested that the judicially developed governmental interest analysis supplants the choice-of-law rule stated in Civil Code section 1646." *Frontier Oil Corp. v. RLI Insurance Co.*, 153 Cal. App. 4th 1436, 1449 n.5, 1454 (2007); *see also id.* at 1458 (acknowledging that "[s]ome federal courts have concluded or suggested that the governmental interest analysis has judicially supplanted the choice-of-law rule stated in Civil Code section 1646 or that the state of California law on this point is uncertain"). This Court is in a much better position than a court in Hawaii to resolve and apply these uncertain currents of California law.

As to *other* contract-related issues and as to all tort-related issues, "California courts apply the so-called governmental interest analysis, under which a court carefully examines the governmental interests or purposes served by the applicable statute or rule of law of each of the affected

---

[6] (...continued) to the law and usage of the place where it is made." Grant negotiated, executed, and performed the Doe-KSBE settlement agreement wholly in California, *See* Declaration of Eric Grant ¶¶ 11-14, at 2-3 (doc. 36-2, filed Apr. 15, 2008). Thus, if Grant did enter into a distinct contract with KSBE in connection with that settlement agreement, the contract was necessarily "made" in California. In addition, if the hypothesized contract imposed upon Grant an independent obligation to KSBE to keep the Doe-KSBE settlement confidential, such contract necessarily contemplated that Grant's obligation be "performed" in California, where he resides and practices law.

8

Plaintiff and Counter-Defendant Eric Grant's Opposition to KSBE Defendants' Motion to Transfer

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

jurisdictions to determine whether there is a 'true conflict.'" *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 100 (2006). Under that analysis, California "will apply its own rule of decision unless a party litigant timely invokes the law of a foreign state." *Washington Mutual Bank v. Superior Court*, 24 Cal. 4th 906, 919 (2001). Thus, "[u]nder the first step of the governmental interest approach, the foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California." *Id.* Only if the respective laws are "materially different" need a court "proceed to the second step and determine what interest, if any, each state has in having its own law applied to the case." *Id.* at 920. In practice, this means that a court "may properly find California law applicable without proceeding to the third step in the analysis if the foreign law proponent fails to identify any actual conflict or to establish the other state's interest in having its own law applied." *Id.*; *accord Frontier Oil*, 153 Cal. App. 4th at 1465 (holding that the "party arguing that foreign law governs has the burden to identify the applicable foreign law, show that it materially differs from California law, and show that the foreign law furthers an interest of the foreign state").

These principles have two immediate applications. First, it is apparent that to undertake a proper California choice-of-law analysis, a court must be familiar with the governing substantive law of California. In the present case, this means that it will be necessary for the district court to become familiar with and apply substantive California law (as well as choice-of-law rules) regardless of where the case is venued. Second, it is apparent that KSBE's naked assertion that "at least two principal issues underlying this action—[KSBE's] right to disclose the Does' identities and the Does' liability for Goemans' disclosure—are governed by Hawaii law," KSBE Mem. 7:23-25, is just that: a naked assertion. KSBE has not even begun to shoulder its burden under California's choice-of-law rules both to identify the assertedly applicable law of Hawaii and to show that such law materially differs from California law. Having failed at these initial steps, KSBE certainly has failed to show Hawaii's interest in having its own law applied.

Accordingly, the Hawaii district court's obvious familiarity with Hawaii law is marginally relevant at best. What is far more relevant—because the law of California is an inextricably significant part of this case, both in choice-of-law and in substance—is *this Court's* familiarity with

California law. That crucial advantage will be lost, and not much gained in return, if the requested transfer is granted.[7]

### D. The Grant-Doe Forum Selection Clauses and the Public Policy of California Are "Significant" Factors Weighing Against Transfer.

As stated above, the Ninth Circuit has held that "the presence of a forum selection clause is a 'significant factor' in the [district] court's § 1404(a) analysis"; likewise, "the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing." *Jones*, 211 F.3d at 499. Both of these "significant" factors weigh against the requested transfer.

*First*, although it is not "dispositive," a forum-selection clause "will be a significant factor that figures centrally in the district court's calculus." *Stewart Organization*, 487 U.S. at 29. Two forum-selection clauses are applicable here. The attorney-client engagement agreement between Grant and the Does generally lays "venue" in "Sacramento County, California." Grant Decl. ¶ 3, at 1; *id.*, Exh. 1, ¶ 15, at 4. The settlement agreement between those parties specifically provides for "venue" in *this Court*. Grant Decl. ¶ 4, at 1. KSBE admittedly was not a party to either agreement, but there is no inherent unfairness to KSBE in the present circumstances. Venue in this judicial district is predicated on the fact that "a *substantial* part of the events or omissions giving rise to [Grant's] claim occurred" here. 28 U.S.C. § 1391(a)(2) (emphasis added).[8] Also, in concluding that KSBE is subject to specific personal jurisdiction in this judicial district, this Court will necessarily have determined that KSBE "purposefully direct[ed] [its] activities or consummate[d] some transaction with the forum or resident thereof," *and* that Grant's claim against KSBE "arises out of

---

[7] KSBE's remaining arguments are makeweight. The Does' claim for injunctive relief, *see* KSBE Mem. 8:1-12, is a comparatively tiny part of this case. Additionally, KSBE's argument that "if a court were to issue an injunction [against KSBE] along the lines the Does request, it would be best if that court were in Hawaii so that it could more easily monitor compliance with its order," *id.* at 8:7-9, would seem to have force only to the extent that KSBE were likely to violate that order. As for the notion that "Grant's choice of forum should be given little weight" because of the "lack of significant contact" between the forum and the underlying events, *id.* at 8:13-14 (section heading), that notion's factual premise is plainly incompatible with the posture of this case, as made clear in the immediately following section in the text.

[8] Regarding venue, Grant alleged that "a *substantial* part of the events or omissions giving rise to [his] claims occurred in this judicial district." Complaint ¶ 2, at 2:3-4 (doc. 1, filed Mar. 28, 2008) (emphasis added). In failing to assert a timely objection to venue pursuant to Federal Rule of Civil Procedure 12(b)(3), KSBE effectively admitted this allegation under Rule 12(h)(1)(A).

ERIC GRANT, ATTORNEY AT LAW
8001 Folsom Boulevard, Suite 100
Sacramento, California 95826
Telephone: (916) 388-0833

or relates to [its] forum-related activities." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

*Second*, the relevant public policy of the forum state is at least as significant a factor in the § 1404(a) balancing. *See Jones*, 211 F.3d at 499. The California Supreme Court has long recognized that "California ha[s] a special interest in applying its law to a California resident" who is injured within California. *Kearney*, 39 Cal. 4th at 111 (discussing *Bernhard v. Harrah's Club*, 16 Cal. 3d 313 (1976)); *see also id.* at 104 (affirming that "a state may act to protect the interests of its own residents while in their home state"). Grant is a California resident who is being victimized by KSBE's groundless harassment of him based on another person's disclosure of confidential information—a disclosure that Grant actively attempted to prevent. *See* Grant MSJ 9-10. California has an interest in applying its law—under which Grant is decidedly *not* liable to KSBE under any conceivable theory, *see id.* at 7-14—in these circumstances.

Accordingly, both the applicable forum selection clauses and the applicable public policy weigh against KSBE's requested transfer. In that light, and because KSBE's arguments in favor of transfer are insubstantial, KSBE has utterly failed to make the "strong showing of inconvenience" that is necessary to "warrant upsetting the plaintiff's choice of forum." *Decker Coal*, 805 F.2d at 843.

## CONCLUSION

For all of these reasons, KSBE's motion to transfer this case to the district court in Hawaii pursuant to 28 U.S.C. § 1404(a) should be denied.

Dated: October 17, 2008.

                                                                     Respectfully submitted,

                                                                     /s/ Eric Grant
                                                                     ERIC GRANT

                                                                     Counsel for Plaintiff and
                                                                     Counter-Defendant ERIC GRANT